Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
Markus Williams Young & Hunsicker LLC
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (303) 830-0809
bhunsicker@MarkusWilliams.com

PROPOSED ATTORNEYS FOR
DEBTOR-IN-POSSESSION

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re:<br><br>BOTW HOLDINGS, LLC<br><br>Debtor | Case No. 24-20138<br>Chapter 11 (Subchapter V) |
| In re:<br><br>HUSKEMAW OPTICS, LLC<br><br>Debtor | Case No. 24-20141<br>Chapter 11 (Subchapter V) |
| In re:<br><br>BEST OF THE WEST PRODUCTIONS, LLC<br><br>Debtor | Case No. 24-20142<br>Chapter 11 (Subchapter V)<br><br>**Jointly Administered Under<br>Case No. 24-20138** |

## *EX PARTE* APPLICATION FOR ENTRY OF AN ORDER APPROVING EMPLOYMENT OF BMC GROUP, INC.

Debtors BOTW Holdings, LLC ("BOTW"), Huskemaw Optics, LLC ("Huskemaw"), and Best of the West Productions, LLC ("Productions") (collectively, the

{Z0410901/1}   1

"Debtors"), debtors and debtors-in-possession in the above-captioned jointly administered chapter 11 cases, by and through undersigned proposed counsel, hereby move the Court for entry of an order pursuant to 11 U.S.C. §§ 327(a) and 328 (a), Fed. R. Bankr. P. 2014(a) and 6003, and Local Rule 2014-1, effective to the date of the instant Application, approving the employment of BMC Group, Inc. ("BMC") to assist the Debtors in the preparation of their schedules of assets and liabilities and statements of financial affairs (the "Application").  In support of this Application, the Debtors state as follows: [1]

## JURISDICTION AND VENUE

1.  The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The predicates for the relief requested herein include §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014(a) and 6003, and Local Rule 2014-1.[2]

## BACKGROUND

3.  On April 19, 2024, BOTW filed a voluntary petition for relief under chapter 11, subchapter V, of the Bankruptcy Code in the United States Bankruptcy Court for the District of Wyoming (the "Court").

4.  On April 21, 2024, Huskemaw filed a voluntary petition for relief under

---

[1] Unless otherwise specified, all references herein to "Section," "§," "Bankruptcy Code" and "Code" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

[2] On April 24, 2024, the Court entered its *Order Directing Joint Administration of Related Chapter 11 Cases for Procedural Purposes Only and Entry of Related Relief* [Doc. 13, Case No. 24-20138] (the "Joint Administration Order") pursuant to which the Debtors' chapter 11 cases are jointly administered for procedural purposes only under BOTW Holdings, LLC, case no. 24-20138.

chapter 11, subchapter V, of the Bankruptcy Code in this Court.

5. On April 22, 2024, Productions filed a voluntary petition for relief under chapter 11, subchapter V, of the Bankruptcy Code in this Court.

6. The Debtors are authorized to operate their business and manage their properties as debtors-in-possession under §§ 1107(a) and 1108.

7. The Debtors are Wyoming limited liability companies based in Cody, Wyoming. The Debtors are involved in the outdoor industry, having evolved from their original focus as an outdoor industry video production company to offering long-range shooting systems.

## RELIEF REQUESTED

8. By this Application, Debtors respectfully request entry of an order, effective as of the date of filing of this Application, authorizing the Debtors to employ BMC to assist the Debtors in their preparation of schedules of assets and liabilities and statements of financial affairs (the "Schedules and Statements") under the terms and conditions set forth in the Letter Agreement, a true and accurate copy of which is attached hereto as **Exhibit 1**.

## BASIS FOR RELIEF REQUESTED

9. The Debtors believe it is necessary and reasonable to seek BMC's assistance in preparation of the Schedules and Statements due to the level of sophistication of the Debtors' capital structures and their financial affairs, the diversion of resources necessary to attend to numerous issues in connection with the commencement of the cases, and the accelerated pace of the Debtors' time-sensitive bankruptcy efforts.

10. The Debtors' management and employees, even with the assistance of

Debtors' proposed counsel, are unable to prepare the Schedules and Statements in a timely and cost-effective manner. Without BMC's assistance, the drain on estate resources would be detrimental to the estates and creditors.

11. BMC agrees to assist the Debtors with preparation of Schedules and Statements under the terms and conditions of the Letter Agreement. Pursuant thereto, BMC will perform such services for a minimum fee of $10,000, while tracking time at an hourly rate between $95-$175. The Debtors do not believe that, even with the assistance of proposed counsel, they could complete the Schedules and Statements in a timely manner at the reasonable rates proposed by BMC.

12. The Debtors propose that the fee incurred by BMC be allocated against the estates as follows: 40% by Huskemaw; 30% by BOTW; and 30% by Productions. Huskemaw's greater allocation is due to the fact that it has ongoing operations and, thus, more time will likely be committed to preparing its Schedules and Statements, *i.e.*, requiring a disproportionate share of BMC's attention in its performance of the contemplated services.

13. The Debtors believe these compensation terms are the product of good faith negotiations between the Debtors and BMC and represent market-based, fair, and reasonable terms and conditions for BMC's services with respect to the preparation of the Debtors' Schedules and Statements.

14. The Debtors submit that BMC is well qualified to assist with preparation of the Schedules and Statements and has significant experience performing such services in other chapter 11 cases. Further, the professionals and employees of BMC are experienced

in preparing complex schedules of assets and liabilities and statements of financial affairs in a cost-effective manner.

15. As set forth in the Verified Statement of Tinamarie Feil (the "Verified Statement"), attached hereto as **Exhibit 2**, BMC is a "disinterested person," within the meaning of § 101(14). BMC does not hold any interest adverse to the Debtors' estates or any other party in interest except as set forth in the Verified Statement. Further, BMC has conducted an examination using internal conflict checking procedures of all the creditors of the Debtors and other parties in interest to determine whether BMC represented them in connection with the Debtors or in other matters. Except as set forth in the Verified Statement, to the best of BMC's knowledge, BMC has not represented entities that are creditors or parties in interest (or affiliates of creditors and parties in interest) of the Debtors. BMC will promptly disclose any material developments regarding the Debtors or any other pertinent relationship that comes to BMC's attention by way of a supplemental verified statement.

16. Neither Tinamarie Feil nor BMC has shared or agreed to share any compensation which may be awarded, except as such compensation will be shared or otherwise distributed among the employees and owners of their firm as permitted under § 504(b)(1).

17. The Debtors assert that the order approving retention is properly made effective as of the date of this Application.

18. The Debtors further assert that granting the relief requested herein on an *ex parte* basis is appropriate and authorized pursuant to Local Rule 2014-1.

## NOTICE

19. In accordance with Local Rule 2014-1, a copy of this Application, the Verified Statement attached hereto, and proposed order will be served electronically via the Court's CM/ECF system upon the Office of the United States Trustee and Joli. A. Lofstedt, Subchapter V trustee. The Debtors submit that, considering the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

**WHEREFORE,** the Debtors respectfully request the Court enter an order, substantially in the form of proposed order attached hereto, on an ex parte basis authorizing the employment of BMC pursuant to §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014(a) and 6003, and Local Rule 2014-1, effective as of the date of the filing of this Application and granting such other and further relief as the Court deems just and proper.

Dated: April 26, 2024

Respectfully submitted,

MARKUS WILLIAMS YOUNG & HUNSICKER LLC

By: */s/ Bradley T. Hunsicker*
Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
bhunsicker@MarkusWilliams.com

*Proposed Counsel for the Debtors and Debtors-In-Possession*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 26, 2024, I caused a true and correct copy of the foregoing ***EX PARTE* APPLICATION FOR ENTRY OF AN ORDER APPROVING EMPLOYMENT OF BMC GROUP, INC.** to be served, electronically, upon the parties indicated below via the Court's CM/ECF system:

| | |
|---|---|
| Daniel J. Morse<br>Assistant U.S. Trustee<br>308 West 21st Street, Room 203<br>Cheyenne, Wyoming 82001<br>daniel.j.morse@usdoj.gov | Joli A. Lofstedt<br>PO Box 270561<br>Louisville, CO 80027<br>joli@jaltrustee.com |

                                        By: */s/ Bradley T. Hunsicker*
                                            Bradley T. Hunsicker