Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
Lacey S. Bryan (Wyoming Bar No. 8-7016)
Markus Williams Young & Hunsicker LLC
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (303) 830-0809
bhunsicker@MarkusWilliams.com
lbryan@MarkusWilliams.com

PROPOSED ATTORNEYS FOR
DEBTOR-IN-POSSESSION

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re:<br><br>BOTW HOLDINGS, LLC<br><br>    Debtor | Case No. 24-20138<br>Chapter 11 (Subchapter V) |
| In re:<br><br>HUSKEMAW OPTICS, LLC<br><br>    Debtor | Case No. 24-20141<br>Chapter 11 (Subchapter V) |
| In re:<br><br>BEST OF THE WEST<br>  PRODUCTIONS, LLC<br><br>    Debtor | Case No. 24-20142<br>Chapter 11 (Subchapter V)<br><br>**Jointly Administered Under**<br>**Case No. 24-20138** |

**MOTION FOR ENTRY OF ORDER EXCUSING COMPLIANCE WITH 11 U.S.C. § 345(b) AND AUTHORIZING ESTABLISHMENT OF CERTAIN BANK ACCOUNTS FOR THE DEBTORS IN POSSESSION**

1

Debtors BOTW Holdings, LLC ("Holdings"), Huskemaw Optics, LLC ("Huskemaw"), and Best of the West Productions, LLC ("Productions") (collectively the "Debtors"), debtors and debtors-in-possession in the above-captioned jointly administered chapter 11 cases, by and through their undersigned proposed counsel, hereby move, under 11 U.S.C. §§ 105(a) and 345(b), for entry of an order, substantially in the form of proposed order filed herewith, authorizing and approving the Debtors to establish certain bank accounts. In support of this motion, the Debtors state as follows:[1]

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Wyoming has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein includes herein are §§ 105(a), and 345(b).

## BACKGROUND

3. On April 19, 2024, Holdings separately filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code

---

[1] Unless otherwise specified, all references herein to "Section," "§," "Bankruptcy Code" and "Code" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

2

4. On April 21, 2024, Huskemaw separately filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code

5. On April 22, 2024, Productions separately filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[2]

6. The Debtors are authorized to operate their business and manage their properties as debtors-in-possession under §§ 1107(a) and 1108. No creditors' committee is appointed in the chapter 11 cases by the Office of the United States Trustee, nor has any trustee or examiner been requested or appointed.

7. The Debtors are Wyoming limited liability companies based in Cody, Wyoming. The Debtors are involved in the outdoor industry, having evolved from their original focus on outdoor industry video production company to offering long-range shooting systems.

8. A description of the Debtors' business, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set more fully described in the *Declaration of Chase Myers in Support of Employee Wage Motion and Utilities Motion* (the "Declaration"), which the Debtors hereby adopt and incorporate as if fully set forth herein.

9. Prior to the Petition Date, the Debtors, along with certain non-debtor

---

[2] On April 24, 2024, the Court entered the *Order Directing Joint Administration of Related Chapter 11 Cases for Procedural Purposes Only and Entry of Related Relief* [Doc. 13] pursuant to Fed. R. Bankr. P. 1015(b) and Local Bankruptcy Rule 1015-1, approving the joint administration of the Debtors' chapter 11 cases for procedural purposes only, under the Holdings case, In re BOTW Holdings, LLC, case no. 24-20138.

affiliates, maintained separate bank accounts at First Bank of Wyoming. Under the Debtors' previously existing cash management system, and due to the nature of the Debtors' business enterprise, funds were routinely transferred amongst Debtor and non-debtor accounts to account for, among other things, the payment of payroll by Debtor Holdings for all operating subsidiaries.

10. First Bank of Wyoming is not on the United States Trustee's List of Authorized Depositories for Bankruptcy Cases Filed in the District of Wyoming.

11. Debtor's counsel has consulted with the United States Trustee in connection with this issue, who has indicated that, upon the filing of a proper motion and court approval, for the administration of this case the United States Trustee would not object to the establishment of new regular checking account(s) for the Debtors in Possession with First Bank of Wyoming.

12. Accordingly, the Debtors present the instant Motion to the Court and has been authorized to represent that the United States Trustee has no objection.

**RELIEF REQUESTED**

13. By this motion, the Debtors request entry of an Order excusing the Debtors from compliance with § 345(b) and authorizing the Debtors to establish three new checking accounts (one for each Debtor), along with one additional account for purposes of addressing the Debtor's utility deposit obligation, with First Bank of Wyoming (the "Accounts").

14. Section 345(b) provides that

> **(b)** Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States, the trustee shall require from an entity with which such money is deposited or invested—
> **(1)** a bond—
> **(A)** in favor of the United States;
> **(B)** secured by the undertaking of a corporate surety approved by the United States trustee for the district in which the case is pending; and
> **(C)** conditioned on—
> **(i)** a proper accounting for all money so deposited or invested and for any return on such money;
> **(ii)** prompt repayment of such money and return; and
> **(iii)** faithful performance of duties as a depository; or
> **(2)** the deposit of securities of the kind specified in section 9303 of title 31; unless the court for cause orders otherwise.

15. Insofar as First Bank of Wyoming is not on the United States Trustee's List of Authorized Depositories for Bankruptcy Cases Filed in the District of Wyoming, the Debtors' use of the Accounts with the First Bank of Wyoming is not in compliance with § 345. However, First Bank of Wyoming is a division of Glacier Bank, which is insured by the FDIC up to $250,000 for each account. These cases have been filed under subchapter V as small business cases. It is Debtors' expectation and belief that funds held in the proposed Accounts will not exceed $250,000 at any time, and Debtors will provide the United States Trustee with monthly statements from the new proposed Accounts. Additionally, the Debtors will comply with all other United States Trustee requirements, such as printing "Debtor-in-Possession" upon the checks for the new Accounts. Last, the Debtors will advise the United States Trustee if Debtors believe any Account will contain

more than $250,000.

16. In light of the Debtors' business relationship and dealings with its non-debtor affiliates, the Debtors' ability to continue something similar to its existing cash management system is imperative to their on-going operations. The ability to easily and efficiently transfer funds between Debtor and non-debtor accounts for purposes such as payroll will assist the Debtors in their ongoing efforts at reorganization through these cases.[3]

17. Debtors therefore request that they be excused from the requirements of 11 U.S.C. §345(b) and the requirements of the operating Guidelines with respect to the Accounts.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request the Court enter the attached proposed order excusing the Debtors' compliance from the requirements of § 345(b) as described herein, authorizing the Debtors to establish the Accounts with First Bank of Wyoming, and granting such other and further relief as the Court finds necessary or appropriate under the circumstances.

| | |
|---|---|
| Dated: May 13, 2024 | MARKUS WILLIAMS YOUNG & HUNSICKER LLC |
| | By: */s/ Bradley T. Hunsicker*<br>Bradley T. Hunsicker<br>Lacey S. Bryan<br>2120 Carey Avenue, Suite 101 |

---

[3] The Debtors note that First Bank of Wyoming has advised that the Debtor in Possession accounts will not have ACH payment abilities and, accordingly, the Debtors may adjust their existing payroll payment method such that all funds for payroll will flow to and from non-debtor affiliate Best of the West Arms, LLC.

Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (303) 830-0809
Email: bhunsicker@markuswilliams.com
Email: lbryan@markuswilliams.com

*Proposed Counsel for the Debtors-In-Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2024, I caused a true and correct copy of the foregoing **MOTION FOR EXTENSION OF DEADLINE TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS** to be served, electronically, upon the parties indicated below via the Court's CM/ECF system:

Daniel J. Morse
Assistant U.S. Trustee
308 West 21st Street, Room 203
Cheyenne, Wyoming 82001
daniel.j.morse@usdoj.gov

Joli A. Lofstedt
PO Box 270561
Louisville, CO 80027
joli@jaltrustee.com

Jennifer M. Godonis
Crowley Fleck PLLP
PO Box 394
Cheyenne, WY 82003
jgodonis@crowleyfleek.com

Timothy L. Woznick
Crowley Fleck PLLP
PO Box 394
Cheyenne, WY 82003
twoznick@crowleyfleck.com

*/s/ Bradley T. Hunsicker*
Bradley T. Hunsicker