Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
Lacey Bryan (Wyoming Bar No. 8-7016)
Markus Williams Young & Hunsicker LLC
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (303) 830-0809
bhunsicker@MarkusWilliams.com
lbryan@MarkusWilliams.com

ATTORNEYS FOR DEBTORS-IN-POSSESSION

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re:<br><br>BOTW HOLDINGS, LLC<br><br>Debtor | Case No. 24-20138<br>Chapter 11 (Subchapter V) |
| In re:<br><br>HUSKEMAW OPTICS, LLC<br><br>Debtor | Case No. 24-20141<br>Chapter 11 (Subchapter V) |
| In re:<br><br>BEST OF THE WEST PRODUCTIONS, LLC<br><br>Debtor | Case No. 24-20142<br>Chapter 11 (Subchapter V)<br><br>**Jointly Administered Under Case No. 24-20138** |

# MOTION TO ESTABLISH INTERIM COMPENSATION PROCEDURES AND BILLING METHODOLOGY

BOTW Holdings, LLC ("Holdings"), Huskemaw Optics, LLC ("Huskemaw"), and Best of the West Productions, LLC ("Productions") (collectively the "Debtors"), debtors and debtors-in-possession in the above-captioned jointly administered chapter 11 cases, by and through their undersigned counsel, Markus Williams Young & Hunsicker LLC ("MWYH"), and pursuant to 11 U.S.C. §§ 105, 327, 328, 330, and 331 and Federal Rule of Bankruptcy Procedure 2016, hereby submit their *Motion to Establish Interim Compensation Procedures and Billing Methodology* (the "Motion"), and states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Wyoming has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein includes 11 U.S.C. §§ 105, 327, 328, 330, and 331 and Fed. R. Bankr. P. 2016.

## BACKGROUND

3. On April 19, 2024, Holdings separately filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code

4. On April 21, 2024, Huskemaw separately filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code

5. On April 22, 2024, Productions separately filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[1]

6. The Debtors are authorized to operate their business and manage their properties as debtors-in-possession under §§ 1107(a) and 1108.

7. On each of the respective Petition Dates, MWYH filed its *Application for Order Approving Employment of Markus Williams Young & Hunsicker LLC as Counsel for Debtor-In-Possession* Nunc Pro Tunc *to the Petition Date and Approving Security Retainer*. [*See, e.g.*, Doc. 5 in Holdings case.]

8. On May 14, 2024, the Court entered its *Order Approving Application for Order Approving Employment of Markus Williams Young & Hunsicker LLC as Counsel for Debtor-In-Possession* Nunc Pro Tunc *to the Petition Date and Approving Security Retainer* for all Debtors. [*See, e.g.*, Doc. 51 in Holdings case.]

## RELIEF REQUESTED

9. The Debtors wish to establish the following procedure which would permit MWYH to request interim allowance and payment of its respective fees and expenses on a monthly basis and track billing entries pursuant to an approved billing methodology:

   a. Within 14 days of the end of each calendar month, MWYH may submit monthly billing statements describing the services provided and the fees and expenses incurred during the previous calendar month (each, a "Monthly Billing

---

[1] On April 24, 2024, the Court entered the *Order Directing Joint Administration of Related Chapter 11 Cases for Procedural Purposes Only and Entry of Related Relief* [Doc. 13] pursuant to Fed. R. Bankr. P. 1015(b) and Local Bankruptcy Rule 1015-1, approving the joint administration of the Debtors' chapter 11 cases for procedural purposes only, under the Holdings case, In re BOTW Holdings, LLC, case no. 24-20138.

Statement") to: (i) Debtors; and, (ii) those parties indicated in this Court's *Order Granting Ex Parte Motion to Limit Notice* [Doc. 21] (collectively, with Debtors, the "Notice Parties");

b. Each Monthly Billing Statement must contain a list of the individuals and their respective titles (e.g., attorney, paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the expenses incurred (no professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under Bankruptcy Code § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

c. MWYH will track and allocate its services provided and fees expended pursuant to which applicable Debtor benefited from such services provided and/or fees and costs expended. To the extent a single Debtor benefits from services provided and/or fees and costs expended by MWYH, such Debtor will be solely responsible for the payment of such fees and costs. To the extent services provided and/or fees and costs expended benefit more than one Debtor, or the Debtors collectively ("Collective Benefit Fees"), the Debtors shall share responsibility for the payment of such Collective Benefit Fees, to be allocated as follows based on the (approximate) respective retainer amounts previously

paid: Holdings: 55%, Optics: 35%, and Productions: 10%. For the avoidance of doubt, this billing methodology will only apply to MWYH and no other professional retained or paid by the estate absent separate order of the Court.

d. Each Notice Party receiving a Monthly Billing Statement shall have 14 days from delivery of the Monthly Billing Statement within which to review the Monthly Billing Statement and advise MWYH, together with the Notice Parties, of any objections to amounts over and above the 20% holdback (the "Holdback") that it believes also should be reserved (the "Informal Notice"). If no Informal Notices are submitted, then upon expiration of the 14-day objection period, the applicable Debtor(s) shall be authorized to pay MWYH 80% of the requested fees and 100% of the requested expense reimbursements as set forth in the applicable Monthly Billing Statement;

e. MWYH and the party submitting an Informal Notice shall endeavor to resolve the Informal Notice issues promptly and consensually. Any amounts that are not subject to any Informal Notice shall be paid by the respective Debtor(s). The failure of any entity to provide Informal Notice shall not preclude any formal objection to the Court's allowance of interim or final professional compensation;

f. MWYH may satisfy the 80% of any uncontested requested fees and 100% of any uncontested requested expenses to any approved retainer it has received and if such retainer has been depleted, then the respective Debtor(s) shall pay directly to MWYH (without further order of this Court) the uncontested fees and uncontested expenses described above;

g. The foregoing procedures notwithstanding, MWYH shall file interim applications for approval of fees and expenses in accordance with Bankruptcy Code sections 330 and 331, any applicable rules, and the United States Trustee guidelines, at least every 180 days, and not more than every 120 days, from the date of the Court's order approving MWYH's employment. Interim fee applications shall describe any Informal Notice received and efforts made to resolve the objections. In the event that MWYH fails to file timely interim applications, Debtors shall cease making monthly payments to MWYH otherwise contemplated by the procedures set forth in this Motion;

h. Any and all interim fees and expenses approved by the Court shall remain subject to disgorgement under any order of the Court allowing or disallowing MWYH's final fee application;

i. Should the Court disallow any fees or expenses of MWYH, MWYH shall refund promptly any fees and/or expenses within 14 days from the entry of the Court's order disallowing the fees and/or expenses;

j. All Monthly Billing Statements and interim and final fee applications shall comply with the United States Trustee's guidelines for the form of timekeeping and expense documentation and applicable local rules, and shall be subject to the Court's orders under Bankruptcy Code §§ 330 and 331.

## AUTHORITY

10. 11 U.S.C. § 331 permits a professional person employed under 11 U.S.C. § 327 to apply to the Court no more than once every 120 days after an order for relief in a

case under Title 11, or more often if the Court permits, for compensation for services rendered before the date of such application or reimbursement for expenses incurred before such date as is provided under 11 U.S.C. § 330.

11. Debtors believe that such procedures are necessary in light of the complexity of their affairs and the expected extent of work in these cases. Paying its counsel on a regular monthly basis will simplify Debtors' budgeting process, and in addition, Debtors believe that the ability to regulate its expenses and cash flow and to make monthly payments is critical to making prudent business and financial decisions. Paying MWYH monthly will allow Debtors to better monitor its expenses and cash flow, avoid the accrual of unpaid professional fees and costs, and allow creditors to more closely monitor the case's progression. Further, it would be an unnecessary burden in these jointly administered cases for MWYH to be compensated only after a formal interim fee application filed every 120 days.

12. Additionally, the proposed allocation of Collective Benefit Fees will likewise promote efficiency and cost savings in this case, insofar as Debtors' counsel can track services provided which collectively benefit the Debtors in a single time entry rather than three duplicative time entries split across the Debtors. Similarly, the Court and parties in interest can more easily evaluate any fee applications without being required to review and separately analyze such duplicative entries. In sum, the procedures set forth in this Motion are necessary and in the best interests of Debtors and their estates.

13. Similar relief has been granted by this Court and other courts in the Tenth Circuit. *See In re US Realm Powder River, LLC*, Order Granting Motion to Establish

Interim Compensation Procedures [Doc. 88] (Bankr. D. Wyo. January 7, 2020); *In re Powell Valley Health Care, Inc.*, Order on Debtor's Motion to Establish Interim Compensation Procedures [Doc. 211] (Bankr. D. Wyo. July 11, 2016); *In re U.S. Bentonite Processing, Inc.*, Order Granting in Part and Denying in Part, the Motion for Approval of Monthly Fee Applications [Doc. 205] (Bankr. D. Wyo. June 17, 2013); *see also In re Haimark Line, Ltd.*, Order Granting Motion to Approve Retainer Paid to Brownstein Hyatt Farber Schreck, LLP as Counsel for Debtor in Possession and Establish Interim Compensation Procedures [Doc. 281] (Bankr. D. Colo. June 13, 2016).

## CONCLUSION

WHEREFORE, Debtors ask the Court to enter an order substantially in the form attached hereto approving the interim compensation procedures set forth herein.

Dated:   Cheyenne, Wyoming
July 1, 2024

       MARKUS WILLIAMS YOUNG AND
       HUNSICKER LLC

       By:  /s/ *Bradley T. Hunsicker*
       Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
       Lacey Bryan (Wyoming Bar No. 8-7016)
       Markus Williams Young & Hunsicker LLC
       2120 Carey Avenue, Suite 101
       Cheyenne, WY 82001
       Telephone: (307) 778-8178
       Facsimile: (303) 830-0809
       bhunsicker@MarkusWilliams.com
       lbryan@MarkusWilliams.com

       *Counsel for the Debtors and Debtors-in-Possession*

# CERTIFICATE OF SERVICE

The undersigned certifies that July 1, 2024, a copy of the foregoing was served electronically via the Court's CM/ECF system upon the following parties:

Jen Godonis on behalf of Creditor First Bank of Wyoming
jgodonis@crowleyfleck.com, twillingham@crowleyfleck.com

Joli A Lofstedt
joli@jaltrustee.com, ecf.alert+LofstedtWYB@titlexi.com,brenda@jaltrustee.com

Daniel J. Morse on behalf of U.S. Trustee US Trustee
daniel.j.morse@usdoj.gov

Randy L. Royal on behalf of Creditor Dale Caldwell
rlroyal@randylroyalpc.com,
wy03@ecfcbis.com;charlene@randylroyalpc.com;msanderton@randylroyalpc.com;receptionist@randylroyalpc.com;royalrr83485@notify.bestcase.com

Randy L. Royal on behalf of Creditor Jack Peterson
rlroyal@randylroyalpc.com,
wy03@ecfcbis.com;charlene@randylroyalpc.com;msanderton@randylroyalpc.com;receptionist@randylroyalpc.com;royalrr83485@notify.bestcase.com

US Trustee
USTPRegion19.cy.ecf@usdoj.gov

Timothy L. Woznick on behalf of Creditor First Bank of Wyoming
twoznick@crowleyfleck.com, twillingham@crowleyfleck.com

/s/ *Bradley T. Hunsicker*
Bradley T. Hunsicker