Clark Stith
505 Broadway
Rock Springs, WY 82901
clarkstith@wyolawyers.com
Phone: (307) 382-5565
Fax: (307) 382-5552
W.S.B. 6-3176
Attorney for Creditor John A. McCall, Jr.

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: <br><br> BOTW Holdings, LLC <br><br> Debtor. | Case No. 24- 20138 <br> Chapter 11 |
| In re: <br><br> HUSKEMAW OPTICS, LLC | Case No. 24- 20141 <br> Chapter 11 |
| In re: <br><br> BEST OF THE WEST PRODUCTIONS, LLC | Case No. 24- 20142 <br> Chapter 11 |

**CREDITOR JOHN A. MCCALL, JR.'S MOTION TO EXTEND DEADLINE FOR FILING PROOFS OF CLAIM AND NOTICE OF TIME TO OBJECT**

Pursuant to Fed. R. Bankr. P. 3003 (c)(3) and Fed. R. Bankr. P. 9006((b)(1), Creditor John A. McCall, Jr. ("Creditor"), by and through his attorney Clark Stith, hereby moves the Court to extend the deadline for filing a proof of claim by three (3) days in

Case No. 24-20138 and by one (1) day in Case No. 24-20141.  The grounds for this Motion are as follows:

Debtor BOTW Holdings, Inc. filed its petition for relief in Case No. 24-20138 on April 19, 2024.  Debtor Huskemaw Optics, LLC filed its petition for relief in Case No. 24-20141 on Sunday, April 19, 2024.   Debtor Best of the West Productions, LLC filed its petition for relief in Case No. 24-20142 on Monday, April 22, 2024.

On April 23, 2024, the court entered a notice of meeting of creditors in the consolidated cases stating that a proof of claims deadline was "not yet set."  Dkt No. 12.  On April 25, 2024, the Court entered an Order, Notice of deadline and Setting of Status Conference Under §188(c), which stated that the bar date for proofs of claim is sixty days from the order for relief.  Dkt No. 17, ¶9.

On May 3, 2024, Debtors filed a motion to extend time to file schedules to their petitions and statements of financial affairs ("SOFA"), which motion to extend time was granted.  Dkt. Nos. 38 and 39.  Because Debtors had not filed their schedules or SOFAs as of the original meeting date for the meeting of creditors, no substantive meeting took place on May 21, 2024.  As the US Trustee explained, "[t]he 341 meeting was held on May 21, 2024 and continued to June 18, 2023 at 10 am because the Debtors have not filed their SOFAs or Schedules."   On May 31, 2024, Debtors filed a second motion to

2

extend the time to file their schedules and SOFAs, which the court granted.  Dkt. Nos. 65 and 66.

On June 18, 2024, sixty days after BOTW Holdings LLC had filed its petition for relief, the first substantive 341 meeting of creditors was held.   Declaration of Clark Stith ("Stith Decl."), ¶2.  Counsel for Creditor questioned Debtor's representative at some length regarding discrepancies between a June 2023 balance sheet for a BOTW Holdings subsidiary, which reflected a large liability (approximately$1.44 million) payable to BOTW Holdings, with the Schedule filed by BOTW Holdings, LLC that reflected no notes payable to Debtor or other amounts owed to it by its subsidiary.  *See* Declaration of Clark Stith, ¶2.

Counsel for Creditor failed to appreciate that the 341 meeting was held on the same day as the deadline for filing proofs of claim in the BOTW Holdings, LLC case, Case No. 24-20138.  The court's PACER "Deadline, Schedule" electronic calendar did not show any date due for proofs of claim.  *See* Stith Decl., ¶__, Exh. A (screenshot of electronic calendar for Case No. 24-20138), Exh. B (calendar for Case No. 24-20141).  , Because the PACER electronic calendar did not show a deadline for filing proofs of claim, counsel for Creditor wrongly assumed that Debtors' long delay in filing their Schedules and SOFAs had led to a proofs of claim deadline not yet being set.  *See* Stith Decl., ¶__, Exhs. A, B.  The PACER electronic calendar for Case No. 24-20138 and Case

3

No. 24-20141 does not show June 18, 2024 as a deadline for any event.  *Id.*   Counsel for Creditor could have reviewed Docket Entry 17 for clarity, but was perhaps distracted by a medical imaging appointment on June 17, 2024 in connection with his ongoing radiation oncology treatment for a relatively large myeloid sarcoma.  Stith Decl., ¶4.  In any event, on June 21, 2024, counsel for Creditor filed proofs of claim in each case, which the PACER system accepted.

Counsel for Creditor was first alerted on July 8, 2024 by the subchapter V trustee and debtors' counsel that the proofs of claim deadline was 60 days from the order for relief.  Stith Decl., ¶5.  After returning from the Huntsman Cancer Institute on the evening of July 9, 2024, counsel for Creditor drafted this motion.  Stith Decl., ¶6.

Creditor's claim, in the amount of $4,598,146.00, of which $2,751,656.00 is secured, was filed 61 calendar days after the petition was filed in Case No. 24-20141 and 63 days after the order for relief in Case No. 24-20138.  Creditor's proof of claim in Case No. 24-20142 was filed 60 days after the order for relief and was thus timely.

Fed. R. Bankr. P. 3003(c)(3) provides, in pertinent part:

> (3) Time for Filing.  The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed. . .

Fed. R. Bankr. P. 3003(c)(3).

Fed. R. Bankr. P. 9006(b)(1) provides, in pertinent part:

4

> (b) Enlargement
>
> (1) In General.  Except as provide in paragraphs (2) and (3) of this subdivision when an act is required or allowed to be done at or within a specific period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . (2) on motion made after the expiration of the specific period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

"Rule 3003(c) sets out the requirements for filing proofs of claim in Chapter 11 cases. Subsection (c)(3) provides that the Court shall fix the time for filing and "for cause shown, may extend the time within which proofs of claim or interest may be filed." Rule 9006 is the general rule addressing the computing and extension of time. Subsection (b)(1) empowers a bankruptcy court to permit a late filing if the failure to comply with an earlier deadline was the result of excusable neglect. The Supreme Court in *Pioneer Investment Services* adopted a two-part test for determining when excusable neglect is present for purposes of Rule 9006(b)(1). First, the delay must be the result of neglect, such as delay "caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control." Second, the neglect must be excusable. Whether the failure is excusable requires an equitable determination, "taking

5

into account all of the relevant circumstances," including the danger of prejudice to the debtor, the length of the delay and its potential impact on the case, the reason for the delay, and whether the person seeking relief acted in good faith."
*In re Bread & Butter Concepts LLC*, Nos. 19-22400 (Chapter 11, 2020 Bankr. LEXIS 2234, at *3-4 (Bankr. D. Kan. Aug. 20, 2020).   In *In re Bread and Butter Concepts LLC*, the court granted an extension where "the length of the delay was short and did not impact the case; the delay was caused by a pro se creditor's reasonable understanding of the directions given to it; and there is no suggestion that Arrowhead was acting other than in good faith*."  Id.*

In the present case, as in *Bread and Butter Concepts*, the length of the delay is short, amounting to one (1) day in Case No. 24-20141 and three (3) days in Case No. 24-20138.  Creditor's claim was the primary impetus for Debtors filing bankruptcy, as Creditor has just obtained an amended judgment shortly before the bankruptcy filing and Debtor's bond for a stay during appeal was due.  Stith Decl., ¶3.  Creditor's counsel's failure was the result of inadvertence, mistake or carelessness.  Stith Decl., ¶6.  Debtors' delay, coupled with the PACER electronic calendar, led counsel to believe that no deadline had expired.  In addition, the complexity of Debtors' Schedules and SOFAs, the interrelationship of the subsidiaries of Debtor BOTW Holdings to the Debtors and the late meeting of creditors contributed to the delay in filing.

6

There is "cause" under Rule 3003(c)(3) and "excusable neglect" under Rule 9006(b)(1) to allow the court to grant an enlargement of time after the expiration of the deadline.  The long delay by Debtors in filing the Schedules and SOFAs, combined with the court's electronic calendar not reflecting a proof of claims deadline, led counsel for Creditor to the erroneous belief that no deadline had yet been set.  Counsel for Creditor believed he was being diligent in preparing the proofs of claim in the few days after the 341 meeting of creditors on June 18, 2024.

For the foregoing reasons, Creditor requests that it be granted an extension of time of one day in Case no.24-20142 and three days in Case No. 24-20138.

A proposed Order is attached.

## NOTICE OF TIME TO OBJECT

YOU ARE HEREBY NOTIFIED that if you desire to oppose this creditor John A. McCall, Jr.'s motion to extend deadline for filing proofs of claim and notice of time to object, you are required to file with this Court and serve on Clark Stith Attorney, attorney for the Movant, whose address is shown above, a written objection to the Motion on or before August 5, 2024, or the relief requested may be granted by the Court

DATED: July 10, 2024

                __/s/ Clark Stith_____
                Clark Stith
                505 Broadway
                Rock Springs, WY 82901
                clarkstith@wyolawyers.com
                Phone: (307) 382-5565
                Fax: (307) 382-5552
                W.S.B. 6-3176
                Attorney for Creditor John A. McCall, Jr.

CERTIFICATE OF SERVICE

I certify that, on July 10, 2024, I electronically filed the foregoing Creditor John A. McCall, Jr.'s Motion to Extend Deadline for Filing Proofs of Claim and Notice of Time to Object with the United States Bankruptcy Court for the District of Wyoming by using the NextGen system and by United States mail, postage prepaid on all parties on the creditor mailing matrix attached as Exhibit A hereto.

/s/Clark D. Stith
Clark D. Stith

9