Clark Stith
505 Broadway
Rock Springs, WY 82901
clarkstith@wyolawyers.com
Phone: (307) 382-5565
Fax: (307) 382-5552
W.S.B. 6-3176
Attorney for Plaintiff John A. McCall, Jr.

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re:<br><br>    BOTW Holdings, LLC<br><br>        Debtor. | Case No. 24- 20138<br>Chapter 11 |
| In re:<br><br>    HUSKEMAW OPTICS, LLC | Case No. 24- 20141<br>Chapter 11 |
| In re:<br><br>    BEST OF THE WEST<br>PRODUCTIONS, LLC | Case No. 24- 20142<br>Chapter 11 |
| JOHN A. MCCALL, JR., Plaintiff<br><br>v.<br><br>BEST OF THE WEST<br>PRODUCTIONS, LLC, Defendant. | Adversary No. 24- _____ |

**PLAINTIFF JOHN A. MCCALL, JR.'S COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE UNDER 11 U.S.C. §1141(d)**

Plaintiff John A. McCall, Jr. ("Plaintiff" or "Creditor"), by and through his attorney Clark Stith, hereby submits his adversary complaint as against Defendant Best of the West Productions, LLC ("Productions" or "Defendant") and alleges with knowledge as to himself and upon information and belief as to all other matters, as follows:

**JURISDICTION AND VENUE**

1. On April 22, 2024 (the "**Petition Date**"), Plaintiff filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Code**"). Plaintiff's bankruptcy case, *In re Best of the West Productions, LLC* (the "**Case**"), has been assigned case no.24-bk-20142 and is pending in the United States Bankruptcy Court for District of Wyoming (the "**Court**").

2. Jurisdiction in this court is appropriate under 28 U.S.C. §§157(a) and 1334. All of the claims for relief alleged in this Complaint arise under the Code, arise in the Case, and/or are related to the Case.

3. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J),(L), and/or (O). Plaintiff consents to entry of final orders and judgment by the Court.

2

4.    Venue for this adversary proceeding properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that this adversary proceeding arises under the Code, arises in the Case, and is related to the Case.

PARTIES

5.    Plaintiff John A. McCall, Jr. is an individual judgment creditor, who, at all relevant times herein, is and was a resident of Texas.

6.    Defendant Best Of The West Productions, LLC ("Productions"), a Wyoming limited liability company, is, and at all relevant times, was a limited liability company organized under the laws of the State of Wyoming with a principal place of business in Wyoming.

**GENERAL ALLEGATIONS**

7.    On December 13, 2023, the district court for the Fifth judicial district for the State of Wyoming entered a judgment in favor of Creditor in the amount of $3,933,146, of which all but $75,000 was entered jointly against all bankruptcy debtors including defendant Productions. Of the original judgment amount, $1,784,640.00 was awarded to Creditor on the basis of Creditor's claim for conversion of Creditor's equity interest in Best of the West Productions, LLC and Huskemaw Optics, LLC. On March 20, 2024, the state district court reduced the award based on conversion to $293,017.57, resulting in a total judgment of $2,441,523.57.

3

8. Prior to the Petition Date, Plaintiff filed a notice of appeal to appeal the reduction in the award for conversion. On July 3, 2023, Plaintiff moved for relief form stay to, *inter alia*, pursue its appeal to restore the original judgment amount based on conversion top $1,784,600. Dkt. Entry 93.

9. On information and belief, before the Petition Date Debtor Productions transferred all or substantially all of its assets, worth more than $2 million, for less than fair value ($0), to Best of the West Arms, LLC, Best of the West Ammo LLC or other entities. These transfers by Productions were part of a scheme to defraud Creditor John A. McCall, Jr. and were done with the intent to hinder, delay or defraud Creditor, who had sued Productions in state court and prior to the creation of Best of the West Arms, LLC, Best of the West Ammo LLC on September 28, 2020.

10. After Creditor obtained an original judgment in the amount of $3,933,146, Productions continued to engage in a pattern of conduct designed to hinder, delay and defraud Creditor. Specifically, Productions delayed the imposition of a bond requirement to stay execution of Creditor's state court judgment pending appeal by falsely representing to the court that it had millions of dollars worth of inventory and could easily satisfy any final judgment. The statement was false or materially misleading.

11. Productions knew its representations to the district court regarding its assets were false or materially misleading. For example, Productions' attorney, immediately

after a video conference with the district court concluded, not realizing that his microphone was still live, said to his assistant, in substance "Well they [his clients, including Productions] haven't gotten me disbarred – yet."  Within days of this video hearing with the district court, Productions (and its affiliates BOTW Holdings, LLC and Huskemaw Optics, LLC) filed for chapter 11 bankruptcy.

12. In its proposed subchapter V chapter 11 plan filed July 18, 2024, Productions seeks to liquidate all or substantially all of its assets.  Specifically, Section 6.3 of the Plan provides:

> 6.3 **<u>Liquidation of Assets</u>**.
>
> After the Effective Date, any remaining assets of the Estate shall be liquidated by the Reorganized Debtor by the sale, collection or other disposition of such assets including the return or surrender of property securing an allowed secured claim to the holder thereof.

*See* Dkt Entry 99, at 14.

13. Productions also seeks a substantive discharge of its debts.  Section 8.3 of the proposed plan provides as follows:

> Except as provided for in this Plan, the Confirmation Order shall be a judicial determination of satisfaction of all claims against Productions with regard to all debts that arose before the Effective Date and any liability on a claim that is

5

determined under Section 502 of the Bankruptcy Code as if such claim had arisen before the Effective Date, whether or not a proof of claim based on any such date or liability is filed under Section 501 of the Bankruptcy Code and whether or not a claim based on such debt or liability is allowed under Section 502 of the Bankruptcy Code.

*See* Dkt. Entry 99, at 18, §8.3.

14. Productions will not engage in business after the confirmation the plan. The proposed plan appoints Chase Meyers as a "Winndown Manager". *See* Dkt. Entry 99, at 14, §6.1. The powers of the Winndown Manager include the power to sell estate assets but not to continue engaging in business. *Id*., at 15., §6.5.

15. Productions is not an individual.

16. 11 U.S.C. §1141 provides, in pertinent part:

    (a) Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor . . . and any creditor . . .

    . . .

    (d) (3) The confirmation of a plan does not discharge a debtor if –

    (A) The plan provides for the liquidation of all or substantially all of the assets of the property of the estate;

6

  (B) The debtor does not engage in business after consummation of the plan;

  and

  (C) the debtor would be denied a discharge under section 727(a) of this title

  if the case were a case under chapter 7 of this title.

11 U.S.C. §1141(a),(d)(3).

  17. If this were a case under Chapter 7 of the Bankruptcy Code, production, a debtor who is not an individual, would not be entitled to a discharge under 11 U.S.C. §727(a)(1). 11 U.S.C. §727 provides, in pertinent part:

  (a) The court shall grant debtor a discharge, unless

   (1) The debtor is not an individual;

  18. On information and belief, if this case were a case under chapter 7 of the Bankruptcy Code, debtor would not be entitled to a discharge under 11 U.S.C. §727(a)(2), §727(a)(3), §727(a)(4), §727 (a)(5) and/or §727(a)(7).

  19. All three of the elements for an exception to discharge under 11 U.S.C. §1141(d)(3) are satisfied with respect to Productions.

  Wherefore, Plaintiff requests that the Court enter judgment in favor of Plaintiff denying Defendant Best of the West Productions, LLC a discharge pursuant to 11 U.S.C. §1141(d), for attorney's fees and costs and such other relief as the court may deem just and proper.

DATED: July 22, 2024.

    __/s/ Clark Stith_____
    Clark Stith
    505 Broadway
    Rock Springs, WY 82901
    clarkstith@wyolawyers.com
    Phone: (307) 382-5565
    Fax: (307) 382-5552
    W.S.B. 6-3176
    Attorney for Plaintiff John A. McCall, Jr.