Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
Lacey Bryan (Wyoming Bar No. 8-7016)
Markus Williams Young & Hunsicker LLC
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (303) 830-0809
bhunsicker@MarkusWilliams.com
lbryan@MarkusWilliams.com

ATTORNEYS FOR DEBTORS-IN-POSSESSION

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re:<br><br>BOTW HOLDINGS, LLC<br><br>Debtor | Case No. 24-20138<br>Chapter 11 (Subchapter V) |
| In re:<br><br>HUSKEMAW OPTICS, LLC<br><br>Debtor | Case No. 24-20141<br>Chapter 11 (Subchapter V) |
| In re:<br><br>BEST OF THE WEST PRODUCTIONS, LLC<br><br>Debtor | Case No. 24-20142<br>Chapter 11 (Subchapter V)<br><br>**Jointly Administered Under Case No. 24-20138** |

**DEBTORS' LIMITED OBJECTION TO CREDITOR JOHN MCCALL, JR.'S MOTION FOR RELIEF FROM STAY**

BOTW Holdings, LLC ("Holdings"), Huskemaw Optics, LLC ("Huskemaw"), and

Best of the West Productions, LLC ("Productions") (collectively the "Debtors"), debtors

and debtors-in-possession in the above-captioned jointly administered chapter 11 cases, by and through their undersigned counsel, respectfully submit this *Limited Objection to Creditor John McCall, Jr.'s Motion for Relief from Stay* (the "Limited Objection"), and hereby state as follows:[1]

## RELEVANT BACKGROUND

1. On April 19, 2024, Holdings separately filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On April 21, 2024, Huskemaw separately filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. On April 22, 2024, Productions separately filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors are authorized to operate their business and manage their properties as debtors-in-possession under §§ 1107(a) and 1108.

5. Prior to the Petition Date, on February 8, 2018, John McCall Jr. ("McCall"), a prior member of Productions, commenced a lawsuit against Huskemaw and Productions seeking company dissolution, declaratory judgment and injunctive relief in the District Court of the Fifth Judicial District, State of Wyoming, County of Park (the "State Court"), Civil Action No. 29026 (the "McCall Litigation"). Upon information and belief, Holdings eventually became a named defendant in the McCall Litigation.

---

[1] Unless otherwise specified, all references herein to "Section," "§," "Bankruptcy Code" and "Code" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

2

6. On March 19, 2024, and after years of protracted litigation, the State Court entered its Amended Judgment in favor of McCall and against the Debtors for $2,441,523.57.[2]

7. Both McCall and the Debtors filed notices of appeal of the Amended Judgment prior to the Petition Date.

8. The McCall Litigation was stayed pursuant to § 362 upon the filing of the Debtors' cases.

9. On April 24, 2024, the Court entered its *Order Directing Joint Administration of Related Chapter 11 Cases for Procedural Purposes Only and Entry of Related Relief* [Doc. 13, Case No. 24-20138] pursuant to which the Debtors' chapter 11 cases are jointly administered for procedural purposes only under BOTW Holdings, LLC, case no. 24-20138.

10. On April 25, 2024, the Court entered its *Order, Notice of Deadlines and Date Set for § 1188(a) Status Conference* [Doc. 17, Case No. 24-20138 (the "Deadlines Order")] which provides that "Except for governmental units which are governed by 11 U.S.C. § 502(b)(9), the bar date for the filing of claims in a subchapter V case under Chapter 11 is sixty (60) days from the order for relief."

11. The Deadlines Order was only entered in Holdings' case.

12. McCall filed proofs of claim in each of the Debtors' cases on June 21, 2024, asserting a total claim in the amount of $4,598,146.00, of which $2,751,656.00 was

---

[2] The original Judgment was reduced by nearly $1.5 million after Debtors filed a motion for post judgment relief pursuant to Wyo. R. Civ. P. 59 and 60.

3

asserted as a secured claim (the "McCall Claim").

13. On July 3, 2024, McCall filed his *Creditor John A. McCall, Jr.'s Motion for Relief from Stay* [Doc. 93, Case No. 24-20138 (the "Relief from Stay Motion")], seeking relief from the automatic stay to "(1) prepare and submit an order in the [McCall Litigation] carrying out the [State Court]'s decision letter awarding attorney's fees and costs to [McCall] in the amount of $665,000; and (2) submit [McCall's] brief on appeal of an amended judgment in the [McCall Litigation] that reduced the jury's verdict in [McCall's] favor from $3,933,146 to $2,444,523.57."

14. Additionally, on July 10, 2024, McCall filed the *Creditor John A. McCall, Jr.'s Motion to Extend Deadline for Filing Proofs of Claim and Notice of Time to Object* [Doc. 98, Case No. 24-20138 (the "Motion to Extend Deadline")], requesting the Court retroactively grant an extension of the claims bar date with respect to the McCall Claim as to Holdings' and Huskemaw's cases.

15. On July 18, 2024, each of the Debtors filed their Subchapter V Plans [Doc. 99, Case No. 24-20138 (the "Productions Plan"); Doc. 100, Case No. 24-20138 (the "Huskemaw Plan"); Doc. 101, Case No. 24-20138 (the "Holdings Plan")].

**LIMITED OBJECTION**

16. At the outset, Debtors note that the State Court's "decision letter" referenced in the Relief From Stay Motion was issued by the State Court on June 12, 2024, after the filing of these cases. Insofar as the issuance of the decision letter was a continuation of the McCall Litigation which was commenced prior to the Petition Date, the same is void and without effect. *See Ellis v. Consolidated Diesel Elec. Corp.*, 894 F.2d 371 (10th Cir. 1990).

The Debtors object to any relief from the automatic stay to "carry out" the void decision letter as requested by McCall.

17. Insofar as the Deadlines Order was only entered in Holdings' case (under which all of the Debtors' cases are being jointly administered), it is Debtors' position that the bar date for filing proofs of claims for all cases was June 18, 2024, sixty (60) days from the order for relief in Holdings' case, and that the McCall Claim is untimely filed as to all Debtors.

18. Because granting the Relief from Stay Motion to liquidate an untimely filed claim would serve no purpose other than to increase administrative expenses of the estates, the Debtors assert the Relief from Stay Motion should be denied accordingly.[3]

19. Alternatively, to the extent the Court finds that the proof of claim bar date as established in the Deadlines Order is sixty days from the order for relief in each case, the McCall Claim would have only been timely filed in Productions' case.

20. The Productions Plan is a self-liquidating plan under which Productions proposes to surrender to McCall all property to which his lien attaches in full satisfaction of McCall's asserted secured claim,[4] and no payments to unsecured claims are anticipated.

21. Given the proposed treatment of the McCall Claim in the Productions Plan, as well as the fact that the McCall Claim was still untimely filed as to Holdings and Huskemaw, there is likewise no purpose to be served by granting the Relief from Stay

---

[3] The Debtors intend to oppose the Motion to Extend Deadline. To the extent the Court grants McCall's Motion to Extend Deadline, the Debtors reserve any and all objections to the Relief from Stay Motion.

[4] Alternatively, the Productions Plan provides that McCall may elect to receive a one-time lump sum payment in the amount of $10,000 in full satisfaction of his secured claim.

Motion to liquidate the McCall Claim, and as such the same should be denied.

22. Accordingly, the Debtors respectfully request the Court deny the Relief from Stay Motion or, alternatively, continue any hearing on the Relief from Stay Motion until there is a final, non-appealable determination of the pending Motion to Extend Deadline, insofar as the Debtors believe the denial of the Motion to Extend Deadline and the treatment of the McCall Claim in the Productions Plan as described herein would eliminate much, if not all, of the bases for the relief requested by McCall.

WHEREFORE, the Debtors respectfully object to the Relief from Stay Motion on a limited basis as set forth herein, and request that the Court deny the same or, alternatively, continue any hearing on the Relief from Stay Motion to a later date.

Dated:   Cheyenne, Wyoming
         July 22, 2024

>MARKUS WILLIAMS YOUNG AND HUNSICKER LLC
>
>By: /s/ *Bradley T. Hunsicker*
>Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
>Lacey Bryan (Wyoming Bar No. 8-7016)
>Markus Williams Young & Hunsicker LLC
>2120 Carey Avenue, Suite 101
>Cheyenne, WY 82001
>Telephone: (307) 778-8178
>Facsimile: (303) 830-0809
>bhunsicker@MarkusWilliams.com
>lbryan@MarkusWilliams.com
>
>*Counsel for the Debtors and Debtors-in-Possession*

6

## CERTIFICATE OF SERVICE

The undersigned certifies that July 22, 2024, a copy of the foregoing was served electronically via the Court's CM/ECF system upon the following parties:

Jen Godonis on behalf of Creditor First Bank of Wyoming
jgodonis@crowleyfleck.com, twillingham@crowleyfleck.com

Joli A Lofstedt
joli@jaltrustee.com, ecf.alert+LofstedtWYB@titlexi.com,brenda@jaltrustee.com

Daniel J. Morse on behalf of U.S. Trustee US Trustee
daniel.j.morse@usdoj.gov

Randy L. Royal on behalf of Creditor Dale Caldwell
rlroyal@randylroyalpc.com,
wy03@ecfcbis.com;charlene@randylroyalpc.com;msanderton@randylroyalpc.com;receptionist@randylroyalpc.com;royalrr83485@notify.bestcase.com

Randy L. Royal on behalf of Creditor Jack Peterson
rlroyal@randylroyalpc.com,
wy03@ecfcbis.com;charlene@randylroyalpc.com;msanderton@randylroyalpc.com;receptionist@randylroyalpc.com;royalrr83485@notify.bestcase.com

US Trustee
USTPRegion19.cy.ecf@usdoj.gov

Timothy L. Woznick on behalf of Creditor First Bank of Wyoming
twoznick@crowleyfleck.com, twillingham@crowleyfleck.com

Clark D. Stith on behalf of 3rd Party Plaintiff John A. McCall, Jr.
clarkstith@wyolawyers.com, valerieross@wyolawyers.com;r39368@notify.bestcase.com

                                                  /s/ *Bradley T. Hunsicker*
                                                  Bradley T. Hunsicker