Clark Stith
505 Broadway
Rock Springs, WY 82901
clarkstith@wyolawyers.com
Phone: (307) 382-5565
Fax: (307) 382-5552
W.S.B. 6-3176
Attorney for Creditor John A. McCall, Jr.

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re:<br><br>　　BOTW Holdings, LLC<br><br>　　　　Debtor. | Case No. 24-20138<br>Chapter 11 |
| In re:<br><br>　　HUSKEMAW OPTICS, LLC | Case No. 24-20141<br>Chapter 11 |
| In re:<br><br>　　BEST OF THE WEST<br>PRODUCTIONS, LLC | Case No. 24-20142<br>Chapter 11 |

**CREDITOR JOHN A. MCCALL, JR.'S REPLY TO DEBTOR'S OBJECTION TO CREDITOR JOHN A. MCALL, JR.'S MOTION TO EXTEND DEADLINE FOR FILING PROOFS OF CLAIM**

Creditor John A. McCall, Jr. ("Creditor") hereby submits his Reply to Debtor's Objection To Creditor John A. Mcall, Jr.'s Motion To Extend Deadline For Filing Proofs Of Claim, as follows:

I. **<u>Creditor's Proof Of Claim In Best Of The West Productions, LLC Was Timely Filed</u>**.

Contrary to the assertion by Debtors, Creditor's proof of claim filed on June 21, 2024 in Best of the West Productions, LLC, Case No. 24-20142, was timely filed. Best of the West Productions, LLC ("Productions") filed its petition on April 22, 2024. The order for joint administration provides that "all proofs of claim must be filed in the specific case to which they apply." *See* Order Directing Joint Administration Of Related Chapter 11 Cases For Procedural Purposes Only, Dkt. No. 13, at 2. Creditor filed his proof of claim for Productions in the Productions case (Case No. 24-20142) within 60 days of the order for relief for Productions, thus by the date that is "sixty days from the order for relief." *See* Order, Notice Of Deadlines And Date Set For § 1188(A) Status Conference ("Deadlines Order"), Dkt. No. 19, ¶9.

Debtors' reading of the Deadlines Order, that there is just one bar date for all three cases, based upon the reference in the Deadlines Order to a "bar date" in the singular, would actually imply that Creditor's proofs of claims in all three cases were *timely* filed because, if there is but one bar date, then logically the sixty days would run from the last

2

filed case, not the first filed case. If it were otherwise, debtors would have a perverse incentive to file multiple cases slowly, string out the last filed case and then move for joint administration in order to shorten artificially the time for proofs of claim in the last filed case. For example, if debtors had filed the Productions case on June 12, 2024 (the date that debtors finally filed their schedules and statements of financial affairs) and if the same deadlines and joint administration orders had been entered, then under debtors' interpretation of the Deadlines Order creditors would have had just six (6) days to file a proof of claim in Productions, an absurd result. Creditor's motion (the "Motion") for extension of deadline to file proofs of claim may therefore have been unnecessary, as the "bar date" for all three cases was June 21, 2024, and Creditor filed his proofs of claim in all three cases by that date.

In the event, however, that the court adopts Debtors' view that there is one bar date for all three cases and that it runs from the first filed case, then Creditor hereby moves the court for an extension of time with respect to his proofs of claim for all three Debtors, not just Huskemaw and BOTW Holdings, LLC.

## II.     **The Elements For Excusable Neglect Are Satisfied.**

By three separate court orders, Debtor BOTW Holdings, LLC received a total of 54 days of time extension, from April 19 to June 12, 2024 to file its schedules and statement of financial affairs. *See* Dkt. No. 8 (Deficiency Notice, granting debtor 17

3

additional days); Dkt. No. 38 (granting debtor 14 days from entry of an order employing BMC Group); Dkt No. 66 (granting BOTW until June 12, 2024 to file schedules and statement of financial affairs).  Debtor Huskemaw Optics, LLC received a 52 day time extension, from April 21, 2024 to June 12, 2024 to file its schedules and statement of financial affairs and Best of the West Productions, LLC received a total of 51 days of time extension.  *Id.*  Debtors' delay in filing their schedules and statements of financial affairs prevented debtor's 341 meeting from occurring until June 18, 2024, 60 days after BOTW's filing of its petition.  Having received time extensions aggregating 157 days amongst them, Debtors now argue that it would be inequitable to grant creditor a time extension of three days in the BOTW case and one day in the Huskemaw case.  No other creditors have objected to Creditor's motion for extension of time.

"[B]y empowering the courts to accept late filings 'where the failure to act was the result of excusable neglect,' Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S. Ct. 1489, 1495 (1993).  Just as in *Pioneer*, where there was ambiguity in the notice of proof of claims filing deadline, so too here the court's Deadlines Order, by referring a bar date that runs from the date of the order for relief, could reasonably be

4

construed to mean the date of order for relief from the last filed case rather than the first filed case. As the last filed case was filed on April 22, 2024, all of the proofs of claim were filed within 60 days of that date. That is a plausible construction of the Deadlines Order and, if it is a mistaken interpretation, nonetheless one that should be considered excusable. "The 'excusable neglect' standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases but not in Chapter 7 cases. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389, 113 S. Ct. 1489, 1495 (1993)

> As the court explained in *Pioneer*:
>
> Whereas the aim of a Chapter 7 liquidation is the prompt closure and distribution of the debtor's estate, Chapter 11 provides for reorganization with the aim of rehabilitating the debtor and avoiding forfeitures by creditors. See *United States* v. *Whiting Pools, Inc.*, 462 U.S. 198, 203, 76 L. Ed. 2d 515, 103 S. Ct. 2309 (1983). In overseeing this latter process, the bankruptcy courts are necessarily entrusted with broad equitable powers to balance the interests of the affected parties, guided by the overriding goal of ensuring the success of the reorganization.
> See *NLRB* v. *Bildisco & Bildisco*, 465 U.S. 513, 527-528, 79 L. Ed. 2d 482, 104 S. Ct. 1188 (1984). This context suggests that Rule 9006's allowance for late filings due to "excusable neglect" entails a correspondingly equitable inquiry.
>
> . . .

5

Th[e] policy is . . . to preserve rather than to forfeit rights."
*Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 390, 113 S. Ct. 1489, 1495 (1993).

The relevant factors are: (1) the danger of prejudice to opposing parties; (2) length of delay in judicial proceedings and its impact; (3) the reason for the delay, including whether it was in the control of the late-filer; and (4) whether the late-filer acted in good faith. *In re Hobbs*, Nos. WO-23-017, 22-10330, 22-01049, 2024 Bankr. LEXIS 713, at *8 (B.A.P. 10th Cir. Mar. 21, 2024).

No other creditors have objected to Creditor's motion, and there is no prejudice to the debtors. The proposed payouts under Debtors' plans of reorganization do not depend on whether John A. McCall, Jr. has an allowed proof of claim or not. *See* Dkt. No. 99 (Productions' Plan), Dkt. No. 100 (Huskemaw Plan); Dkt. No. 101 (BOTW Holdings plan.

The length of delay weighs in favor of granting the time extension, as the one day extension for Huskemaw and the three day extension for Holdings is dwarfed by the 54 and 52 day extensions, respectively, those debtors received from the court.

The basic circumstances of the delay is explained in Creditor's Motion. The ambiguity in the Deadlines Order as to whether the bar date runs from the first or last

filed case provides further support for the reasonableness of not filing until June 21, 2024.

Finally, Creditor's counsel was preoccupied on June 18, 2024 with preparing for and examining Debtor's representative at the long delayed 341 meeting of creditors. With these cases off to such a slow start, it did not occur to counsel that the 341 meeting date and the claims bar date could be the same day.

For the foregoing reasons, Creditor requests that that Court grant Creditor's Motion and rule that that the proofs of claim are allowed for filing in all three cases.

DATED: August 12, 2024

__/s/ Clark Stith_____
Clark Stith
505 Broadway
Rock Springs, WY 82901
clarkstith@wyolawyers.com
Phone: (307) 382-5565
Fax: (307) 382-5552
W.S.B. 6-3176
Attorney for Creditor John A. McCall, Jr.

CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)

I certify that, on August 12, 2024, I electronically filed the foregoing Reply to Debtors' Objection to Creditor John A. McCall, Jr's Motion To Extend Deadline For Filing Proofs of Claim with the United States Bankruptcy Court for the District of Wyoming by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system:

Bradley T. Hunsicker
Markus Williams Young & Hunsicker, LLC
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001

Joli A. Loftstedt
PO BOX 270561
Louisville, CO 80027

Daniel J. Morse
308 West 21st Street,
Room 203
Cheyenne, WY, 82001-3669

/s/Clark D. Stith
Clark D. Stith