Clark Stith
505 Broadway
Rock Springs, WY 82901
clarkstith@wyolawyers.com
Phone: (307) 382-5565
Fax: (307) 382-5552
W.S.B. 6-3176
Attorney for Creditor John A. McCall, Jr.

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re:<br><br>BOTW Holdings, LLC<br><br>Debtor. | Case No. 24-20138<br>Chapter 11 (Subchapter V) |
| In re:<br><br>Huskemaw Optics, LLC,<br><br>Debtor. | Case No. 24-20141<br>Chapter 11 (Subchapter V) |
| In re:<br><br>Best of the West Productions, LLC,<br><br>Debtor. | Chase No. 24-20142<br>Chapter 11 (Subchapter V)<br><br>**Jointly Administered Under Case No. 24-20138** |

**CREDITOR JOHN A. MCCALL, JR.'S RESPONSE TO DEBTORS' MOTION FOR RECONSIDERATION OF ORDERS AUTHORIZING EXAMINATIONS UNDER FED. R. BANKR. P. 2004 AND MEMORANDUM IN SUPPORT**

Creditor John A. McCall, Jr. ("Creditor" or "Dr. McCall") files his Response (the "Response") to Debtors' Motion for Reconsideration of Orders Authorizing

Examinations under Fed. R. Bankr. P. 2004 (the "Motion for Reconsideration") and shows the Court as follows:

## I.
## SUMMARY OF ARGUMENT

Dr. McCall reasonably believes that Debtors BOTW Holdings, LLC ("Holdings"), Best of the West Productions, LLC ("Productions"), and/or Huskemaw, LLC ("Huskemaw") (collectively, the "Debtors") transferred a significant amount of their assets to their subsidiaries and/or affiliates, Best of the West Arms, LLC ("Arms"), and Best of the West Ammo, LLC ("Ammo") during prior litigation without adequate, or possibly no, consideration to avoid having to pay Dr. McCall and other creditors amounts rightfully due to them.

Dr. Clark is entitled to the information requested in the 2004 Examinations of Productions, Ammo, and Arms (collectively, the "Examinations") to substantiate his reasonable beliefs about these transfers to support filing a fraudulent transfer complaint against Arms and Ammo that the Debtors refuse to bring. *Dk. 99, 100, & 101*. This information will not be a subject of discovery in the proceeding on the Dr. McCall's *Complaint Objecting to Debtor's Discharge under 11 U.S.C. § 1141(d)* (the "Complaint"). The "pending proceeding rule" is therefore inapplicable.

Moreover, on August 9, 2024, Dr. McCall issued subpoenas to each of Productions, Arms, Ammo and Huskemaw in compliance with Fed. R. Bankr. P. 9016. Declaration of Clark Stith ("Stith Decl."), ¶2, Exh. A. The subpoenas were served on each of those entities on August 14, 2024. *See* Stith Decl., ¶3, Exh. B (copy of proofs of service). On August 21, 2024, Debtor Best of the West

Productions, LLC ("Productions") filed a Motion to Dismiss in the adversary action upon which its "pending proceeding rule" argument is based. Dkt., No. 4, Case 24-02005. Under debtors' view, Creditor should not be able to conduct discovery in the pending proceeding or under Rule 2004.

As explained in more detail below, the Court should deny the Motion for Reconsideration.

## II.
## FACTUAL AND PROCEDURAL BACKGROUND

### A. The State Court Lawsuit.

After more than five and a half years of litigation, a jury awarded Dr. McCall **$3,555,201** in damages, interest, and penalties against the Debtors in the case styled *John A. McCall, Jr. v. Best of the West Productions, LLC, et al.*, Civil Action No. 29026ithe District Court of the Fifth Judicial District, State of Wyoming, County of Park (the "State Court Lawsuit").

After further proceedings, the court in the State Court Lawsuit (the "Trial Court") entered an Amended Judgment reducing the amount awarded to Dr. McCall and against each of the Debtors to **$2,441,523.57**. *Cl. 7-1, Pt. 3* (the "Amended Judgment"), and thereafter awarded Dr. McCall an additional **$650,000** in attorneys' fees and **$15,000** in court costs against the Debtors. *Cl. 7-1, Pt. 6, p. 16*.

### B. Productions' and Huskemaw's Principals Create Holdings to Remove Assets from Dr. McCall's Reach.

Holdings was created on July 15, 2020, during the pendency of the State Court Lawsuit, when it became apparent that Dr. McCall might prevail in the

State Court Lawsuit. *Dk. 106-1, p. 10;*(Wyoming Secretary of State filing information for Holdings). Holdings was created to "protect" Production's and Huskemaw's assets from the reach of their creditors, particularly Dr. McCall. *See* Dkt 106-1, Exh D (Debtors' state court interrogatory responses admitting that "… the corporate structure [was changed] to … [among other things] … provide increased liability protection ….").

### C. Arms and Ammo are Created to Further the Scheme to Remove Assets from Dr. McCall's Reach of Creditors.

Arms and Ammo were then formed on or about September 28, 2020, Arms and Ammo were also formed during the State Court Lawsuit as subsidiaries of Holdings. *Dk. 106-1, pp. 5-6*. Dr. McCall reasonably believes that their formation was part of the Debtors' plans to remove assets from his reach. *See, Dk. 106-1, p. 10.*

### D. Productions Appears to Have Moved Its Assets to Arms and Ammo.

Prior to the State Court Lawsuit, Dr. McCall was a member of both Productions and Huskemaw and, for a time, had certain management responsibilities. He otherwise had personal knowledge of, at least generally, Productions's and Husekmaw's operations and its inventory. Prior to the State Court Lawsuit and the formation of Holdings, Arms, and Ammo, Productions had significant operations and inventory. Before the State Court Lawsuit was filed, he was cut off from information about Productions's and Huskemaw's operations.

In or about July 2023, Dr. McCall learned that Productions had a negative net value. See *Exh. 1, at Exh. A*.[1] The "Assets" listed for Productions included primarily "intangible assets" (a television show) and it is apparent from this information that Productions then had little to no inventory, receivables, cash, or other tangible assets.

The information provided about Arms stated that it went from $0 in assets when it was formed in late September 2020 to having more than five million dollars in "Assets" in less than three years. Ammo similarly went from $0 in assets in September 2020 to more than $700,000 in "Assets" during the same time.

Combined with the stated purpose of forming Holdings, Arms, and Ammo during the pendency of the State Court Lawsuit to "provide increased liability protection," it is reasonable to assume that the depletion of Productions' substantial assets and Arms' and Ammo's rather quick accumulation of more than $6,000,000 in assets came about, at least in part, from a transfer of assets from Production to Arms and Ammo. It is also reasonable to assume from Productions's new lack of assets that it did not receive adequate consideration from such transfers.

---

[1] Out of an abundance of caution, Creditor is submitting Exhibit 1 as part of a separate motion to allow the filing of Exhibit 1 under seal. The exhibits A-E to Exhibit 1 are the July 23, 2023 balance sheets of debtors and their subsidiaries and a summary thereof). These documents are marked "Confidential" and would ordinarily be subject to a protective order entered in the State Court Litigation. Creditor believes that the protective order is no longer enforceable as Debtors have waived their rights to any confidentiality as to the financial condition of the companies by the filing of their respective Subchapter V chapter 11 petitions., but as a precaution requests to file the documents under seal.

### E. Dr. McCall Requests that Productions Pursue Fraudulent Transfer Claims Against Arms and Ammo.

On July 16, 2024, counsel for Dr. McCall asked counsel for Productions "to take appropriate action to pursue fraudulent transfer claims as against [Holdings, Arms, Ammo,] and any other entities to which Productions transferred assets without receiving fair value." Stith Decl., Exh. C. Counsel for Productions responded on July 26, 2024, providing only excuses for not pursuing such actions. *Id*.

### F. Dr. McCall Seeks Examinations.

While Dr. McCall has a reasonable basis for his beliefs that fraudulent transfers have occurred, Fed. R. Civ. P. 11(b) requires "inquiry reasonable under the circumstances." The Examinations seek to fulfill that responsibility.

Accordingly, on July 30, 2024, Dr. McCall filed Motions for the 2004 Examinations of Productions, Ammo, and Arms to produce documents (the "2004 Motions). *Dks. 105, 106, & 107*.

Each of the 2004 Motions details the reasons for the requested information. *Id*.

The 2004 Motion relating to Arms details some of the facts related above regarding the Debtors' scheme to remove assets from Dr. McCall's reach when they knew they owed him a significant debt. *Dk. 106, pp. 2-3*. That motion also points out that the Plans "submitted by [Holdings] and by Productions do not value the inventory of Arms for purposes of determining the best interest of creditors in its plan of reorganization" and that Dr. McCall accordingly "seeks documents

concerning the transfers that occurred on or after September 28, 2020, as well as the existing state of Arms' inventory." *Id., at p. 3*. The 2004 Motions relating to Ammo details the same facts and reasons for the 2004 Examination of Ammo. *Dk. 107, pp. 2-3*. Each is a valid basis for a 2004 Examination of Arms and Ammo.

The 2004 Motions relating to Productions also details the facts regarding the Debtors, Arms, and Ammo's actions to transfer assets away from Productions in the middle of the State Court Lawsuit for what appears to be little or no consideration, therefore stating a legitimate basis for the 2004 Examination of Production.

### G. The Motion for Reconsideration Continues the Debtors, Arms's and Ammo's Scheme to Hide Information and Delay Accountability.

The Debtors filed the Motion for Reconsideration on August 12, 2024, asking the Court to vacate the Orders granting the Examinations of Productions, Arms, and Ammo. *Dk. 136*. The Motion for Reconsideration states only two bases for the requested relief:

    a.    That Dr. McCall is purportedly seeking information to support the allegations asserted in his Complaint Objection to Debtor's Discharge under 11 U.S.C. § 1141(d), in purported violation of the "pending litigation rule," *Dk. 136, pp. 7-9.*; and

    b.    That Fed. R. Bank. P. 2004(c) requires issuing and serving a subpoena as provided in Fed. R. Bank. P. 9016, which applies F.R. Civ. P. 45 to cases under the Bankruptcy Code.

Neither of these bases are factually, must less legally, valid.'

### III.
### ARGUMENTS AND AUTHORITIES

**A.     The Scopes of the 2004 Motions are for Proper Purposes.**

Fed. R. Bank. P. 2004(c)c) provides, in relevant part:

> The examination of an entity under this rule … may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In … a reorganization case under chapter 11 of the Code … the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

"The primary purpose of an examination under Rule 2004 is to ascertain the extent and location of the estate's assets." *In re Roman Cath. Church of Diocese of Gallup*, 513 B.R. 761, 764 (Bankr. D.N.M. 2014); citing *In re Hammond*, 140 B.R. 197, 201 (S.D.Ohio 1992).

"The reason for the [pending proceeding] rule is to avoid Rule 2004 usurping the narrower rules for discovery in a pending adversary proceeding." *In re International Firecom*, 280 B.R. 390, 392 (Bankr, D. Ariz. 2002). "Consequently when the Rule 2004 examination relates not to the pending adversary litigation, but to another matter, the "pending proceeding" rule does not apply." *Id.*

While "[t]he primary concern of courts [for considering the pending proceeding rule] is the use of Rule 2004 examinations to circumvent the safeguards and protections of the Federal Rules of Civil Procedure [citation omitted] … aggressive application of the 'pending proceeding' rule may prevent legitimate Rule 2004 examinations on matters wholly unrelated to the pending proceeding, thereby

Document    Page 9 of 11

interfering with the trustee's fiduciary duty to maximize estate assets." *Gallup*, 513 B.R. at 765, quoting *In re Wash. Mut., Inc.*, 408 B.R. 45, 53 (Bankr. D. Del.2009).

In the present case, the sought after discovery does not relate to any issue in the adversary proceeding initiated by the Complaint. The scope of Creditor's adversary proceeding Complaint is very narrow. The original and amended Plan for Productions proposes a "self-liquidating plan.". The sole issue presented in the pending adversary proceeding is whether Productions can discharge its debts under 11 U.S.C. §1141(a),(d)(3) given that its original and/or amended Subchapter V Chapter 11 Plan(s) propose(s) to liquidate all or substantially all of its assets by a "Winddown Manager ". *See e.g.*, Dkt. Entry 99, at 14-15, §6.3,6.5. Accordingly, discovery, ***if any,*** for the issue presented by the Complaint would not present any credible basis for the Creditor to engage (therein) into fraudulent transfer focused discovery sought by the 2004 Motions and/or Examinations.

### B.   **Subpoenas Complying with Fed. R. Bankr. P. 9016 Have Been Served**.

Subpoenas complying with Fed. R. Bankr. P. 9016 were issued and served on each of Holdings, Arms, and Ammo on August 12, 2024, with response dates of August 26, 2024. Stith Decl., Exh. A.

WHEREFORE, Dr. McCall,requests that the Court deny the Motion for Consideration, compel each of Productions, Arms, Ammo and Huskemaw to produce the documents and information requested in the respective subpoenas by August 26, 2024, or such other reasonable time sufficient to allow Dr. McCall time to

investigate the facts of the fraudulent transfers and ensure that one or more adversary proceedings are filed against any person or entity involved in such transfers before the statute of limitations expires (possibly as soon as September 28, 2024), and grant him such other and further relief to which he may be entitled.

Respectfully submitted this 21st day of August, 2024.

JOHN A. MCCALL JR.,

By: __/s/ Clark Stith_____
Clark Stith
505 Broadway
Rock Springs, WY 82901
clarkstith@wyolawyers.com
Phone: (307) 382-5565
Fax: (307) 382-5552
W.S.B. 6-3176
Attorney for Creditor John A. McCall, Jr.

# CERTIFICATE OF SERVICE

I certify that, on August 21, 2024, I electronically filed the foregoing **CREDITOR JOHN A. MCCALL, JR.'S MOTION FOR 2004 EXAMINATION OF HUSKEMAW OPTICS, LLC** with the United States Bankruptcy Court for the District of Wyoming by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system:

Bradley T. Hunsicker
Markus Williams Young & Hunsicker, LLC
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001


Joli A. Loftstedt
PO BOX 270561
Louisville, CO 80027


Daniel J. Morse
308 West 21st Street,
Room 203
Cheyenne, WY, 82001-3669


    /s/Clark D. Stith

    Clark D. Stith