US BANKRUPTCY COURT
DISTRICT OF WYOMING
AUG 23 2024 AM10:17
TIM J. ELLIS, CLERK

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re:<br><br>    BOTW Holdings, LLC<br><br>    Debtor. | ) <br> ) <br> ) <br> ) Case No. 24-20138 <br> ) Chapter 11 <br> ) |
| In re:<br><br>    HUSKEMAW OPTICS, LLC | ) Case No. 24-20141 <br> ) Chapter 11 |
| In re:<br><br>    BEST OF THE WEST<br>    PRODUCTIONS, LLC | ) Case No. 24-20142 <br> ) Chapter 11 |

## MOTION TO FILE EXHIBIT UNDER SEAL

Pursuant to Fed. R. Bankr. P. 9037(c), Creditor John A. McCall, Jr. ("Creditor") hereby moves the Court to allow the filing under seal of Exhibit No. 1 to Creditor's Response to Debtors' Motion for Reconsideration of Orders Authorizing Examinations Under Fed. R. Bankr. P. Rule 2004 ("Creditor's Response"), Dkt. No. 140. The grounds for this Motion are as follows:

On June 17, 2022, the district court for the fifth judicial district of Wyoming entered a protective order allowing a party (including Creditor and debtors) to produce documents and mark them as "confidential", thus constituting "confidential information"

for purposes of the state court action. *See* Exhibit A, Protective Order dated June 17, 2022 in *McCall v. Best of the West Productions, LLC et al.*, Case No. 29026 (5th Dist. Wyo. 2022). The Protective Order provides, in pertinent part:

> 2. Unless ordered by the Court, or otherwise provided herein, the Confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above captioned action, including but not limited to use of the Confidential Information at trial.

Exh. A, Protective Order, at 2.

Exhibit 1 to Creditor's Response is a pleading in the state court case that has as exhibits A-E documents marked as "Confidential" by debtors. They include the balance sheets as of July 23, 2023 for debtors Best of the West Holdings, LLC ("Holdings"), Best of the West Productions, LLC, Huskemaw Optics, LLC and Holdings' subsidiaries Best of the West Ammo, LLC and Best of the West Arms, LLC. The information contained in the balance sheets are relevant to Creditor's Response and contain information that is materially different than the information disclosed in debtor's schedules and statements of financial affairs filed in this case.

Creditor does not believe that debtors or their subsidiaries can assert any right to maintain these documents as confidential, because by filing their respective petitions under Subchapter V of chapter 11 to the Bankruptcy Code, they have waived any

2

confidentiality with respect to their and their subsidiaries' financial affairs. Creditor is also ready, willing and able to move the state district court to vacate the protective order, but is prevented from doing so unless and until this court grants Creditor's pending motion for relief from stay filed July 3, 2024. Dkt. 93. Nonetheless, out of an abundance of caution, Creditor request that he be allowed to file Exhibit 1 and its associated exhibits under seal.

A proposed order is attached.

Dated: August 22, 2024.

/s/ Clark Stith
Clark Stith
505 Broadway
Rock Springs, WY 82901
clarkstith@wyolawyers.com
Phone: (307) 382-5565
Fax: (307) 382-5552
W.S.B. 6-3176
Attorney for Creditor John A. McCall, Jr.

3

CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)

I certify that, on August 22, 2024, I served the foregoing Motion to File Exhibit Under Seal by placing the same in the United States mail, postage prepaid and addressed to:

Bradley T. Hunsicker, Attorney for debtors
Markus Williams Young & Hunsicker, LLC
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001

Joli A. Loftstedt
PO BOX 270561
Louisville, CO 80027

Daniel J. Morse
308 West 21st Street,
Room 203
Cheyenne, WY, 82001-3669

/s/Clark D. Stith
Clark D. Stith

4

**IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT**
**STATE OF WYOMING, COUNTY OF PARK**

| | |
|---|---|
| JOHN A. McCALL JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 29026 |
| v. ) | |
| ) | |
| BEST OF THE WEST PRODUCTIONS, ) | |
| LLC, a Wyoming Limited Liability ) | |
| Company; HUSKEMAW OPTICS, LLC, a ) | |
| Wyoming Limited Liability Company; and ) | |
| JACK PETERSON, Individually and as ) | |
| Manager of Best of The West Productions, ) | |
| LLC and Huskemaw Optics, LLC; ) | |
| ) | |
| Defendants. ) | |

PATRA[...] [...]THAL
Clerk of District Court

FILED JUN 17 2022

by [signature]
Deputy

**PROTECTIVE ORDER**

**IT IS HEREBY ORDERED** by the Court that the following restriction and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each in response to discovery requests:

1.     Counsel for Best of the West Productions, LLC, a Wyoming Limited Liability Company and Huskemaw Optics, LLC, a Wyoming Limited Liability Company (hereinafter referred to as "Defendant Companies") may designate any document, information contained in a document, or information revealed in an interrogatory response that is provided to Plaintiff's counsel, pursuant to this Courts Order Granting Motion to Compel, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the Defendant Companies. Information and documents designated by Counsel for the Defendant

1



Exhibit A to
Motion To File
Under Seal

Companies as confidential shall be stamped "CONFIDENTIAL." Confidential information or documents may be referred to collectively as "Confidential Information."

2. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action, including but not limited to use of Confidential Information at trial.

3. Plaintiff's counsel may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

4. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

      a. Plaintiff's counsel;
      b. Employees of such counsel assigned to and necessary to assist in the litigation;

2

  c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by Plaintiff's counsel;

  d. The Court (including the Special Master, any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions; and

  e. Auditors, regulators, accountants, reinsurance and retrocessionnaires of any party to this Agreement.

5. Each Party and all persons bound by the terms of this Agreement shall use Confidential documents or Confidential Information only for the purpose of prosecution or defense of this Litigation.

6. Prior to disclosing or displaying the Confidential Information to any person, counsel shall inform the person of the confidential nature of the information or documents and inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person, as provided in this Protective Order.

7. The Confidential Information may be displayed to and discussed with the persons identified in Paragraph 4(c) only on the condition that prior to any such display or discussion, each such personal shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

8. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal

until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

9. Upon final termination of this Litigation, unless otherwise agreed to in writing by an attorney of record for the Defendant Companies, each Party and its counsel and agents shall either destroy, or shall return to the producing party, all Confidential Documents, and copies which include Confidential Information and/or reflect Counsel's work product; provided, however, that such Confidential Information and Confidential Documents may be retained in the files of the entities listed in paragraph (4) above, and may be destroyed pursuant to those entities' regular file retention policies, so long as such Confidential Information and Confidential Documents are maintained in a secure environment to prevent unauthorized access or disclosure.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

DATED this ___ day of June, 2022.

_____
District Judge

APPROVED AS TO FORM:

_____
T. Thomas Singer
Hall and Evans, LLC
Billings, MT 59101
*Attorneys for Defendant Companies*

4

---

Brigita S. Krisjansons
Keegan and Krisjansons
*Attorneys for Jack Peterson*

---

Robert J. Walker (7-4715)
John M. Walker (5-2224)
Hickey & Evans
Attorneys at Law
*Attorneys for Plaintiff*

## EXHIBIT "A"

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *JOHN A. McCALL JR., Plaintiff, v. BEST OF THE WEST PRODUCTIONS LLC, a Wyoming Limited Liability Company; HUSKEMAW OPTICS, LLC, a Wyoming Limited Liability Company; and JACK PETERSON, Individually and as Manager of Best of The West Productions, LLC and Huskemaw Optics, LLC; Defendants, Fifth Judicial District, County of Park, State of Wyoming, Case No. 29026*, have been designated as confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____          _____
Name                                      Dated


Signed in the presence of:



_____
Name

6

Clark Stith
505 Broadway
Rock Springs, WY 82901
clarkstith@wyolawyers.com
Phone: (307) 382-5565
Fax: (307) 382-5552
W.S.B. 6-3176
Attorney for Creditor John A. McCall, Jr.

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re:<br><br>BOTW Holdings, LLC<br><br>Debtor. | Case No. 24- 20138<br>Chapter 11 |
| In re:<br><br>HUSKEMAW OPTICS, LLC | Case No. 24- 20141<br>Chapter 11 |
| In re:<br><br>BEST OF THE WEST PRODUCTIONS, LLC | Case No. 24- 20142<br>Chapter 11 |

### ORDER GRANTING MOTION TO FILE UNDER SEAL

This matter comes before the court on the motion (the "Motion") of creditor John A. McCall, Jr. ("Creditor") To File Under Seal Exhibit 1 to Creditor's Response to Debtors' Motion To Reconsider Orders Authorizing Rule 2004 Examinations ("Creditor's Response"). The Court, having reviewed the Motion, the pleadings on file and good cause appearing, hereby GRANTS the Motion.

IT IS THEREFORE, ORDERED, that Exhibit 1 to Creditors' Response shall be filed under seal.

United States Bankruptcy Judge