Clark Stith
505 Broadway
Rock Springs, WY 82901
clarkstith@wyolawyers.com
Phone: (307) 382-5565
Fax: (307) 382-5552
W.S.B. 6-3176
Attorney for Creditor John A. McCall, Jr.

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re:<br><br>BOTW Holdings, LLC<br><br>Debtor. | Case No. 24- 20138<br>Chapter 11 |
| In re:<br><br>HUSKEMAW OPTICS, LLC | Case No. 24- 20141<br>Chapter 11 |
| In re:<br><br>BEST OF THE WEST PRODUCTIONS, LLC | Case No. 24- 20142<br>Chapter 11 |

**CREDITOR JOHN A. MCCALL, JR.'S OBJECTION TO DEBTOR BOTW HOLDINGS LLC's APPLICATION TO EMPLOY SALZMAN LLC AS FINANCIAL ADVISOR FOR BOTW HOLDINGS, LLC AND TO APPROVE SECURITY RETAINER**

Creditor John A. McCall, Jr. ("Creditor") hereby submits its objection to Debtor

BOTW Holdings LLC's Application To Employ Salzman LLC As Financial Advisor For

BOTW Holdings, LLC And To Approve Security Retainer (the "Application"). This objection is based on the following grounds.

I. **<u>Approval To Retain Salzman, LLC Should Be Conditioned On The Cessation Of Payments To Insider Stryk Group USA</u>**.

Debtor BOTW Holdings ("Debtor" or "BOTW") proposes to use Salzman, LLC for the following services:

> a. Assist in financial projections to support feasibility of the Amended Plans;
>
> b. Assist in valuing Holdings' and its subsidiaries' businesses, including Huskemaw and Productions and non-debtor subsidiaries, in support of the Amended Plans;
>
> c. Provide forensic accounting services, if required, related to possible inter-company transfers between subsidiaries of Holdings4;
>
> d. Provide expert testimony, if necessary, related to the same; and
>
> e. Provide other financial advisory and valuation services for Holdings as necessary and appropriate for the administration of the estate and Holdings' successful reorganization.

Application, at 5, ¶15.

Debtor further proposes that Debtor pay Salzman, LLC a $50,000 retainer, which will be held as security in the event the case is converted to chapter 7. Application , at 7,

2

¶22.  As discussed below, in order for Debtor BOTW to able to afford paying Salzman, LLC, BOTW's payments to Stryk Group USA must cease.

Debtor BOTW has paid $275,000 post-petition to Stryk Group USA, which is an insider that owns 65% of debtor BOTW Holdings, LLC, for professional and consulting services.  *See* Dkt. No. 89 (BOTW April report showing $45,000 payment to Stryk Group USA for "professional fees"); Dkt. No 90 (BOTW May report showing $45,000 payment to Stryk Group USA for "professional fees"); Dkt. 102 (BOTW June report showing $45,000 payment to Stryk Group USA for "professional fees"); Dkt. No. 139 (BOTW July report showing $45,000 payment to Stryk Gorup for "professional fees") Dkt. 166 (BOTW August report showing $50,000 payment to Stryk Group for "professional fees").  It is unclear what any of these payments are for.

There has never been an application to employ Stryk Group USA as a professional, nor an order authorizing BOTW to make any payments to Stryk Group USA, nor any order authorizing debtor's pre-petition executory contract with Stryk Group USA to be assumed.  The Court previously approved debtors retaining BMC Group to prepare debtors' schedules and statement of financial affairs.  Dkt. No. 58.  Debtor BOTW now proposes to retain a separate consultant to prepare financial projections and valuation of the debtors for purposes of preparing amended plans.  The implication is that Stryk Group USA, which has already collected $275,000 in post-

3

petition payments from debtor BOTW, is incapable of creating a list of assets and liabilities and is incapable of preparing pro forma financial statements or a budget for the debtors.

11 U.S.C. §327(a) provides that "the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers or other professional persons, that do not hold or represent and interest adverse to the estate, and hat are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. §327(a).  11 U.S.C. §330(a0(1) provides that "after notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326,328 and 329, the court may award to a . . .professional person employed under Section 327 or 190013 (A) a reasonable compensation for actual, necessary services rendered by the . . . professional person. . . "   "The Code provides clear guidance as to how professionals working on behalf of the estate may be paid. This guidance is not merely suggestive: '[c]ourt approval of the employment of counsel for a debtor in possession is *sine qua non* to counsel getting paid. Failure to receive court approval for the employment of a professional in accordance with §327 and Rule 2014 precludes the payment of fees.'" *In re Kapperud*, No. 2:19-bk-60946-BPH, 2023 Bankr. LEXIS 2059, at *7 (Bankr. D. Mont. Aug. 22, 2023).

Retaining Salzman, LLC in and of itself may be reasonable, but without eliminating the payments to Stryk Group USA it will not be feasible for debtors, who have a consistent history of losing money, to both pay Salzman, LLC and continue to pay $45,000 per month to insider Stryk Group USA.. For example, BOTW Holdings' subsidiary Best of the West Arms, LLC had a loss of $585,017.77 in 2022, a loss of $421,850.55 in 2023, and a profit of $29,115.03 through April 18, 2024. *See* Exhibit A. BOTW Holdings' subsidiary Best of the West Ammo, LLC had a loss of $158,457.32 in 2022, a profit of $53,121.38 in 2023 and a loss of $5,491.34 through April 18, 2024. *See* Exhibit B.

Debtor's business model during the pendency of bankruptcy proceedings appears to be to sell off existing inventory and transfer the payments to Stryk Group USA. For example; the post-petition monthly operating reports for Huskema show substantial sales but no acquisition of goods or inventory. Huskema's primary expenses are transfer payments to BOTW, which BOTW then transfers to Stryk Group USA. *See* Case No. 24-20141, Dkt. No. 37 (Huskema April 2024 report showing sales of $9,727.77, negative cash flow of $6,706.05 and a $10,000 payment to BOTW); Case No. 24-20141, Dkt. No. 39 (Huskema May 2024 report showing sales of $165,3012.81, positive cash flow of $8,422.11 and payments to BOTW of $50,000); Case No. 24-20141, Dkt. No. 41 (Huskema June monthly report showing sales of 161,502.51, positive cash flow of

5

$17,479.50 and payments to BOTW of $107,000); Case No. 24-20141, Dkt. No. 42 (Huskema July monthly report showing sales of $229,194.73, positive cash flow of $44,088.77 and payments to BOTW totaling $105,000). The limited cash flow of the debtors, as reported on their monthly operating reports, coupled with the companies' history of losses, should give the court pause before authorizing a stream of post-petition liabilities to Salzman, LLC without reductions in the companies' expenses.

If the court approves the application of Salzman, LLC, it should be conditioned on no further payments being made by debtors to insider Stryk Group USA. In addition, the court should require debtors to seek to recoup, under 11 U.S.C. §549, the $275,000 that BOTW has paid thus far to Stryk Group USA without court authorization. Although payments made in the ordinary course of business are not recoverable, unauthorized payments to an insider for professional fees may be recovered under 11 U.S.C. §549. *Jones v. Brand (In re Belmonte)*, No. 17-CV-2494 (JMA), 2018 U.S. Dist. LEXIS 226493, at 11 (E.D.N.Y. June 7, 2018)(Section 549 "allows the Trustee to avoid a transfer of property of the estate that occurs after the commencement of the case and is not authorized by either the Bankruptcy Code or the court"); *In re Santa Fe Med. Grp., LLC*, 557 B.R. 223, 229 (Bankr. D.N.M. 2016)("Courts uniformly acknowledge that post-petition "ordinary course" payments cannot be recovered by trustees under § 549(a)(2), because the payments were authorized.") Therefore, to make the payments to

Salzman, LLC feasible and to prevent further unauthorized payments from being made, the court should order Debtor BOTW to cease making payments to Stryk Group USA and to promptly seek to recoup payments already made under 11 U.S.C. §549.

II. **The Court Should Not Authorize A $50,000 Retainer To Salzman, LLC.**

Debtor BOTW proposes to have the court grant Salzman secured status with respect to a $50,000 retainer payment, which presumably Salzman, LLC will keep until Plan confirmation, conversion or dismissal. The task for Salzman, LLC will not be particularly difficult and should not result in pending invoices for more than $10,000 at any given time. Given debtors' apparent business model of selling off existing inventory without replenishing it, its projected revenue (and valuation) will likely be a rather simple computation. Similarly, the so-called "forensic accounting services" associated with the fraudulent conveyances by debtor Best of the West Productions, LLC to Best of the Westy Arms LLC, Best of the West Ammo, LLC and Huskema Optics, LLC should be a relatively simple analysis of when the assets transfers occurred (likely November 2022 according to documents already produced by debtors and sworn testimony from the companies' former bookkeeper). If the court does approve a retainer for Salzman, LLC, it should be for no more than $10,000.

7

DATED: October 21, 2024.

        JOHN A. MCALL, JR.
        Creditor

        __/s/ Clark Stith_____
        Clark Stith
        505 Broadway
        Rock Springs, WY 82901
        clarkstith@wyolawyers.com
        Phone: (307) 382-5565
        Fax: (307) 382-5552
        W.S.B. 6-3176
        Attorney for Creditor John A. McCall, Jr.

CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)

8

I certify that, on October 21, 2024, I electronically filed the foregoing Creditor John A. McCall, Jr.'s Objection To Debtor BOTW Holdings LLC's Application To Employ Salzman LLC As Financial Advisor For BOTW Holdings, LLC And To Approve Security Retainer with the United States Bankruptcy Court for the District of Wyoming by using the CM/ECF system.  I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system:

Bradley T. Hunsicker
Markus Williams Young & Hunsicker, LLC
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001

Joli A. Loftstedt
PO BOX 270561
Louisville, CO 80027

Daniel J. Morse
308 West 21st Street,
Room 203
Cheyenne, WY, 82001-3669

        /s/Clark D. Stith
        Clark D. Stith

9