Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
Lacey Bryan (Wyoming Bar No. 8-7016)
Markus Williams Young & Hunsicker LLC
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (303) 830-0809
bhunsicker@MarkusWilliams.com
lbryan@MarkusWilliams.com

ATTORNEYS FOR DEBTORS-IN-POSSESSION

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re:<br><br>BOTW HOLDINGS, LLC<br><br>Debtor | Case No. 24-20138<br>Chapter 11 (Subchapter V) |
| In re:<br><br>HUSKEMAW OPTICS, LLC<br><br>Debtor | Case No. 24-20141<br>Chapter 11 (Subchapter V) |
| In re:<br><br>BEST OF THE WEST PRODUCTIONS, LLC<br><br>Debtor | Case No. 24-20142<br>Chapter 11 (Subchapter V)<br><br>**Jointly Administered Under Case No. 24-20138** |

## MOTION TO EXTEND DEADLINE TO FILE AMENDED SUBCHAPTER V PLANS

BOTW Holdings, LLC ("Holdings"), Huskemaw Optics, LLC ("Huskemaw"), and Best of the West Productions, LLC ("Productions") (collectively the "Debtors"), debtors and debtors-in-possession in the above-captioned jointly administered chapter 11 cases, by and through their undersigned counsel, hereby submit this *Motion to Extend Deadline to File Amended Subchapter V Plans* (the "Motion"), and in support thereof state as follows:[1]

1. On April 19, 2024, Holdings separately filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On April 21, 2024, Huskemaw separately filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. On April 22, 2024, Productions separately filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. On April 24, 2024, the Court entered its *Order Directing Joint Administration of Related Chapter 11 Cases for Procedural Purposes Only and Entry of Related Relief* [Doc. 13, Case No. 24-20138] pursuant to which the Debtors' chapter 11 cases are jointly administered for procedural purposes only under BOTW Holdings, LLC, case no. 24-20138.

5. The Debtors are authorized to operate their business and manage their properties as debtors-in-possession under §§ 1107(a) and 1108.

---

[1] Unless otherwise specified, all capitalized words and phrases shall have the meanings ascribed to them in the Application.

6. On July 18, 2024, Holdings filed its *Subchapter V Plan of Reorganization* [Case 24-20138, Doc. 101] (the "Holdings Plan"); Huskemaw filed its *Subchapter V Plan of Reorganization* [Case 24-20138, Doc. 100; Case 24-20141, Doc. 40] (the "Huskemaw Plan"); and Productions filed its *Subchapter V Self-Liquidating Plan* [Case 24-20138, Doc. 99; Case 24-20142, Doc. 40], which was subsequently amended on August 8, 2024 [Case 24-20138, Doc. 130; Case 24-20142, Doc. 43] (the "Productions Amended Plan," together with the Holdings Plan and Huskemaw Plan, the "Plans").

7. The Plans were timely filed consistent with the deadline for filing such plans pursuant to 11 U.S.C. § 1189(b) and were predicated on the untimeliness of certain proofs of claim filed in each of the Debtors' cases by John McCall, Jr. ("McCall") asserting a total claim in the amount of $4,598,146.00, of which $2,751,656.00 was asserted as a secured claim (the "McCall Claim"). Specifically, Debtors considered the McCall Claim to be irrelevant to the Plans insofar as it was not entitled to any estate distribution for its tardiness.

8. On July 22, 2024, McCall filed a *Complaint Objecting to Debtor's Discharge under 11 U.S.C. § 1141(d)* against Productions only. *See* Adv. Proc. No. 24-02005 (the "McCall Adversary Proceeding"). In the McCall Adversary Proceeding, McCall alleges that Productions "transferred all or substantially all of its assets, worth more than $2 million, for less than fair value ($0), to Best of the West Arms, LLC, Best of the West Ammo LLC or other entities" as "part of a scheme to defraud Creditor John A. McCall, Jr. and were done with the intent to hinder, delay or defraud Creditor . . . ." Complaint, at ¶ 9.

9. After the filing of the Plans, on August 30, 2024, the Court entered its Order finding, or deeming, the McCall Claim as timely filed. [*See*, Case 24-20138, Doc. 145; Case 24-20141, Doc. 43; Case 24-20142, Doc. 45].

10. On September 9, 2024, McCall filed his *Motion for Derivative Standing to Pursue Fraudulent Transfer Claims on Behalf of Best of the West Productions, LLC* [Doc. 150] (the "Derivative Standing Motion"), whereby McCall seeks derivative standing to pursue purported claims on the behalf of the Productions bankruptcy estate. The Debtors have since objected to the Derivative Standing Motion [Doc. 173], and the Court scheduled an evidentiary hearing on the same for December 10, 2024. [Doc. 186].

11. In light of the Court's ruling as to the McCall Claim, on September 13, 2024, the Debtors filed their *Debtor's Motion for Entry of an Order: (A) Authorizing the Debtors to Withdraw Plans; (B) Authorizing the Debtors to File Amended Plans; (C) Vacating the Confirmation Hearing; and (D) Granting Related Relief* [Doc. 160] (the "Motion for Leave"), whereby the Debtors principally sought Court approval to withdraw their Plans and be granted an additional sixty (60) days to submit new plans (the "Amended Plans"), which the Court approved [Doc. 161].

12. The current deadline for the Debtors to file Amended Plans is November 12, 2024 (the "Plan Deadline").

13. Since the Court granted the Motion for Leave, there have been numerous additional filings and contested matters in this case:

    a. On September 18, 2024, McCall filed a *Motion to Reconsider Paragraph 4 of the Order Granting Debtor's Motion for Entry of an Order: (A)*

      *Authorizing the Debtors to Withdraw Plans; (B) Authorizing the Debtors to File Amended Plans; (C) Vacating the Confirmation Hearing; and (D) Granting Related Relief* [Doc. 165] (the "Motion to Reconsider") [Doc. 165], arguing that the Debtors should be allowed no more than fourteen (14) days to submit the Amended Plans. Following a hearing, the Court denied the Motion to Reconsider on October 2, 2024. [Doc. 179].

b.    On September 25, 2024, the Court ordered that the McCall Adversary Proceeding be held in abeyance pending the plan confirmation process. [Adv. Pro. 24-02005, Doc. 8].

c.    On September 25, 2024, the Debtors filed their *Application to Employ Saltzman LLC as Financial Advisor for BOTW Holdings, LLC and to Approve Security Retainer* ("Application to Employ") [Doc. 170], whereby the Debtors seek Court approval for the employment and retention of Saltzman LLC ("Saltzman") as financial advisor. McCall objected to the Application to Employ, and a continued hearing is scheduled for November 13, 2024.

d.    On September 25, 2024, the Debtors filed their *Adversary Complaint* against McCall (adversary proceeding no. 24-02010) (the "Claim Objection Adversary") seeking declaratory relief against McCall regarding the extent, validity, and priority of McCall's disputed security interests in certain assets belonging to Holdings and/or Huskemaw. McCall filed his answer, as well

as counterclaims against the Debtors and third-party claims against Holdings' non-debtor subsidiaries on October 28, 2024.

14. The Amended Plans to be filed by the Debtors depend in large part on not only the resolution of the Claim Objection Adversary, but also on the financial services to be provided by Saltzman, whose employment has not yet been approved and thus whose work has not yet begun, as well as the Derivative Standing Motion.

15. The Amended Plans will need to address the McCall Claim as secured and/or unsecured and in what amounts as to which Debtors, contain reliable financial projections to support feasibility, and, of particular import for Holdings, contain valuations of Holdings' and its subsidiaries' businesses in conjunction with the required hypothetical liquidation analysis.

16. Moreover, to the extent the Court grants the Derivative Standing Motion, the Debtors will need to plan and account for the allocation of funds toward the defense of such claims, which will likely impact their projections and potentially the required payback to unsecured creditors in the plan. And to the extent McCall prevails in his efforts to assert claims on behalf of Productions (meaning Productions obtains judgment against one or more of its affiliates), it may require a completely different allocation of funds distribution than may be presented by the Debtors in Amended Plans such that it makes no practical sense to propose Amended Plans at this juncture.

17. Finally, in light of McCall's relentless efforts to prevent a successful reorganization, the Debtors' management are currently contemplating additional bankruptcy filings for the Debtors' affiliates for purposes of conducting a jointly

administered section 363 sale process. Should such a decision be made (which is expected to occur this week), it is conceivable that Amended Plans will not be necessary, or if they are, the Amended Plans will be in form substantially different than currently contemplated (for instance, plans of liquidation versus plans of reorganization).

18. For these reasons, the Debtors require and request additional time in which to file the Amended Plans. The Debtors request the Court extend the Plan Deadline by ninety (90) days, up to and including February 10, 2025.

19. Insofar as the Plans were timely filed pursuant to 11 U.S.C. § 1189(b), Debtors assert the proper standard under which the Court should consider the requested extension is Fed. R. Bankr. P. 9006, which provides that, the Bankruptcy Court "for cause shown may at any time in its discretion…with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order." Fed. R. Bankr. P. 9006(b)(1). The instant Motion is filed by the Debtors prior to the expiration of the Plan Deadline, and the Debtors assert that the above-described pending contested matters necessitate the requested extension.

20. Because the Debtors timely filed the initial Plans, Debtors assert the more stringent standard of 11 U.S.C. § 1189(b) is inapplicable. However, even if the Court was to consider this request under such standard, Debtors assert the foregoing circumstances are ones "for which the debtor[s] should not justly be held accountable" supporting an extension of the Plan Deadline. Such circumstances exist where a "threshold" plan issue is not resolved by the deadline and it is not "practical, fair, or wise to require the Debtor to

file a plan where the central issue" remains unresolved. *In re HBL SNF, LLC*, 635 B.R. 725, 729-31 (Bankr. S.D.N.Y. Feb. 1, 2022) (discussing cases addressing § 1189(b) extension requests and granting extension). It is not practical, wise or fair to require the Debtors to file Amended Plans before multiple outstanding contested issues are resolved, or are at the very lease closer to resolution.

21. Prior to filing this Motion, Debtor's counsel attempted to confer with the subchapter V trustee and counsel for the United States Trustee, and McCall. Counsel is authorized to represent that the United States Trustee does not oppose the relief requested. McCall and the subchapter V trustee did not respond prior to the filing of this Motion.

22. The Debtors expressly reserve all rights to request further extensions from the Court to the extent necessary.

WHEREFORE, Debtors request entry of an order granting the Debtors' request to extend the deadline to file the Amended Plans by ninety (90) days, and for such other and further relief as deemed proper

| Dated: November 12, 2024 | MARKUS WILLIAMS YOUNG & HUNSICKER LLC |
|---|---|
| | By: /s/ *Bradley T. Hunsicker* <br> Bradley T. Hunsicker (Wyoming Bar No. 7-4579) <br> 2120 Carey Avenue, Suite 101 <br> Cheyenne, WY 82001 <br> Telephone: (307) 778-8178 <br> Facsimile: (307) 638-1975 <br> bhunsicker@MarkusWilliams.com <br><br> *Counsel for the Debtors and Debtors-in-Possession* |

## Certificate of Service

The undersigned certifies that on November 12, 2024, a copy of the Debtors' **MOTION TO EXTEND DEADLINE TO FILE AMENDED SUBCHAPTER V PLANS** was electronically filed and served via CM/ECF on the parties listed below:

Jen Godonis on behalf of Creditor First Bank of Wyoming
jgodonis@crowleyfleck.com, twillingham@crowleyfleck.com

Joli A Lofstedt
joli@jaltrustee.com, ecf.alert+LofstedtWYB@titlexi.com,brenda@jaltrustee.com

Daniel J. Morse on behalf of U.S. Trustee US Trustee
daniel.j.morse@usdoj.gov

Randy L. Royal on behalf of Creditor Dale Caldwell
rlroyal@randyroyalpc.com,
wy03@ecfcbis.com;charlene@randyroyalpc.com;msanderton@randyroyalpc.com;receptionist@randyroyalpc.com;royalrr83485@notify.bestcase.com

Randy L. Royal on behalf of Creditor Jack Peterson
rlroyal@randyroyalpc.com,
wy03@ecfcbis.com;charlene@randyroyalpc.com;msanderton@randyroyalpc.com;receptionist@randyroyalpc.com;royalrr83485@notify.bestcase.com

US Trustee
USTPRegion19.cy.ecf@usdoj.gov

Timothy L. Woznick on behalf of Creditor First Bank of Wyoming
twoznick@crowleyfleck.com, twillingham@crowleyfleck.com

Clark D. Stith on behalf of 3rd Party Plaintiff John A. McCall, Jr.
clarkstith@wyolawyers.com, valerieross@wyolawyers.com;r39368@notify.bestcase.com

/s/ *Bradley T. Hunsicker*
Bradley T. Hunsicker