Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
Lacey Bryan (Wyoming Bar No. 8-7016)
Markus Williams Young & Hunsicker LLC
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (303) 830-0809
bhunsicker@MarkusWilliams.com
lbryan@MarkusWilliams.com

ATTORNEYS FOR DEBTORS-IN-POSSESSION

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re:<br><br>BOTW HOLDINGS, LLC<br><br>Debtor | Case No. 24-20138<br>Chapter 11 (Subchapter V) |
| In re:<br><br>HUSKEMAW OPTICS, LLC<br><br>Debtor | Case No. 24-20141<br>Chapter 11 (Subchapter V) |
| In re:<br><br>BEST OF THE WEST PRODUCTIONS, LLC<br><br>Debtor | Case No. 24-20142<br>Chapter 11 (Subchapter V)<br><br>**Jointly Administered Under Case No. 24-20138** |

## OBJECTION TO CREDITOR JOHN A. MCCALL, JR.'S PROPOSED ORDER GRANTING MOTION FOR DERIVATIVE STANDING

1

BOTW Holdings, LLC ("Holdings"), Huskemaw Optics, LLC ("Huskemaw"), and Best of the West Productions, LLC ("Productions") (collective, the "Debtors"), debtors and debtors-in-possession in the above-captioned jointly administered chapter 11 cases, by and through undersigned counsel, respectfully submit their objection (the "Objection") to the proposed order [Doc. 245] (the "Proposed Order") filed by Creditor John A. McCall, Jr. ("McCall") granting *Creditor John A. McCall, Jr.'s Motion for Derivative Standing to Pursue Fraudulent Transfer Claims on Behalf of Best of the West Productions, LLC* [Doc. 150] (the "Motion"). In support of their Objection, Debtors state as follows:[1]

1. On September 9, 2024, McCall filed the Motion. Through the Motion, McCall seeks derivative standing to pursue the claims set forth in the proposed complaint (the "Claims") attached to the Motion as Exhibit A (the "Proposed Complaint") on behalf of Productions.

2. On September 26, 2024, the Debtors filed their *Objection to Creditor John A. McCall, Jr.'s Motion for Derivative Standing to Pursue Fraudulent Transfer Claims on Behalf of Best of the West Productions, LLC* [Doc. 173] (the "Derivative Standing Objection").

3. On December 9, 2024, the Debtors filed their withdrawal of the Derivative Standing Objection [Doc. 242] (the "Withdrawal"). In their Withdrawal, the Debtors

---

[1] Unless otherwise specified, all references herein to "Section," "§," "Bankruptcy Code" and "Code" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

2

requested that any order granting the Motion be narrowly tailored and otherwise impose certain conditions as set forth in greater detail therein.

4. On December 10, 2024, the Court held a hearing (the "Hearing") regarding the Motion, Derivative Standing Objection, and the Withdrawal. *See*, *Minutes of Proceeding* [Doc. 243]. At the Hearing, the Court directed McCall to file a proposed form of order with any objections thereto to be filed within fourteen (14) days thereafter. *Id.*

5. On December 11, 2024, McCall filed the Proposed Order.

6. Debtors respectfully object to the Proposed Order for the reasons set forth below.

**A.    The Proposed Order Must Provide that McCall Owes a Fiduciary Duty to the Productions Estate.**

7. Upon granting the Motion, McCall will be permitted to prosecute the Claims on a provisional grant of derivative standing as a representative of the Productions bankruptcy estate. Accordingly, the Proposed Order must be revised to make clear that, in this capacity, McCall owes an unequivocal fiduciary duty to the Productions estate. *See, In re Americana Expressways, Inc.*, 133 F.3d 752, 756 (10th Cir. 1997) ("Under 11 U.S.C. § 1107 and bankruptcy case law, a debtor in possession, like a bankruptcy trustee, is a fiduciary."); *see also, In re Easterday Ranches, Inc.*, 647 B.R. 236, 247-48 (Bankr. E.D. Wash. 2022) (discussing how estate representatives, other than a trustee or debtor-in-possession are likewise charged with a fiduciary duty); *In re Clear the Air, LLC*, 631 B.R. 286, 295 (Bankr. S.D. Tex. 2021) ("[C]reditors like [p]laintiff have a qualified right to

initiate suit *on behalf of the bankruptcy estate* if certain conditions are met.") (emphasis added).

8. The Debtors insist that such an explicit direction in the Proposed Order is essential insofar as McCall is the owner of Stealth Vision, LLC, a Texas limited liability company ("Stealth Vision"), which is a direct competitor to Debtors[2]. In other words, McCall must not be allowed to use his prosecution of the Claims to advance his personal, potentially divergent interests vis-à-vis the Debtors' estates for his exclusive benefit. *See e.g., In re Skinner*, 519 B.R. 613, 623 (Bankr. E.D. Penn. 2014) ("This Court can conceive of no salutary effects of conferring derivative standing upon a creditor to bring a suit that would exclusively benefit that creditor to the detriment of all other creditors."); *In re McGuirk*, 414 B.R. 878, 880 (Bankr. N.D. Ga. 2009) ("Derivative standing is granted to benefit the estate as a whole, not merely to benefit the creditor bringing the claim.").

9. In sum, even if the creation of a fiduciary responsibility is inherent in granting derivative standing, under the facts and circumstances of this case, and the highly litigious nature of McCall, this Court should be cautious in presuming McCall and his counsel will appreciate such responsibility unless it is expressly identified in any order granting the Motion.

**B.     The Proposed Order Must Be Revised to Remove Any *Nunc Pro Tunc* Relief.**

---

[2] The presence of a conflict of interest between a movant and a trustee/DIP has been found to be sufficient grounds in itself to deny derivative standing. *See e.g., In re Prosser*, 2009 Bankr. LEXIS 2237 (Bankr. D.V.I. July 31, 2009) (holding that debtor's counsel had an irreconcilable conflict of interest with the trustee which precluded derivative standing); *In re On-Site Fuel Serv.*, 2020 Bankr. LEXIS 1257, at *43-44 (Bankr. S.D. Miss. May 8, 2020) ("The Court finds that just as a conflict of interest between a corporate debtor and its management may justify granting a creditor derivative standing, a conflict of interest between a trustee and the creditor seeking derivative standing may justify its denial.").

10. The Proposed Order provides that "[McCall] is granted derivative standing *nunc pro tunc* to September 27, 2024, the date of filing of the [Proposed] [C]omplaint in Case No. 24-02011." *See*, Proposed Order, at p. 3. In filing their Objection and subsequent Withdrawal, the Debtors did not know that McCall would seek retroactive relief. Indeed, McCall did not request *nunc pro tunc* relief in either the Motion, the Notice of Opportunity to Object filed therewith, or orally at the Hearing.

11. Accordingly, it would be improper for the Court to grant McCall retroactive relief insofar as it exceeds the scope of the relief requested in the actual Motion. *See e.g., Toth v. Ham (In re Ham)*, 174 B.R. 104, 108 (Bankr. S.D. Ill. 1994) ("While the plaintiffs' proposed order may suggest that they intended to include both § 523 and 727 complaints in their motion to extend time, the Court cannot grant such relief as it was not requested in the plaintiffs' actual motion."); *Guiden v. Morrow*, 92 Fed. Appx. 663, 665-66 (10th Cir. 2004) (holding that it would be improper to grant injunctive relief where a plaintiff's operative pleadings merely sought monetary relief).

12. Furthermore, the record lacks any support for the Court to *sua sponte* grant the retroactive relief. Indeed, courts commonly weigh the facts against an eight-factor test to ensure that the retroactive approval does not upset the "underlying policy objectives" supporting the requirement that a creditor first seek bankruptcy court approval to pursue an estate claim on derivative standing. *In re Rosenblum*, 545 B.R. 846, 871-72 (Bankr. E.D. Penn. 2016). Here, the record is silent.

C. **The Automatic Stay Applies to Productions.**

13. Insofar as McCall has not sought, and the Court has not granted, stay relief for McCall's prosecution of the Claims against Huskemaw, the Debtors respectfully request that the Proposed Order be revised to state that "Nothing herein terminates, abrogates, or otherwise modifies the automatic stay under 11 U.S.C. § 362(a) and the continuing applicability thereof to Huskemaw Optics, LLC."

14. There are a host of reasons to incorporate this clarification into the Proposed Order. First, as set forth above, it is improper to grant a movant greater relief than the relief affirmatively sought in a pleading. Second, Local Bankruptcy Rule 9013-1 dictates that "[e]very request for relief must be submitted as a separate motion and may not be combined with any other pleading or motion[.]" Third, the Motion was not prosecuted in strict compliance with Fed. R. Bankr. P. 4001. Fourth, the record lacks support for the Court to *sua sponte* grant stay relief under § 362(d).

## CONCLUSION

15. The Debtors respectfully object to entry of the Proposed Order without first tailoring the same in line with the foregoing concerns (attached hereto is a form of proposed order that addresses the foregoing concerns).

WHEREFORE, the Debtors respectfully object to the Proposed Order and request that the Court grant the Debtors such other relief as the Court deems necessary and appropriate.

Dated: Cheyenne, Wyoming
December 23, 2024

MARKUS WILLIAMS YOUNG AND HUNSICKER LLC

By:  /s/ *Bradley T. Hunsicker*
Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
Lacey Bryan (Wyoming Bar No. 8-7016)
Markus Williams Young & Hunsicker LLC
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (303) 830-0809
bhunsicker@MarkusWilliams.com
lbryan@MarkusWilliams.com

*Counsel for the Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 23, 2024, a copy of the foregoing was served electronically via the Court's CM/ECF system upon the following parties:

Jen Godonis on behalf of Creditor First Bank of Wyoming
jgodonis@crowleyfleck.com, twillingham@crowleyfleck.com

Cole L. Gustafson on behalf of Creditor Joseph G. Michaletz Revocable Living Trust
cole@davisandcannon.com

Joli A Lofstedt
joli@jaltrustee.com, ecf.alert+LofstedtWYB@titlexi.com,brenda@jaltrustee.com

Daniel J. Morse on behalf of U.S. Trustee US Trustee
daniel.j.morse@usdoj.gov

Randy L. Royal on behalf of Creditor Dale Caldwell
rlroyal@randylroyalpc.com, wy03@ecfcbis.com;charlene@randylroyalpc.com;msanderton@randylroyalpc.com;receptionist@randylroyalpc.com;royalrr83485@notify.bestcase.com

Randy L. Royal on behalf of Creditor Jack Peterson
rlroyal@randylroyalpc.com, wy03@ecfcbis.com;charlene@randylroyalpc.com;msanderton@randylroyalpc.com;receptionist@randylroyalpc.com;royalrr83485@notify.bestcase.com

Clark D. Stith on behalf of 3rd Party Plaintiff John A. McCall, Jr.
clarkstith@wyolawyers.com, valorieross@wyolawyers.com;r39368@notify.bestcase.com

Clark D. Stith on behalf of Counter-Claimant John A. McCall, Jr.
clarkstith@wyolawyers.com, valorieross@wyolawyers.com;r39368@notify.bestcase.com

Clark D. Stith on behalf of Creditor John A. McCall, Jr.
clarkstith@wyolawyers.com, valorieross@wyolawyers.com;r39368@notify.bestcase.com

Clark D. Stith on behalf of Creditor John Terrell McCalla

4914-8229-3256, v. 1

clarkstith@wyolawyers.com, valieross@wyolawyers.com;r39368@notify.bestcase.com

Clark D. Stith on behalf of Defendant John A. McCall, Jr.
clarkstith@wyolawyers.com, valieross@wyolawyers.com;r39368@notify.bestcase.com

Clark D. Stith on behalf of Plaintiff John A. McCall, Jr.
clarkstith@wyolawyers.com, valieross@wyolawyers.com;r39368@notify.bestcase.com

US Trustee
USTPRegion19.cy.ecf@usdoj.gov

Robert J. Walker on behalf of Creditor John A. McCall, Jr.
Robert@WyoCounsel.com

Timothy L. Woznick on behalf of Creditor First Bank of Wyoming
twoznick@crowleyfleck.com, twillingham@crowleyfleck.com

                                               /s/ *Bradley T. Hunsicker*
                                               Bradley T. Hunsicker

4914-8229-3256, v. 1