| | |
|---|---|
| Cole L. Gustafson (WSB # 7-6070)<br>Davis & Cannon, LLP<br>40 South Main Street<br>P.O. Box 728<br>Sheridan, WY 82801<br>307-672-7491 (telephone)<br>307-672-8955 (facsimile)<br>cole@davisandcannon.com | Thadford A. Felton (*pro hac vice* forthcoming)<br>UB Greensfelder<br>200 West Madison Street, Suite 3300<br>Chicago, Illinois 60606<br>312-658-6623 (telephone)<br>tfelton@ubglaw.com<br><br>Stuart A. Laven, Jr. (*pro hac vice* forthcoming)<br>UB Greensfelder<br>1660 West 2nd Street, Suite 1100<br>Cleveland, Ohio 44113<br>216-583-7116 (telephone)<br>salaven@ubglaw.com |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| In re:<br><br>BOTW HOLDINGS, LLC<br><br>Debtor | Case No. 24-20138<br>Chapter 11 (Subchapter V) |
| In re:<br><br>HUSKEMAW OPTICS, LLC<br><br>Debtor | Case No. 24-20141<br>Chapter 11 (Subchapter V) |
| In re:<br><br>BEST OF THE WEST<br>PRODUCTIONS, LLC<br><br>Debtor | Case No. 24-20142<br>Chapter 11 (Subchapter V)<br><br>**Jointly Administered Under**<br>**Case No. 24-20138** |

**JOSEPH MICHALETZ'S MOTION FOR RECONSIDERATION OF ORDERS**
**AUTHORIZING EXAMINATION UNDER FED. R. BANKR. P. 2004**

1

Joseph Michaletz ("Michaletz"), by and through his undersigned counsel, hereby moves for reconsideration of the Court's orders (Docs. 125 and 154) authorizing John A. McCall, Jr. ("McCall") to conduct an examination of Michaletz pursuant to Fed. R. Bankr. P. 2004. In support of this motion, Michaletz states as follows:

## BACKGROUND

1. On August 5, 2024, McCall filed a Motion for 2004 Examination of Joseph Michaletz ("McCall's 2004 Exam Motion") in this matter. [Doc. 123].

2. In McCall's 2004 Exam Motion, McCall did not include an averment that he contacted Michaletz or Michaletz's counsel, or that a good faith attempt had been made to contact them as required by this Court's local rules. *See* L.B.R. 2004-1 ("Motions brought for an order authorizing a Rule 2004 examination must include . . . an averment that the party or counsel for the party to be deposed has been contacted, or that a good faith attempt was made to contact the party and counsel").

3. On information and belief, McCall never attempted to contact Michaletz or Michaletz's counsel to discuss a Rule 2004 Examination prior to January 29, 2025.

4. McCall's 2004 Exam Motion purports to seek examination of Michaletz about his "knowledge of transactions occurring prior to March 2024 related to the companies, including transfers from debtor Best of the West Productions, LLC to Best of the West Ammo, LLC" and alleges "Michaletz was the architect of the 2020 corporate reorganization that resulted in debtor Productions' assets being distributed to other entities." [*See* Doc. 123].

5. On August 7, 2024, this Court entered an order authorizing the 2004 Examination of Michaletz, but invited any interested party to timely file for reconsideration of the Court's Order on a showing of good cause. [Doc. 125].

2

6. On January 29, 2025, counsel for Michaletz accepted service of a subpoena for Rule 2004 Examination of Michaletz accompanied by this Court's order authorizing the examination.

7. Prior to the filing of McCall's 2004 Exam Motion and this Court's Order, on February 8, 2018, McCall commenced a lawsuit in the District Court of the Fifth Judicial District, State of Wyoming, County of Park under Civil Action No. 29026 against Best of the West Productions, LLC ("Productions"), Huskemaw Optics, LLC ("Huskemaw"), Best of the West Holdings, LLC ("Holdings"), and Jack Peterson in his individual capacity and professional capacity as manager of Productions and Huskemaw ("State Action").

8. At the time the State Action was filed, Michaletz was not a member or owner of Productions, Huskemaw, or Holdings. On or about August 3, 2020, Michaletz Holdings LLC became a minority owner of Holdings.[1] Later, on or about September 28, 2020, Holdings became the single member of Best of the West Arms and Best of the West Ammo.

9. On March 19, 2024, McCall obtained an Amended Judgment in the State Action against Productions, Huskemaw and Holdings in the amount of $2,441,523.57.

10. On April 19, 21 and 22, 2024 (collectively, the "Petition Dates" and each a "Petition Date"), Holdings, Huskemaw and Productions commenced their respective Chapter 11 cases in this Court via filing of voluntary petitions for relief.

11. Pursuant to the automatic stay of Bankruptcy Code section 362, the State Action was stayed as against each of Holdings, Huskemaw and Productions, effective as of each debtor's Petition Date.

---

[1] The ownership of Michaletz Holdings was later transferred to the Living Trusts of Joe and Christine Michaletz ("Trusts") on January 1, 2021. Over the next couple of years, the Trusts acquired all of the ownership of Holdings.

12. On January 10, 2025, the Court entered an order granting McCall derivative standing to prosecute fraudulent conveyance claims from Production against Best of the West Arms, Best of the West Ammo and Huskemaw.

13. On January 21, 2025, in the State Action, McCall filed a *Motion to Execute on Non-Party Security and Notice Regarding Bankruptcy Proceedings* against Joe and Christine Michaletz ("McCall's State Motion"). McCall's State Motion is attached here as **Exhibit A**.

14. In McCall's State Motion, he levies allegations against Joseph Michaletz and Christine Michaletz regarding transfers they made via their respective trusts of their ownership interests in Holdings. McCall requests the state court issue summonses on both Joseph and Christine Michaletz for a hearing and argues the current bankruptcy stay does not protect them as "non-debtors." While alleging that the Michaletzes are personal guarantors charged with protecting McCall's post-judgment interests in that lawsuit, McCall ultimately requests the state court hold both of them liable for the Amended Judgment entered in the State Action against Productions, Huskemaw and Holdings. [Ex. A, p. 6-8].

15. In McCall's State Motion, he alleges that:

*[i]t now appears that significant and material misrepresentations were made to this Court, and the Bankruptcy Court, by individuals relating to the assets of the Defendant Companies, the value of those Companies, and transactions undertaken in relation to those assets. Further, from the bankruptcy pleadings, it appears substantial actions were taken to intentionally harm and decrease the value of the Companies and specifically Plaintiff's interest therein – including the transfer of most if not all assets of value to non-judgment debtor companies, including Arms and Ammo – neither of which have filed bankruptcy.*

(McCall's State Motion, pp. 2-3).

16. Further, in the McCall State Motion, he alleges that:

*As part of the fraudulent conveyance action in Bankruptcy Court, Plaintiff intends to engage in discovery to investigate which specific individuals and managers directed and were responsible for those activities that were in violation of this*

> *Court's [the State Court] May 7, 2019 Decision Letter, who was responsible for undertaking what will be shown to have been fraudulent conveyances, and to find out which individual agents, officers, and managers were involved in making what were plain misrepresentations to this Court.*

(McCall's State Motion, p. 4).

17. Michaletz intends to contest McCall's State Motion, but it remains pending at this time.

## ARGUMENT

18. This Court has jurisdiction over this motion under 28 U.S.C. §§ 1334 and 157(a). This matter is a core proceeding under 28 U.S.C. § 157(b)(2) and venue is proper under 28 U.S.C. §§ 1408-09.

**I.     Standard for Reconsideration of Orders Granting Ex Parte Motions for Examinations Under Fed. R. Bankr. P. 2004.**

19. Motions for examinations under Fed. R. Bankr. P. 2004 may be granted *ex parte* pursuant to this Court's local bankruptcy rules. *See* L.B.R. 2004-1.

20. Motions to reconsider *ex parte* orders authorizing examinations pursuant to Fed. R. Bankr. P. 2004 are effectively motions for a protective order. *In re Buick*, 174 B.R. 299, 304 (Bankr. D. Colo. 1994).

21. Once a party files a motion to reconsider an order granting a Fed. R. Bankr. P. 2004 examination, "the party seeking to conduct the examination bears the burden of producing evidence that good cause exists for taking the requested discovery." *Id*. (internal citations omitted). The burden of production shifts back to the objecting party only "[i]f the [party seeking the examination] comes forward with such evidence." *Id*. At that point, the objecting party bears the "ultimate burden of persuasion that the examination would be improper." *Id*.

**II.     The Examination of Michaletz is Improper Because McCall Seeks to Examine Michaletz About Information Relevant to Pending Adversary Proceeding and State Court Litigation**

22.    Once a party has filed an adversary proceeding, that party is no longer entitled to conduct examinations pursuant to Fed. R. Bankr. P. 2004 regarding issues within the scope of the pending adversary proceedings. *Id*. at 305 (citing *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267 (D. Colo. 1991)). This limitation applies to those that are "**affected by the adversary proceeding**" and a party can only conduct a Rule 2004 examination of those who "are not parties to *or are not affected by* the pending adversary proceeding(s)." *Id.* (emphasis added).

23.    Instead, any examination of an affected party should be conducted under the relevant state or federal discovery rules rather than Fed. R. Bankr. P. 2004. *In re Roman Catholic Church of Diocese of Gallup*, 513 B.R. 761, 765 (Bankr. D. N.M. 2014) ("If an adversary proceeding or contested matter is pending, the discovery rules in the rules of civil procedure should be used, rather than Rule 2004 examinations." (citations omitted)).

24.    Further, this Court has adopted the "pending litigation rule" in its local rules. *See* L.B.R. 2004-1 ("A Rule 2004 examination should not be used to conduct discovery in an adversary proceeding or a contested matter.").

25.    On September 27, 2024, McCall filed an adversary proceeding against Best of the West Arms, Best of the West Ammo and Huskemaw for fraudulent transfers under Wyoming Statutes 34-14-205 and 206 and Alter Ego/Nominee as to Huskemaw based in whole, or in part, on transfers that are alleged to have occurred while the Trusts were owners of Holdings, while Holdings was the owners of Best of the West Arms and Best of the West Ammo and while Michaletz was the managing member of Best of the West Arms and Best of the West Ammo.

6

26. The subject matter of the adversary proceeding is exactly the same as what McCall is seeking to depose Michaletz about in his Rule 2004 examination - his "knowledge of transactions occurring prior to March 2024 related to the companies, including transfers from debtor Best of the West Productions, LLC to Best of the West Ammo, LLC" and the allegation that "Michaletz was the architect of the 2020 corporate reorganization that resulted in debtor Productions' assets being distributed to other entities." [*See* Doc. 123].

27. The pending litigation rule is not limited in application to pending adversary proceedings and contested matters in bankruptcy court, but extends to litigation pending in other venues. *In re Kearney*, 590 B.R. 913, 924 (Bankr. D. N.M. 2018) (quoting *In re Brooke Corp.*, 2013 WL 3948866, at *3 (Bankr. D. Kan. 2013) ("Where a party requests a Rule 2004 examination and an adversary proceeding *or other litigation in another forum is pending* between the parties, the relevant inquiry is whether the Rule 2004 examinations will lead to the discovery of evidence related to the pending proceeding or whether the requested examination seeks to discover evidence unrelated to the pending proceeding.") (Emphasis added); *see also In re Oklahoma Automatic Door, Co., Inc.*, 599 B.R. 167, 171 (Bankr. W.D. Okla 2019) ("The pending proceeding rule also applies in litigation outside of bankruptcy court."). Thus, the proceedings in the State Action also implicate the pending litigation rule, and using a Rule 2004 examination to further the State Action constitutes abuse of the rule. *In re Kearney*, 590 B.R. at 924 (Bankr. D. N.M. 2018) (citing *Snyder v. Society Bank*, 181 B.R. 40, 42 (S.D. Tex. 1994) ("The use of Rule 2004 to further its case in state court constitutes an abuse of Rule 2004.")).

28. The rule is justified because the protections afforded under Fed. R. Bankr. P. 2004 are not as robust as those that would otherwise be available in ancillary litigation. *In re Oklahoma Automatic Door*, 599 B.R. at 171 ("The primary reason supporting restricting the use of a Rule

2004 examination under the pending proceeding rule is that a Rule 2004 examination does not provide the examinee the same procedural safeguards as he would [otherwise] have . . . .").

29. Here, the State Action is pending, and McCall is attempting to utilize a Fed. R. Bankr. P. 2004 examination to further his case in that matter. McCall filed a motion alleging the Michaletzes are personal guarantors of the Amended Judgment in that case while levying allegations that the Michaletzes conducted transfers to Best of the West Arms and Best of the West Ammo in violation of their personal guarantees.

30. Indeed, the only information that McCall seeks from Mr. Michaletz here in his 2004 Exam Motion is Michaletz's knowledge of transactions occurring prior to March 2024—the exact subject matter of his State Action (and Adversary Action) and basis for his allegations in McCall's Motion.

31. To allow McCall to conduct an examination pursuant to Fed. R. Bankr. P. 2004 of Michaletz in his individual capacity would circumvent the relevant rules of civil procedure governing the pending litigation in Wyoming state court, the exact harm the pending litigation rule is designed to prevent. *See In re Roman Catholic Church of Diocese of Gallup*, 513 B.R. at 765.

32. Thus, McCall must investigate his allegations in the proper case and venue in the adversary proceeding subject to the Federal Rules of Civil Procedure or in Wyoming state court subject to its relevant rules. This Court should vacate its Order Granting McCall's Motion for 2004 Examination of Joseph Michaletz. In the alternative, this Court should limit the examination only to matters and information wholly unrelated to the pending adversary proceeding and litigation in Wyoming state court.

**WHEREFORE**, Michaletz respectfully requests this Court deny McCall's Motion for 2004 Examination of Joseph Michaletz and vacate its August, 7, 2024 order directing Jospeh

Michaletz to appear for examination pursuant to Fed. R. Bankr. P. 2004, or, in the alternative, to issue a protective order limiting the examination of Joseph Michaletz to matters and information wholly unrelated to the pending adversary proceeding and litigation in Wyoming state court.

Respectfully submitted this 10th day of February, 2025.

        DAVIS AND CANNON, LLP

By: */s/ Cole L. Gustafson*
    Cole L. Gustafson, WY Bar No. 7-6070
    40 South Main Street
    P.O. Box 728
    Sheridan, WY 82801
    Telephone: (307) 672-7491
    Facsimile: (307) 672-8955
    cole@davisandcannon.com

        UB GREENSFELDER LLP

By: */s/ Thadford A. Felton*
    Thadford A. Felton (*pro hac vice* forthcoming)
    200 West Madison Street
    Suite 3300
    Chicago, Illinois 60606
    Telephone: (312) 658-6623
    Facsimile:
    salaven@ubglaw.com

    Stuart A. Laven, Jr. (*pro hac vice* forthcoming)
    1660 West 2nd Street
    Suite 1100
    Cleveland, Ohio 44113
    Telephone: (216) 583-7116
    salaven@ubglaw.com

    *Attorneys for Joseph Michaletz and Christine Michaletz*

**Certificate of Service**

The undersigned counsel certifies that on February 10, 2025, a copy of **Joseph Michaletz's Motion for Reconsideration of Order Authorizing Examination Under Fed. R. Bankr. P. 2004**, was electronically filed and served via CM/ECF on the parties listed below:

Bradley T. Hunsicker and Lacey Bryan on behalf of Debtors
bhunsicker@MarkusWilliams.com; lbryan@MarkusWilliams.com

Jen Godonis on behalf of Creditor First Bank of Wyoming jgodonis@crowleyfleck.com, twillingham@crowleyfleck.com

Joli A Lofstedt
 joli@jaltrustee.com, ecf.alert+LofstedtWYB@titlexi.com,brenda@jaltrustee.com

Daniel J. Morse on behalf of U.S. Trustee US Trustee daniel.j.morse@usdoj.gov

Randy L. Royal on behalf of Creditor Dale Caldwell
rlroyal@randylroyalpc.com, wy03@ecfcbis.com;charlene@randylroyalpc.com;msanderton@randylroyalpc.com;receptionist@randylroyalpc.com;royalrr83485@notify.bestcase.com

Randy L. Royal on behalf of Creditor Jack Peterson
rlroyal@randylroyalpc.com, wy03@ecfcbis.com;charlene@randylroyalpc.com;msanderton@randylroyalpc.com;receptionist@randylroyalpc.com;royalrr83485@notify.bestcase.com

Clark D. Stith on behalf of 3rd Party Plaintiff John A. McCall, Jr. clarkstith@wyolawyers.com, valerieross@wyolawyers.com;r39368@notify.bestcase.com

Clark D. Stith on behalf of Counter-Claimant John A. McCall, Jr. clarkstith@wyolawyers.com, valerieross@wyolawyers.com;r39368@notify.bestcase.com

Clark D. Stith on behalf of Creditor John A. McCall, Jr. clarkstith@wyolawyers.com, valerieross@wyolawyers.com;r39368@notify.bestcase.com

Clark D. Stith on behalf of Creditor John Terrell McCalla
clarkstith@wyolawyers.com, valerieross@wyolawyers.com;r39368@notify.bestcase.com

Clark D. Stith on behalf of Defendant John A. McCall, Jr.
clarkstith@wyolawyers.com, valerieross@wyolawyers.com;r39368@notify.bestcase.com

Clark D. Stith on behalf of Plaintiff John A. McCall, Jr. clarkstith@wyolawyers.com, valerieross@wyolawyers.com;r39368@notify.bestcase.com

US Trustee USTPRegion19.cy.ecf@usdoj.gov

Robert J. Walker on behalf of Creditor John A. McCall, Jr.
Robert@WyoCounsel.com

Timothy L. Woznick on behalf of Creditor First Bank of Wyoming
twoznick@crowleyfleck.com, twillingham@crowleyfleck.com

*/s/ Cole L. Gustafson*
Cole L. Gustafson

4898-9117-9801, v. 1

WY Park County District Court 5th JD
Jan 21 2025 04:41PM
2018-CV-0029026
75482845

**FILED**

Robert J. Walker (7-4715)
John M. Walker (5-2224)
Walker Law LLP
P.O. Box 22409
Cheyenne, WY 82003
(307) 529-2255
Robert@WyoCounsel.com
John@WyoCounsel.com
*Attorneys for Plaintiff*

## IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT
## STATE OF WYOMING, COUNTY OF PARK

| | |
|---|---|
| JOHN A. McCALL JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 29026 |
| v. ) | |
| ) | |
| BEST OF THE WEST PRODUCTIONS, ) | |
| LLC, a Wyoming Limited Liability ) | |
| Company; HUSKEMAW OPTICS, LLC, a ) | |
| Wyoming Limited Liability Company; and ) | |
| JACK PETERSON, Individually and as ) | |
| Manager of Best of The West Productions, ) | |
| LLC and Huskemaw Optics, LLC; and ) | |
| BOTW HOLDINGS, LLC, a Wyoming ) | |
| Limited Liability Company. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN A. McCALL JR. ) | |
| ) | |
| Counter-Defendant. ) | |

**PLAINTIFF'S MOTION TO EXECUTE ON NON-PARTY SECURITY AND NOTICE REGARDING BANKRUPTCY PROCEEDINGS**

1

**COMES NOW**, the above captioned Plaintiff, John A. McCall, Jr. (hereinafter referred to as "Plaintiff"), by and through his attorneys, Robert J. Walker and John M. Walker of the law firm of Walker Law LLP, and for his Motion to Execute on Non-Party Security and Notice Regarding Bankruptcy Proceedings, hereby states, argues, and requests the following:

## I.  INTRODUCTION

*A.  UPDATE ON BANKRUPTCY PROCEEDINGS AND NOTICE OF PENDING CLAIM OF FRAUDULENT CONVEYANCE AGAINST DEFENDANTS.*

As set forth in its May 7, 2019 Decision Letter: "[T]he court orders that the Defendants are enjoined from doing anything to harm or decrease the value of the company, or the Plaintiff's interest therein."

Despite the Court's Order, on September 28, 2020, the Defendants created and formed Best of the West Arms, LLC, a Wyoming limited liability company ("Arms"). That same day, Defendants created Best of the West Ammo, LLC, also a Wyoming limited liability company ("Ammo"). Defendants admitted that this was done for "creditor protection."

On or about March 19, 2024, the Court entered its Amended Judgment in the above-captioned matter awarding Plaintiff $2,441,523.57 against Best of the West Productions, Huskemaw, and BOTW Holdings (the "Defendant Companies").

Since the Amended Judgment was entered, the Defendants have not paid Plaintiff so much as a penny. Instead, the Defendant Companies have filed bankruptcy and are currently protected from any efforts to execute by the Bankruptcy Court's automatic stay.

From the Bankruptcy filings, it now appears that significant and material misrepresentations were made to this Court, and the Bankruptcy Court, by individuals relating to the assets of the Defendant Companies, the value of those Companies, and transactions undertaken

2

in relation to those assets. Further, from the bankruptcy pleadings, it appears substantial actions were taken to intentionally harm and decrease the value of the Companies and specifically Plaintiff's interest therein – including the transfer of most if not all assets of value to non-judgment debtor companies, including Arms and Ammo – neither of which have filed bankruptcy.

For these reasons, after the Defendant Companies filed for bankruptcy, Plaintiff requested relief from the Bankruptcy Court to pursue derivative standing in relation to these fraudulent conveyances. On January 10, 2025, Plaintiff was granted derivative standing to pursue the fraudulent conveyance claims against Arms, Ammo, and Huskemaw as an ancillary proceeding within the Bankruptcy Court.

As part of its order, the Bankruptcy Court stated:

(1) Creditor made a demand upon Productions on July 15, 2024 to pursue avoidance actions under 11 U.S.C. § 544 based on alleged fraudulent transfers from Productions to affiliates Best of the West Arms, LLC, Best of the West Ammo LLC and Huskeamw Optics, LLC; (2) Productions declined Creditor's demand; (3) colorable claims that would benefit the estate if successful exist, based on a cost-benefit analysis performed by the court; and (4) **Debtors' inaction regarding the pursuit of said claims is unjustified**.

Order Granting Derivative Standing at p. 2 (Emphasis added). A copy of the Order Granting Derivative Standing is attached hereto and is incorporated herein as **Exhibit A**. The Bankruptcy Court continued, "Debtors have declined to act, without justification, to bring these colorable claims. *Id*. at p. 3. "That Debtors [i.e. Productions, Holdings, and Huskemaw] have a conflict of interest is clear, and their inaction creates the greater risk of the proverbial foxes guarding the henhouse." *Id*.

Further, pursuant to 11 U.S.C. § 1188(c), a subchapter V debtor (e.g. BOTW Holdings, Best of the West Productions, and Huskemaw) must file their reorganization plan with the court within 90 days of the initial bankruptcy filing date. In this instance, the judgment debtors filed

3

their subchapter V bankruptcy in late April of 2024 – making their subchapter V plan due by late July 2024. Even after numerous extensions in the bankruptcy proceeding, no reorganization plan has been filed. Rather, during that entire period, Stryk Group has been withdrawing from the company accounts approximately $50,000 per month for its own consulting services – draining the bankruptcy estate to the detriment of all creditors.

To this issue, the Bankruptcy Court has expressed, "Debtors have withdrawn their Chapter 11 plans and no plans have been confirmed." *Id*. at p. 4. In other words, since the Bankruptcy was filed approximately 9 months ago, the Defendant Companies have failed to submit a reorganization plan, all the while they are "draining" those fraudulently conveyed assets from Arms and Ammo – all without oversight from the Bankruptcy Court as Arms and Ammo have not filed bankruptcy.

As part of the fraudulent conveyance action in Bankruptcy Court, Plaintiff intends to engage in discovery to investigate which specific individuals and managers directed and were responsible for those activities that were in violation of this Court's May 7, 2019 Decision Letter, who was responsible for undertaking what will be shown to have been fraudulent conveyances, and to find out which individual agents, officers, and managers were involved in making what were plain misrepresentations to this Court.

To be clear, Plaintiff is not presently and does not intend to seek any relief against the bankrupt Defendant Companies as part of the above-captioned matter without leave of the Bankruptcy Court because of the automatic stay that is in place.

However, upon completion of the discovery being conducted by and through the Bankruptcy fraudulent conveyance derivative action, Plaintiff intends to file with this Court a Motion for Order to Show Cause directed at those individuals who materially misled the Court, and seeking relief against those who have intentionally devalued the Defendant Companies in

4

violation of this Court's injunctive order, and who have intentionally hindered Plaintiff's efforts to collect on his judgment.

B. *BACKGROUND ON PRESENT MOTION TO EXECUTE*.

As the Court will recall, after judgment was entered in the above-captioned matter, Defendant Companies, and their managers, undertook substantial efforts to prevent any collection efforts under the premise that they were actively working to secure a bond. As part of that process, there was substantial briefing and various hearings were held. Therein, Defendants' managers made specific representations to the Court. Among those was a promise by Joe and Christine Michaletz that they promised they would protect Plaintiff's judgment.

## II.     ARGUMENT

On or about December 22, 2023, Defendants filed their Rule 62 Motion for (Emergency) Stay of Execution of Judgment, requesting that the Court enter a stay under W.R.C.P. 62(b) to prevent the Plaintiff from executing on the assets of the Defendants. For the Court to grant Defendants' request, the requirements of W.R.C.P. 62 had to be met, including the requirement that the moving party demonstrate: "appropriate terms for the opposing party's security."

In reference to the parallel Federal rule relating to stays of execution, it has been explained:

Rule 62 was amended in 2018 to include the possibility of "other security" in lieu of a bond (such as, for example, a letter of credit). Yet, courts have held that the "other security" posted must still "provide sufficient protection" for the judgment creditor. Typically, the security should cover the judgment in full, plus costs and interests. Thus, the "other security" must still provide assurances that the judgment will be paid in full.

*C.J. Hughes Constr. Co. Inc. v. Eqm Gathering Opco, LLC*, Civil Action No. 18-00168-WSS, 2023 U.S. Dist. LEXIS 243189, at *3 (W.D. Pa. Jan. 11, 2023) (citations omitted).

Under Rule 62, courts only forego a supersedeas bond "[W]here there exists an alternative means of securing the judgment' and there are exceptional circumstances." *Sandoz Inc. v. United*

5

*Theraputics Corp.*, No. 2:19-cv-10170 (BRM) (JSA), 2024 U.S. Dist. LEXIS 221435, at *4 (D.N.J. Dec. 6, 2024). The burden to provide a secure alternative rests on the judgment debtor." *Kelepolo v. Fernandez*, 468 P.3d 196, 202 (Haw. 2020).

Within their motion, the Defendants argued that no bond should be required because (1) "The status quo for the Companies is similar to (and actually better than) the Companies' status shown in the financial records produced in pre-trial discovery"[1] and (2) "***The Michaletz's promise to protect** the interests of the Companies and Plaintiff **is sufficient security*** for a stay under Rule 62(b). Motion for Emergency Stay at p. 4 (emphasis added). Defendants' Motion for Emergency stay was supported by a Declaration of Joe Michaletz attached thereto.

The Defendants further argued, "[T]he Court should waive the security requirement because ***the Michaletzes will protect the Companies' financial condition***." *Id*. at p. 5 (emphasis added).

These promises by the Michaletzes, individually, were expressly made as the substitute security upon which the Court relied in lieu of requiring a supersedeas bond or otherwise allowing Plaintiff to begin executing on the assets of the Defendant Companies. The Court ultimately accepted the Michaletzes' promises and did not require a supersedeas bond.

However, despite the Michaletzes personal guarantees, on or about March 8, 2024, Joseph G. Michaletz and Christine E. Michaletz, as Co-Trustees of the Christine E. Michaletz and Joseph

---

[1] The Court similarly noted in its April 19, 2024 ruling, "During the April 17, 2024 hearing, the Court was informed by Counsel for the Defendants that . . . Defendants BOTW Holdings, Best of the West Productions, and Huskemaw Optics were in the same or similar financial condition as was reported to Plaintiff through discovery in the summer of 2023, with a reported net worth of approximately four million dollars ($4,000,000)."

In his declaration filed with the Motion for Emergency Stay, Joe Michaletz also stated, "The current financial condition of Defendant Companies is stronger than ever, including what was shown in the financial records disclosed during pre-trial discovery." ¶ 3.

6

G. Michaletz Living Trusts sold their respective ownership interests in BOTW Holdings, LLC to Stryk Group Holdings LLC for $1. At that same time, both Joe and Christine Michaletz resigned from any positions they have ever held with BOTW Holdings or any related company.

Notwithstanding requests from the Plaintiff, the Michaletzes have not followed through with their promises to protect Plaintiff's interests. Rather, the Michaletzes are now actively seeking to pull assets out of the bankruptcy estate for their own personal benefit. Upon information and belief, the Michaletzes have acquired a $2.5 million loan against BOTW Holdings and have filed a creditor's claim on their own behalf in the bankruptcy proceeding.

In the above-captioned matter, the Court entered its stay based at least in part on the Michaletzes' promise to protect Plaintiff's interests. The stay ultimately expired on April 22, 2024 – the day the defendants filed bankruptcy. The bankruptcy stay currently protecting the Company Debtors would not apply to non-debtors such as Joe and Christine Michaletz, or their general guarantee to protect the value of Plaintiff's interests – something voluntarily proposed and given as alternative security in lieu of a supersedeas bond or immediate execution.

Accordingly, upon completion of briefing on this Motion, Plaintiff respectfully requests the Court issue summonses for Joe and Christine Michaletz to appear, individually, for a hearing on Plaintiff's present Motion to enforce their personal promises to protect Plaintiff's post-judgment interests. This was the alternative security voluntarily promised and given in lieu of a supersedeas bond, execution, or other form of alternative security and it must be enforced. Upon conclusion of the hearing, Plaintiff respectfully requests that order be entered against Joe and Christine Michaletz and finding they voluntarily became personal guarantors by and through their promises to the Court to individually protect the Plaintiff's post-judgment interests in the debtor companies, or other alternative relief as the Court deems just and equitable considering the

7

Michaletzes sold their interests in the debtor Companies for $1 and have attempted to walk away from their obligations to Plaintiff and this Court.

### III. CONCLUSION

Joe and Christine Michaletz freely and unequivocally promised to protect Plaintiff's post-judgment interests in relation to the above-captioned matter as the "security" pledged in lieu of the typical supersedeas bond required under W.R.C.P. 62. Rule 62 generally requires that the amount of "security" be equal to the judgment in full plus costs and interests. Again, it was Joe and Christine Michaletz that argued that their promises were sufficient to meet those requirements of Rule 62.

WHEREFORE, Plaintiff respectfully requests that Joe and Christine Michaletz be summoned to appear before the Court and order be entered against them finding the promises they gave as "security" were personal guarantees and hold them both jointly and severally liable for the judgment entered in the above-captioned matter, or other alternative relief the Court deems just and equitable[2].

DATED this 21st day of January, 2025.

/s/ Robert J. Walker
Robert J. Walker (7-4715)
John M. Walker (5-2224)
Walker Law, LLP
114 East 7th Avenue, Suite 200
P.O. Box 22409
Cheyenne, WY  82003
(307) 529-2255 telephone

ATTORNEYS FOR PLAINTIFF

---

[2] At the very least, Plaintiff requests they be found liable for the difference in what Plaintiff is able to collect from the Judgment debtors in bankruptcy and the amount of $4,000,000 Joe and Christine Michaletz represented was in the Companies' accounts at the time they sought a stay in lieu of execution. Any decrease in the assets available for execution would be directly attributable to the Michaletzes' motion preventing Plaintiff from timely executing before those assets were "drained."

8

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was served upon the Defendants in this matter, pursuant to the Wyoming Rules of Civil Procedure on this 21st day of January, 2025, via File & Serve Express, which will send an email to counsel of record, as follows:

T. Thomas Singer
Amanda Hunter
Hall and Evans, LLC
singert@hallevans.com
huntra@hallevans.com

*Attorneys For Defendant Companies*

Brigita S. Krisjansons
Keegan and Krisjansons
b.krisjanson@kkmattorneyhs.com

*Attorneys for Jack Peterson*

Courtesy Copy via US First Class Mail to:
Judge Bill Simpson
1002 Sheridan Avenue
Cody, WY 82414

Stuart A. Laven, Jr.
UB Greensfelder LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1406
salaven@ubglaw.com
Counsel for Joe and Christine Michaletz

                                        /s/ Robert J. Walker
                                        Walker Law, LLP