Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
Lacey S. Bryan (Wyoming Bar No. 8-7016)
Markus Williams Young & Hunsicker LLC
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
bhunsicker@MarkusWilliams.com
lbryan@MarkusWilliams.com

ATTORNEYS FOR
DEBTOR-IN-POSSESSION

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re:<br><br>BOTW HOLDINGS, LLC<br><br>Debtor | Case No. 24-20138<br>Chapter 11 (Subchapter V) |
| In re:<br><br>HUSKEMAW OPTICS, LLC<br><br>Debtor | Case No. 24-20141<br>Chapter 11 (Subchapter V) |
| In re:<br><br>BEST OF THE WEST PRODUCTIONS, LLC<br><br>Debtor | Case No. 24-20142<br>Chapter 11 (Subchapter V)<br><br>**Jointly Administered Under Case No. 24-20138**<br><br>**Filing Relates to All Cases** |

## DEBTORS' MOTION TO STRIKE

{Z0407009/1 }

# CREDITOR JOHN A. MCCALL, JR.'S MOTION TO CONVERT CASES TO CHAPTER 7 OR, IN THE ALTERNATIVE, TO REMOVE THE DEBTORS FROM BEING DEBTORS IN POSSESSION

BOTW Holdings, LLC ("Holdings"), Huskemaw Optics, LLC ("Huskemaw"), and Best of the West Productions, LLC ("Productions") (collectively the "Debtors"), by and through undersigned counsel, hereby move to strike the *Creditor John A. McCall, Jr.'s Motion to Convert Cases to Chapter 7 or, in the Alternative, to Remove the Debtors from Being Debtors in Possession and Notice of Time to Object* (the "Motion to Convert") and accompanying proposed order filed at Doc. 304. In support of this motion, the Debtors state as follows:

1. On February 21, 2025, John A. McCall, Jr. ("McCall") filed the Motion to Convert, along with a proposed order [*See* Doc. Nos. 304, 305.]

2. The Motion to Convert contains the following "Notice of Time to Object" provision:

> YOU ARE HEREBY NOTIFIED that if you desire to oppose this Motion To Convert Cases Or In the Alternative, To Remove The Debtor In Possession, you are required to file with this Court and serve on Clark Stith Attorney, attorney for the Movant, whose address is shown above, a written objection to the Motion on or before March 17, 2025, or relief requested may be granted by the Court.

Motion to Convert, at p. 9.

3. Based on the Certificate of Service included with the Motion to Convert, McCall served the Motion to Convert "on all secured creditors and creditors who have filed

{Z0407009/1 }  2

proofs of claim in any of the Bankruptcy Cases," as well as the United States Trustee's Office, the Subchapter V Trustee, and counsel for the Debtors.

4. Pursuant to General Order 13-1, this Court requires special noticing provisions for motions to dismiss or convert chapter 11 cases pursuant to 11 U.S.C. § 1112(b). Specifically, the Court requires that a party in interest filing a motion to dismiss or convert a chapter 11 case must obtain a hearing date from the Court's chambers for an evidentiary hearing that is within 30 days from the date the motion is filed. The movant is then required to file and serve: (1) the motion; and, (2) a notice of hearing and deadline to file objections upon <u>all</u> parties in interest. General Order 13-1 further contains a list of required information for the notice of hearing.

5. Insofar as McCall failed to follow the provisions of General Order 13-1, the Debtors request the Court strike the Motion to Convert in its entirety, along with the proposed order. It is clear from the Motion to Convert that McCall did not request a hearing date from the Court, and the "Notice of Time to Object" provision is wholly deficient. Further, McCall failed to serve the Motion to Convert upon all parties in interest as required, and to the extent the Motion to Convert also seeks removal of the Debtors as debtors in possession, the Motion to Convert improperly seeks multiple forms of relief in violation of Local Bankruptcy Rule 9013-1.

WHEREFORE, the Debtors respectfully request entry of an Order, a proposed form of which is filed with this Motion: (i) striking McCall's Motion to Convert and proposed

order due to his failure to comply with this Court's General Order 13-1; and (ii) entering such other and further relief as the Court deems necessary and appropriate.

Dated: February 24, 2025

Respectfully submitted,

MARKUS WILLIAMS YOUNG & HUNSICKER LLC

By: */s/ Bradley T. Hunsicker*
Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
Lacey S. Bryan (Wyoming Bar No. 8-7016)
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
bhunsicker@MarkusWilliams.com
lbryan@MarkusWilliams.com

*Counsel for the Debtors and Debtors-in-Possession*

# CERTIFICATE OF SERVICE

The undersigned certifies that on February 24, 2025, true and correct copies of the **DEBTORS' MOTION TO STRIKE CREDITOR JOHN A. MCCALL, JR.'S MOTION TO CONVERT CASES TO CHAPTER 7 OR, IN THE ALTERNATIVE, TO REMOVE THE DEBTORS FROM BEING DEBTORS IN POSSESSION** and proposed order were filed and served as indicated below on the following:

**Via CM/ECF**

Joli A Lofstedt
joli@jaltrustee.com

Daniel J. Morse
daniel.j.morse@usdoj.gov

Clark D. Stith
clarkstith@wyolawyers.com,

US Trustee
USTPRegion19.cy.ecf@usdoj.gov

Dated: February 24, 2025                    */s/ Bradley T. Hunsicker*