Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
Lacey Bryan (Wyoming Bar No. 8-7016)
Markus Williams Young & Hunsicker LLC
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (303) 830-0809
bhunsicker@MarkusWilliams.com
lbryan@MarkusWilliams.com

ATTORNEYS FOR DEBTORS-IN-POSSESSION

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: <br><br> BOTW HOLDINGS, LLC <br><br> Debtor | Case No. 24-20138 <br> Chapter 11 (Subchapter V) |
| In re: <br><br> HUSKEMAW OPTICS, LLC <br><br> Debtor | Case No. 24-20141 <br> Chapter 11 (Subchapter V) |
| In re: <br><br> BEST OF THE WEST PRODUCTIONS, LLC <br><br> Debtor | Case No. 24-20142 <br> Chapter 11 (Subchapter V) <br><br> **Jointly Administered Under Case No. 24-20138** |

**APPLICATION FOR ENTRY OF AN ORDER (A) APPROVING EMPLOYMENT OF HATHAWAY & KUNZ, LLP AS SPECIAL LITIGATION COUNSEL (B) APPROVING SECURITY RETAINER AND (C) GRANTING RELATED RELIEF**

BOTW Holdings, LLC ("Holdings"), Huskemaw Optics, LLC ("Huskemaw"), and Best of the West Productions, LLC ("Productions") (collectively the "Debtors"), debtors and debtors-in-possession in the above-captioned jointly administered chapter 11 cases, by and through their undersigned counsel, hereby file this application requesting (A) authorization to employ Hathaway & Kunz, LLP ("HK") as special litigation counsel for Huskemaw in the Transfer Adversary, below defined; (B) approving the security retainer; and (C) granting related relief (the "Application"). In support hereof, the Debtors state as follows:[1]

## BACKGROUND

1. On April 19, 2024, Holdings separately filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On April 21, 2024, Huskemaw separately filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. On April 22, 2024, Productions separately filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors are authorized to operate their business and manage their properties as debtors-in-possession under §§ 1107(a) and 1108.

5. On April 24, 2024, the Court entered its *Order Directing Joint Administration of Related Chapter 11 Cases for Procedural Purposes Only and Entry of Related Relief* [Doc. 13, Case No. 24-20138 (the "Joint Admin Order")] pursuant to which

---

[1] Unless otherwise specified, all references herein to "Section," "§," "Bankruptcy Code" and "Code" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

the Debtors' chapter 11 cases are jointly administered for procedural purposes only under BOTW Holdings, LLC, case no. 24-20138.

6. On May 14, 2024, the Court entered a series of Orders approving the employment of Markus Williams Young & Hunsicker LLC ("MWYH") as counsel for the Debtors. *See*, Doc. 51; Case No. 24-20141, at Doc. 22; Case No. 24-20142, at Doc. 22. MWYH serves as counsel for the Debtors to date.

**A.**     *The Lien Adversary.*

7. On September 25, 2024, Debtors filed their *Adversary Complaint* [Doc. 171] against John A. McCall Jr. ("McCall") whereby the Debtors seek, among other things, relief as to the reach and extent of McCall's purported lien vis-à-vis assets belonging to Holdings and Huskemaw. *See*, Adv. Proc. No. 24-02010, styled as *BOTW Holdings, LLC, et al. v. John McCall Jr.* (the "Lien Adversary").

8. On October 28, 2024, in the Lien Adversary, McCall filed his Counterclaim and Third-Party Complaint, whereby, among other things, McCall asserted claims against Huskemaw, as counter-defendant, and non-debtor Best of the West Arms, LLC ("Arms") and non-debtor Best of the West Ammo, LLC ("Ammo"), as third-party defendants. *See,* Lien Adversary, Doc. 4.

9. On February 11, 2025, HK entered its appearance on the behalf of Arms and Ammo in the Lien Adversary. *See*, Lien Adversary, Docs. 13, 14.

**B.**     *The Transfer Adversary.*

10. On September 9, 2024, John A. McCall Jr. ("McCall") filed *Creditor John A. McCall, Jr.'s Motion for Derivative Standing to Pursue Fraudulent Transfer Claims on*

*Behalf of Best of the West Productions, LLC and Notice of Opportunity to Object* [Doc. 150], requesting that the Court confer derivative standing on him to pursue fraudulent transfer claims on the behalf of Productions against Huskemaw, Arms, and Ammo.

11. On September 27, 2024, McCall, at the relation of Productions, filed his *Adversary Complaint* [Doc. 175], whereby McCall asserted fraudulent transfer claims against Huskemaw, Arms, and Ammo.  *See,* Adv. Proc. No. 24-02011, styled as *John A. McCall Jr. v. Best of the West Arms, LLC, et al.* (the "Transfer Adversary").

12. On January 10, 2025, the Court entered its *Order Granting Motion for Derivative Standing to Pursue Fraudulent Transfer Claims on Behalf of Best of the West Productions, LLC* [Doc. 258].

13. On February 11, 2025, HK entered its appearance on the behalf of Arms and Ammo in the Transfer Adversary.  *See*, Transfer Adversary, Docs. 7, 8.

14. On March 6, 2025, McCall filed two (2) executed summonses, as to Huskemaw, by which McCall represented that Huskemaw had been properly served with process.  *See,* Transfer Adversary, Docs. 21, 22.

15. Given the direct, adversarial relation between Productions and Huskemaw in the Transfer Adversary, MWYH is precluded from representing Huskemaw in the Transfer Adversary.  *See*, Wyo. R. Prof. Conduct 1.7(a).

16. Therefore, it is necessary for Huskemaw to retain separate counsel for its representation in the Transfer Adversary.

17. Insofar as the interests of Huskemaw, on the one hand, and Arms and Ammo, on the other hand, are entirely aligned for purposes of the Transfer Adversary, it makes

sense for existent counsel for Arms and Ammo – HK – to also represent Huskemaw.  HK is already familiar with the subject matter of the Transfer Adversary, and the resulting efficiencies will inure to the benefit of Huskemaw and its estate.

## **RELIEF REQUESTED**

18. By this Application, the Debtors respectfully request entry of an order pursuant to §§ 327(a), 328(a), and 363(b), Fed. R. Bankr. P. 2014(a) and Local Rule 2014-1, effective to the date of this Application, (A) authorizing the employment of Hathaway & Kunz, LLP ("HK") as special litigation counsel for Huskemaw under the terms and conditions set forth in the Engagement Agreement, a true and accurate copy of which is attached hereto as **Exhibit 1**; (B) approving the security retainer in connection therewith; and (C) granting related relief.

19. For the avoidance of doubt, Debtors do not seek Court authorization for Huskemaw to retain HK as special litigation counsel in connection with the Lien Adversary.

## **BASIS FOR RELIEF REQUESTED**

20. Huskemaw has selected HK because of HK's multidisciplinary legal expertise and experience serving as special litigation counsel to parties in interest within complex commercial litigation matters.  Both these qualities are critically essentially to effectively represent Huskemaw in the Transfer Adversary.  Huskemaw believes that HK is well qualified to assist Huskemaw for this purpose and further believes that the proposed retention is in the best interest of Huskemaw's creditors and its bankruptcy estate.

21. HK has agreed to serve as special litigation counsel under the terms and

conditions of the Engagement Agreement.  Pursuant thereto, HK has agreed to serve as special litigation counsel for Huskemaw in the Transfer Adversary, which services will include the preparation and filing of pleadings, attendance at hearings, and provision of legal advice.

22. The attorneys of HK are duly admitted to practice law before this Court.  The Attorneys of HK are well qualified to represent Huskemaw in the Transfer Adversary, and HK has agreed to serve as special litigation counsel with all fees subject to review by this Court in accordance with applicable law and other orders of this Court.

23. To the best of the knowledge of the Debtors and HK, HK is a "disinterested person," as defined under § 101(14).  As explained in this Application and the Verified Statement of Lucas E. Buckley, attached hereto as **Exhibit 2**, pursuant to § 327(a) of the Bankruptcy Code, HK does not hold or represent any interest adverse to Huskemaw's estate or any other party in interest excepted as disclosed in the Verified Statement.

24. As set forth in the Verified Statement, HK is currently representing Arms and Ammo in connection with the Transfer Adversary and the Lien Adversary.  However, there is no adversarial relationship between Arms and Ammo, on the one hand, and Huskemaw, on the other hand, in either the Transfer Adversary or the Lien Adversary.

25. HK has conducted an examination using the firm's internal conflict checking procedure of all of the creditors of Huskemaw and other parties in interest to determine whether HK represented them in connection with HK or in other matters.  Except as set forth herein and in the Verified Statement, to the best of HK's knowledge, HK has not represented entities that are creditors or parties in interest (or affiliates of creditors and

parties in interest) of Huskemaw. HK will promptly disclose any material developments regarding Huskemaw or any other pertinent relationship that comes to HK's attention by way of a supplemental attorney declaration.

26. Mr. Lucas Buckley of HK will be the lead attorney in charge of this representation. Subject to the Court's approval, HK professionals shall perform the services described herein at the following hourly rates:

| | |
|---|---|
| Lucas Buckley, Attorney | $450.00 per hour |
| Melissa Burke, Attorney | $350.00 per hour |
| Senior Associates, Attorney | $350.00 per hour |
| Junior Associates, Attorney | $295.00 per hour |
| Legal Assistants | $125.00 per hour |

27. Additionally, in performing the services, HK will be advancing reasonable and/or necessary out-of-pocket expenses, for which Huskemaw will be obligated to reimburse HK.

28. Pursuant to the Engagement Agreement, HK has received a retainer in connection with this proposed engagement in the amount of $12,500.00 (the "Retainer") from HK. In the event the case is converted to a chapter 7 proceeding, the security interest in the Retainer may enable HK to receive payment of its fees and expenses to the extent of the retainer while other administrative expenses remain unpaid. Any sums remaining at the close of the representation will be refunded to Huskemaw. There are no liens or interests in the Retainer other than the security interest claimed by HK.

29. All fees and expenses of HK will be paid only upon approval by the Court after a request made in accordance with the Bankruptcy Code, applicable rules, and other orders of this Court. No agreement or understanded exists between HK and any other entity

for the sharing of compensation so awarded, except as such compensation will be shared or otherwise distributed among the employees and owners of HK as permitted under § 504(b)(1).

30. The Debtors assert that the order approving retention is properly made effective as of the date of the instant Application.

## NOTICE

31. In accordance with Local Rule 2014-1, a copy of this Application, the attachments thereto, notice, and proposed order will be served electronically via the Court's CM/ECF system upon the Office of the United States Trustee. The Debtors shall further provide a copy of the notice of this Application upon the parties listed in the Debtors' limited notice matrix.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form of the proposed order attached hereto: (A) authorizing the employment of Hathaway & Kunz, LLP as special litigation counsel for Huskemaw in the Transfer Adversary, effective as of the date of the filing of this Application; (B) approving the Retainer; and (C) granting such other and further relief as the Court deems just and proper.

Dated: March 19, 2025

MARKUS WILLIAMS YOUNG & HUNSICKER LLC

By: /s/ *Bradley T. Hunsicker*
Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
bhunsicker@MarkusWilliams.com

*Counsel for the Debtors and Debtors-in-Possession*

4922-7280-4138, v. 1