Clark Stith
505 Broadway
Rock Springs, WY 82901
clarkstith@wyolawyers.com
Phone: (307) 382-5565
Fax: (307) 382-5552
W.S.B. 6-3176
Attorney for Creditor John A. McCall, Jr.

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: BOTW Holdings, LLC<br><br>Debtor. | Case No. 24-20138<br>Chapter 11 |
| In re: HUSKEMAW OPTICS, LLC | Case No. 24-20141<br>Chapter 11 |
| In re: BEST OF THE WEST PRODUCTIONS, LLC | Case No. 24-20142<br>Chapter 11 |

**CREDITOR JOHN A. MCCALL. JR.'S MOTION FOR AN ORDER REQUIRING ADEQUATE PROTECTION IN ACCORDANCE WITH SECTION 363(E) OF THE BANKRUPTCY CODE**

Pursuant to 11 U.S.C. § 363(c) and § 363(e) of the Bankruptcy Code, Secured Creditor John A. McCall, Jr. ("Creditor" or "McCall"), hereby moves the Court for an order requiring the Debtors to make adequate protection payments and hereby files this objection to the Debtors' continued use of cash collateral (the "Motion for Adequate Protection") or the "Motion").

I. **Background**

Creditor is the holder of a secured claim against the Debtors. [Proof of Claim No. 7-1 in Case No. 24-20138, Proof of Claim No. 3-1 in Case No. 24-20141 and Proof of Claim No. 3-1 I case No. 24-20142]. Creditor previously notified the Debtors that he does not consent to the Debtors' use of Cash Collateral in this case. [Dkt. No. 352, Notice of Non-Consent to Use of Cash Collateral]. Despite making clear to the Debtors Creditor's non-consent to the use of cash collateral, the Debtors continued to use cash collateral without seeking Court approval as required in Section 363(c)(2) of the Bankruptcy Code.[1] The Debtors' use of cash collateral has decreased the value of Creditor's interest in property and has caused damage to Creditor, particularly when the evidence is clear that the Debtors' are liquidating assets and inventory and not replenishing inventory.

II. **Bases for the Adequate Protection Payments**

Creditor has a secured lien on the Debtors' assets and inventory. [POC, 7-1]. The lien extends to the Debtors' cash collateral. Furthermore, the Debtors are continuing

---

[1] Creditor hereby incorporates by reference the *Notice of Non-Consent to Debtors' Use of Cash Collateral* into this Motion for Adequate Protection [Dkt. No. 352}, attached hereto as Exhibit A.

2

the liquidate inventory and are not replenishing inventory which serves as collateral for Creditor's secured claim.  Creditor has made numerous written requests to the Debtors' counsel for adequate protection payments but all requests have been ignored or refused. For these reasons, adequate protection is required under Section 363(c) of the Bankruptcy Code.  As the court is aware from multiple prior filings in these consolidated cases, the Creditor's security interest in the cash collateral is based on the security interest that debtor Best of the West Productions, LLC ("Productions") granted to Creditor's predecessor in interest Wells Fargo Bank N.A. ("Wells Fargo") in 2016.  Debtors have tacitly admitted that BOTW Holdings, LLC and its subsidiaries Huskemaw Optics, LLC, Best of the West Arms, LLC, Best of the West Ammo, LLC and The Long Range Store, LLC (collectively, the "BOTW Entities") are the alter egos of Productions.  Specifically, debtors have admitted the following:

> Under the BOTW Entities' existing cash management system, and due to the nature of the BOTW Entities' business enterprise, funds are routinely transferred among the BOTW Entities' accounts (through Holdings' account) to account for, among other things, the payment of certain expenses and payroll by Debtor Holdings for all operating subsidiaries. For example, if Arms was in need of funds to pay for a certain expense, and Ammo had funds available to pay for such expense, funds may be transferred from Ammo's account to Holdings' account, and then from Holdings' account to Arms' account so that Arms could pay for such expense.

3

See "Motion To Substantively Consolidate BOTW Holdings, LLC; Huskemaw Optics, LLCc; Best Of The West Productions, LLC, Best Of The West Arms, LLC; Best Of The West Ammo, LLC And Long Range Store, LLC", at ¶13 (ECF NO. 286).  Debtors have accordingly moved the court to substantively consolidate all of the BOTW Entities.  *Id.*

Because these entities are alter egos of Productions, Creditor's lien extends to all of their assets, including after acquired assets and the cash proceeds thereof.  This should not be controversial.  It is, after all, the treatment that Debtors themselves have proposed in their still pending subchapter V chapter 11 plan.  *See* Joint Chapter 11 Subchapter V Plan Of Reorganization (ECF No. 293)**,** §5.3 ("For purposes of this Plan only, the Secured Claim of McCall is treated as an Allowed Secured Claim against all assets of the BOTW Consolidated Estate").

The underlying collateral is diminishing in value at the astonishing rate of over $130,000 per month.  Specifically, at the hearing on Creditor's Motion To Convert Case, Debtors admitted that approximately $1.7 million of inventory, approximately one-third of the total, had been depleted since the Petition Date.  There has not been, however, a corresponding increase in cash on hand, which as of March 31, 2025 had shrunk to just $20,062 for Arms, $5,009.14 for Ammo, $0.00 for The Long Range Store, LLC, $20,319.18 for BOTW Holdings LLC, 19,438.25 for Huskemaw Optics, LLC and $520.25 for Productions, for a grand total of $65,348.12.  *See* Periodic Report Regarding Value, Operations, and Profitability of Entities in Which the Debtor's Estate Holds a Substantial or Controlling Interest dated April 16, 2025 (ECF No. 395); BOTW Holdings

4

Monthly Operating Report ("MOR") for March 2025 (ECF No. 409); Huskemaw Optics, LLC MOR for March 2025 (ECF No. 53 in Case No. 24-20141); Productions' MOR for April 2025 (ECF No. 57 in Case No. 24-20142). Nor have the debtors acquired any additional equipment, machinery or real property. After selling over $1.7 million worth of inventory, Debtors have just $65,348.12 to show for it. This amounts to a rate of depletion in the value of the collateral of approximately $136,000 per month.

### III. The Legal Standard for this Motion for Adequate Protection

The legal grounds for this Motion are as follows:

> 11 U.S.C. § 363(c)(2) provides:
>
> The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless—
>
> (A) each entity that has an interest in such cash collateral consents; or
>
> (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

11 U.S.C. § 363(c)(2).

> 11 U.S.C. §363(e) provides:
>
> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. This subsection also applies to property that is subject to any

5

unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362).

11 U.S.C.S. § 363

Because of the Debtors' non-compliance with Section 363(c)(2) of the Code and the unauthorized use of cash collateral, Creditor also seeks a replacement lien on all of the Debtors' assets to the extent of the diminution of the value of the estates since the petition date. At a minimum, the court should order Debtors to pay Creditor the sum proposed in Debtors' subchapter V Plan filed February 14, 2025 in the amount of $32,344.53 per month. *See* ECF No,. 293-1 (Debtors' Consolidated Forecast with proposed payments to Creditor in the amount of $32,344.53 per month).

**Conclusion**

For the foregoing reasons, Creditor John A. McCall, Jr. requests that the Court order the Debtors to begin making adequate protection payments with an effective date of June 1, 2025 and requests a replacement lien on Debtors' assets including chapter 5 causes of action and for all additional relief to which Creditor is entitled.

A proposed Order is attached.

**NOTICE OF TIME TO OBJECT**

YOU ARE HEREBY NOTIFIED that if you desire to oppose this Motion For An Order Requiring Adequate Protection In Accordance With Section 363(e) Of The Bankruptcy Code, you are required to file with this Court and serve on Clark Stith Attorney, attorney for the Movant, whose address is shown above, a written objection to the Motion on or before August 18, 2025, or relief requested may be granted by the Court.

DATED: July 30, 2025.

        JOHN A. MCCALL, JR., Creditor

        __/s/ Clark Stith_____
        Clark Stith
        505 Broadway
        Rock Springs, WY 82901
        clarkstith@wyolawyers.com
        Phone: (307) 382-5565
        Fax: (307) 382-5552
        W.S.B. 6-3176
        Attorney for Creditor John A. McCall, Jr.

## CERTIFICATE OF SERVICE

I certify that, on July 30, 2025, I served the foregoing: **CREDITOR JOHN A. MCCALL, JR.'S MOTION FOR AN ORDER REQUIRING ADEQUATE PROTECTION IN ACCORDANCE WITH SECTION 363(E) OF THE BANKRUPTCY CODE** (the "Motion") and proposed order, with the United States Bankruptcy Court for the District of Wyoming by using the CM/ECF system and by United Sates mail, postage prepaid, on all secured creditors and creditors who have filed proofs of claim in any of the Bankruptcy Cases, as that term is defined in the Motion. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system:

Bradley T. Hunsicker
Markus Williams Young & Hunsicker, LLC
2120 Carey Avenue, Suite 101Cheyenne, WY 82001

Joli A. Loftstedt
PO BOX 270561
Louisville, CO 80027

Daniel J. Morse
308 West 21st Street
Room 203
Cheyenne, WY, 82001-3669

/s/Clark D. Stith
Clark D. Stith

8