Clark Stith
505 Broadway
Rock Springs, WY 82901
clarkstith@wyolawyers.com
Phone: (307) 382-5565
Fax: (307) 382-5552
W.S.B. 6-3176
Attorney for Creditor John A. McCall, Jr.

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re:<br><br>BOTW Holdings, LLC<br><br>Debtor. | Case No. 24- 20138<br>Chapter 11 |
| In re:<br><br>HUSKEMAW OPTICS, LLC | Case No. 24- 20141<br>Chapter 11 |
| In re:<br><br>BEST OF THE WEST PRODUCTIONS, LLC | Case No. 24- 20142<br>Chapter 11 |

**CREDITOR JOHN A. MCCALL, JR.'S MOTION TO RECONSIDER
THE COURT'S OCTOBER 30, 2025 ORDER GRANTING *EX PARTE* MOTION
FOR ORDER AUTHORIZING EXAMINATIONS PURSUANT TO
BANKRUPTCY RULE 2004**

Creditor John A. McCall, Jr. hereby moves for reconsideration of the Court's October 30, 2025 Order Granting *Ex Parte* Motion For Order Authorizing Examinations Pursuant To Bankruptcy Rule 2004 (the "Order"). The grounds for this Motion are as follows:

Debtors' Ex Parte Motion ("2004 Motion") asked the court to approve a fishing expedition of the "McCall Entities", which is defined to include Aaron Davidson, Jon Edwards, Kelly Nicol, Randy Hargrove, Curtis Starr, Matthew Burgess, Loran Kelley, Joe Cunningham, Wade Brown, Stealth Vision, LLC and SCK Longrange Supplies LLC. According to the Motion, "[t]he examination[s] will relate to the details and extent of the McCall Entities' communications and interference with Debtors' business associates and operations, and other matters relevant to the case, including any matter that may affect the administration of the Debtors' estates." As discussed below, there is good cause to reconsider the Order authorizing this fishing expedition.

This motion is in substance a motion for protective order, and the parties seeking the examination (Debtors) bear the burden of producing evidence that there is good cause to conduct the 2004 examinations. *In re Buick*, 174 B.R. 299, 304 (Bankr. D. Colo. 1994); *Matter of Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985).

I. **The Pending Litigation Rule Precludes Use Of Rule 2004**.

Debtors' subchapter V chapter 11 plan confirmation hearing is scheduled for December 17, 2025. Creditor McCall has filed objections to the plan. *See* ECF No. 526. Under the pending litigation rule, L.B.R. 2004-1, "[a] Rule 2004 examination should not

2

be used to conduct discovery in an adversary proceeding or a contested matter." As there is a contested matter between the parties related to plan confirmation, Rule 2004 should not be used for discovery. *In re Roman Catholic Church of the Diocese of Gallup*, 513 B.R. 761, 765 (Bankr. D. N.M. 2014) ("If an adversary proceeding or contested matter is pending, the discovery rules of civil procedure should be used, rather than Rule 2004 examinations.").

In addition to the contested matter regarding the plan, there are now four adversary proceedings between the parties. They are Case No. 24-02005 (the "Objection To Discharge Adversary"), Case No. 24-02010 (the "Lien Adversary"), Case No. 24-02011 (the "Fraudulent Transfer Adversary") and Case No. 25-02020 (the "Texas RICO Injunction Adversary"). Under the pending litigation rule

> Where a party requests a Rule 2004 examination and an adversary proceeding or other litigation in another forum is pending between the parties, the relevant inquiry is whether the Rule 2004 examination will lead to the discovery of evidence related to the pending proceeding or whether the requested examination seeks to discover evidence unrelated to the pending proceeding.

*In re Brooke Corp.*, 2013 Bankr. LEXIS 3033, *10 (Bankr. D. Kan. July 29, 2013) (quoting *In re Wash. Mut., Inc.*, 408 B.R. at 51).

In the present case the proposed examinations relate not just to the contested matter of plan confirmation, but are also related to the claims in the Texas RICO Injunction Adversary case, where the gravamen of the complaint is that McCall has

3

engaged in bad conduct that disrupts debtors' efforts to reorganize – the very subject of the proposed 2004 examinations. *See* ECF No. 1, Texas RICO Injunction Adversary, Case No. 25-02020, ¶126 ("The filing of the Civil Claims is a continuation of McCall's aggressive campaign of parallel litigation and extrajudicial pressure, rather than pursuing his claims through the orderly process of the Bankruptcy Court.").

In addition to the bankruptcy cases, there are four other legal proceedings involving either insiders or affiliates of the debtors, two civil and two criminal (collectively, the :"Texas Cases") . They are: *State v. Edwards*, Case No. 24- CR-191 (Tex. 349th Dist., 2024), *State v. Myers*, Case No. 24- CR-191 (Tex. 349th Dist., 2024),, *Stealth Vision, LLC v. Best of the West Arms, LLC and Stryk Group USA LLC*, Case No. 25-CV-00006 (E.,D. Tex., filed Jan. 13, 2025)(the "Trademark Litigation"); Case NO, and *McCall, et al. v. Edwards, et al*., Case No. 9:25-cv-00091 (E.D. Tex., filed March 5, 2025) (the "Texas RICO Litigation"). All of these cases involve the so-called "interference" alleged by the debtors. Debtors should not be allowed to circumvent the normal rules of discovery in the adversary cases and the Texas Cases by conducting rule 2004 examinations. With a total of 11 pending cases (3 main bankruptcy, four adversary and the four Texas cases), the time for fishing is over. The Texas criminal cases have their own rules for discovery, and Debtors' 2004 Motion appears designed to conduct discovery for use in the Texas criminal cases outside the rules for such discovery.

Under the pending litigation rule, the Order should be vacated.

4

II.     **The Debtors' 2004 Motion Is Overly Broad**.

The Debtors' 2004 Motion and the corresponding Order are overly broad in scope. There is no apparent reason why any of the individuals named should be subjected to a Rule 2004 examination. If they are designed to support debtors' request that McCall's claim be equitably subordinated under the debtors' plan or reorganization, then the Order should be vacated because debtors lack standing to pursue a claim of equitable subordination, where the primary complaint is McCall's treatment of non-debtor insiders Jeff Edwards and Chase Myers and the Plan seeks to subordinate his entire claim, secured and unsecured, to those of all other unsecured creditors. "The doctrine of equitable subordination is remedial, not penal, in nature and 'should be applied only to the extent necessary to offset the specific harm that the **creditors** suffered on account of the inequitable conduct.'" *Energy Income Fund, L.P. v. Compression Sols., Co., L.L.C. (In re Magnolia Gas Co., L.L.C.)*, 255 B.R. 900, 924 (Bankr. W.D. Okla. 2000)(quoting *Fabricators, Inc. v. Technical Fabricators, Inc. (In re Fabricators, Inc.)*, 926 F.2d 1458, 1464 (5th Cir. 1991)). "The fundamental aim of equitable subordination is 'to undo or offset any inequality in the claimed position of a *creditor* that will produce injustice or unfairness to other creditors in terms of the bankruptcy results. . . [t]hus, the proper party to seek equitable subordination is the creditor or the trustee acting as representative of the creditor, not the debtor." *In re Weeks*, 28 B.R. 958, 960 (Bankr. W.D. Okla. 1983)(quoting *Westgate-California Corporation v. First National Finance Corporation,* 650 F.2d 1040 (9th Cir. 1981)). *In re Weeks*, 28 B.R. 958, 960 (Bankr.

W.D. Okla. 1983), the court held "[t]he debtors have no standing to raise the doctrine" of equitable subordination.

Equitable subordination is properly applied to the acts of creditors who are insiders who effectively control the debtor and thus engage in inequitable conduct that gives them an advantage over other creditors. *Tilton v. MBIA Inc. (In re Zohar III, Corp.)*, 639 B.R. 73, 91 (Bankr. D. Del. 2022)("[T]he most important factor in determining if a claimant has engaged in inequitable conduct for the purposes of equitable subordination is whether the claimant was an insider or outsider in relation to the debtor at the time of the act. This is because the degree of inequitable conduct sufficient to justify the application of equitable subordination is dependent on the creditor's status at the time of the act"). "Courts generally recognize three categories of misconduct that constitute inequitable conduct: (1) fraud, illegality, and breach of fiduciary duties; (2) undercapitalization; or (3) claimant's use of the debtor as a mere instrumentality or alter ego." *Id.* None of these apply to McCall because he is not an insider of the debtors.

If harm to the debtors is supposed to be the focus of the 2004 examinations, then the choice of individuals to examine is strange. Chase Myers has already testified that debtors have lost no suppliers as a result of McCall's conduct. Mr. Myers testified that he is unaware of any customers or potential customers that have chosen not to purchase debtors' goods because of McCall's conduct. One would think that the debtors' suppliers, vendors and customers would be the subject of such examination, but here,

6

none of the individuals labeled as the "McCall Entities" fall into those categories. Because of the overbreadth of the 2004 Motin and Order, the Court should at a minimum limit such examinations to those that might lead to the discovery of admissible evidence at debtors' plan confirmation hearing.

    For the foregoing reasons, the requested 2004 examinations should not be allowed.

    A proposed order is attached.

    DATED: November 6, 2025.

                              __/s/ Clark Stith_____
                              Clark Stith
                              505 Broadway
                              Rock Springs, WY 82901
                              clarkstith@wyolawyers.com
                              Phone: (307) 382-5565
                              Fax: (307) 382-5552
                              W.S.B. 6-3176
                              Attorney for Creditor John A. McCall, Jr.

**CERTIFICATE OF SERVICE**

      I certify that, on November 6, 2025, I served the foregoing **CREDITOR JOHN A. MCCALL, JR.'S MOTION TO RECONSIDER THE COURT'S OCTOBER 30, 2025 ORDER GRANTING *EX PARTE* MOTION FOR ORDER AUTHORIZING EXAMINATIONS PURSUANT TO BANKRUPTCY RULE 2004** (the "Motion") and proposed order, with the United States Bankruptcy Court for the District of Wyoming by using the CM/ECF system on the following::

| | |
|---|---|
| Bradley T. Hunsicker<br>Markus Williams Young & Hunsicker, LLC<br>2120 Carey Avenue, Suite 101Cheyenne, WY 82001 | Joli A. Loftstedt<br>PO BOX 270561<br>Louisville, CO 80027 |

Daniel J. Morse
308 West 21st Street
Room 203
Cheyenne, WY, 82001-3669

                      /s/Clark D. Stith
                      Clark D. Stith

8