Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
Lacey Bryan (Wyoming Bar No. 8-7016)
Markus Williams Young & Hunsicker LLC
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (303) 830-0809
bhunsicker@MarkusWilliams.com
lbryan@MarkusWilliams.com

ATTORNEYS FOR DEBTORS-IN-POSSESSION

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re:<br><br>BOTW HOLDINGS, LLC<br><br>Debtor | Case No. 24-20138<br>Chapter 11 (Subchapter V) |
| In re:<br><br>HUSKEMAW OPTICS, LLC<br><br>Debtor | Case No. 24-20141<br>Chapter 11 (Subchapter V) |
| In re:<br><br>BEST OF THE WEST PRODUCTIONS, LLC<br><br>Debtor | Case No. 24-20142<br>Chapter 11 (Subchapter V)<br><br>**Jointly Administered Under Case No. 24-20138** |

**MOTION FOR EXPEDITED HEARING ON MOTION TO RECONSIDER THE COURT'S OCTOBER 30, 2025 ORDER GRANTING *EX PARTE* MOTION FOR ORDER AUTHORIZING EXAMINATIONS PURSUANT TO BANKRUPTCY RULE 2004**

1

BOTW Holdings, LLC ("Holdings"), Huskemaw Optics, LLC ("Huskemaw"), and Best of the West Productions, LLC ("Productions") (collectively the "Debtors"), debtors and debtors-in-possession in the above-captioned jointly administered chapter 11 cases, by and through undersigned counsel, and pursuant to Local Rule 9013-1(B)(3), hereby file this *Motion for Expedited Hearing on* (the "Motion") requesting that the Court set an expedited hearing on Creditor John A. McCall, Jr.'s ("McCall's") *Motion to Reconsider the Court's October 30, 2025 Order Granting* Ex Parte *Motion for Order Authorizing Examinations Pursuant to Bankruptcy Rule 2004* (the "Motion to Reconsider") as state as follows:[1]

## BACKGROUND

1. On April 19, 2024, Holdings separately filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On April 21, 2024, Huskemaw separately filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. On April 22, 2024, Productions separately filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors are authorized to operate their business and manage their properties as debtors-in-possession under §§ 1107(a) and 1108.

5. John A. McCall filed proofs of claim in each of the Debtors' cases on June

---

[1] Unless otherwise specified, all references herein to "Section," "§," "Bankruptcy Code" and "Code" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

2

21, 2024, asserting a total claim in the amount of $4,598,146.00, of which $2,751,656.00 was asserted as a secured claim (the "McCall Claim").

6. On September 12, 2025, the Debtors filed the *Amended Joint Chapter 11 Subchapter V Plan of Reorganization Dated September 12, 2025* (the "Plan"). [Doc. 483].

7. In the Plan, among other things, the Debtors request equitable subordination of the McCall Claim pursuant to § 510(c).

8. The Court entered the *Order Setting Hearing on Confirmation of Amended Joint Chapter 11 Subchapter V Plan of Reorganization Dated September 12, 2025*, on September 24, 2025 ("Order Setting Hearing") [Doc. 488], establishing November 21, 2025 as the deadline for objections to the Plan (the "Objection Deadline") and scheduling an evidentiary confirmation hearing (the "Confirmation Hearing") for December 17, 2025, continuing through December 19, 2025, as necessary.

9. On October 29, 2025, the Debtors filed the *Debtor's* Ex Parte *Motion for Order Authorizing Examinations Pursuant to Bankruptcy Rule 2004* (the "2004 Exam Motion") [Doc. 522], requesting authority to conduct examination of various individuals and entities relating to McCall's actions regarding the Debtors, the Debtors' operations, and/or the Debtors' business relationships generally taken after the Petition Date in these cases.

10. On October 30, 2025, the Court entered the *Order Granting* Ex Parte *Motion for Order Authorizing Examinations Pursuant to Bankruptcy Rule 2004* (the "2004 Exam Order") [Doc. 524], granting the 2004 Exam Motion.

11. The Debtors began issuing and arranging for service of subpoenas shortly

thereafter to all individuals and entities named in the 2004 Exam Order, including McCall and his company Stealth Vision, LLC ("Stealth"), as counsel for McCall and Stealth refused to respond to a request to waive and accept service of subpoenas on behalf of their clients. Responses to such subpoenas are required to be provided within fourteen (14) days of service of the same.

12. On November 6, 2025, over two weeks prior to the Objection Deadline, McCall filed his *Creditor John A. McCall, Jr.'s Objections to Debtors' Joint Amended Chapter 11 Subchapter V Plan of Reorganization Dated September 12, 2025* (the "McCall Plan Objection"). [Doc. 526].

13. The same day, McCall filed the Motion to Reconsider.

14. In the Motion to Reconsider, McCall asserts the requested examinations "should not be allowed" citing, among other things, the "pending litigation rule" based in part on the contested confirmation matter created by the McCall Plan Objection.

15. In light of the timing limitations involved with the Confirmation Hearing and the arguments raised in the Motion to Reconsider, the Debtors believe it prudent to request the Court set an expedited hearing on the Motion to Reconsider in order to promptly resolve any issues with the Debtors' requested examinations.

## RELIEF REQUESTED

16. By this Motion, the Debtors request entry of an order pursuant to § 105(a) and Local Rule 9013-1(B)(3) setting an expedited hearing on McCall's Motion to Reconsider.

4

## BASIS FOR RELIEF REQUESTED

17.     Pursuant to Local Rule 9013(B)(3), a party may request an expedited hearing on a matter which may be granted by the Court for "good cause."

18.     Good cause exists to grant the instant Motion. The Confirmation Hearing is presently scheduled to commence on December 17, 2025, just over one month away. Insofar as the Debtors desire to conduct discovery prior to such evidentiary hearing, the Court's guidance and decision as to the Motion to Reconsider is required in short order. While the Debtors do not believe there are any grounds to limit the requested discovery or otherwise reconsider the Court's 2004 Exam Order, if the Court is inclined to grant the Motion to Reconsider, the Debtors will need to issue formal discovery requests pursuant to Fed. R. Bankr. P. 9014(c)(1) almost immediately insofar as, unless ordered otherwise by the Court, such requests require a longer response period than that contemplated by the discovery currently requested pursuant to Fed. R. Bankr. P. 2004.

## CONCLUSION

WHEREFORE, the Debtors respectfully request the Court grant the relief requested herein.

Dated: November 10, 2025
Cheyenne, Wyoming

Respectfully submitted,

MARKUS WILLIAMS YOUNG
& HUNSICKER LLC

By: */s/ Bradley T. Hunsicker*
Bradley T. Hunsicker (Wyo. Bar No. 7-4579)
Lacey .S. Bryan, (Wyo. Bar No. 8-7016)
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (303) 830-0809
bhunsicker@markuswilliams.com
lbryan@markuswilliams.com

*Counsel for the Debtors and Debtors-in-Possession*

5

# CERTIFICATE OF SERVICE

The undersigned certifies that on November 10, 2025 a copy of the **Motion for Expedited Hearing on Motion for Reconsideration of Orders Authorizing Examinations Under Fed. R. Bankr. P. 2004**, was electronically filed and served via CM/ECF on the parties listed below:

Lucas Buckley
lbuckley@hkwyolaw.com, chough@hkwyolaw.com

Melissa K Burke
mburke@hkwyolaw.com, chough@hkwyolaw.com

Jen Godonis
jgodonis@crowleyfleck.com, twillingham@crowleyfleck.com

Cole L. Gustafson
cole@davisandcannon.com


Kari Hartman
khartman@hkwyolaw.com

Kirk Kennedy
kkennedy@kennedyfirmtexas.com

Joli A Lofstedt
joli@jaltrustee.com, ecf.alert+LofstedtWYB@titlexi.com,brenda@jaltrustee.com

Daniel J. Morse
daniel.j.morse@usdoj.gov

Randy L. Royal
rlroyal@randylroyalpc.com,
wy03@ecfcbis.com;charlene@randylroyalpc.com;msanderton@randylroyalpc.com;receptionist@randylroyalpc.com;royalrr83485@notify.bestcase.com

Clark D. Stith
clarkstith@wyolawyers.com, valerieross@wyolawyers.com;r39368@notify.bestcase.com

US Trustee

USTPRegion19.cy.ecf@usdoj.gov

Robert J. Walker
Robert@WyoCounsel.com

Stephen R. Winship
steve@winshipandwinship.com,
billie@winshipandwinship.com;receptionist@winshipandwinship.com

Timothy L. Woznick
twoznick@crowleyfleck.com, Gallerheiligen@crowleyfleck.com

                                               /s/ *Bradley T. Hunsicker*
                                               Bradley T. Hunsicker