Clark Stith
505 Broadway
Rock Springs, WY 82901
clarkstith@wyolawyers.com
Phone: (307) 382-5565
Fax: (307) 382-5552
W.S.B. 6-3176
Attorney for Creditor John A. McCall, Jr.

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re:<br><br>    BOTW Holdings, LLC<br><br>        Debtor. | Case No. 24- 20138<br>Chapter 11 |
| In re:<br><br>    HUSKEMAW OPTICS, LLC | Case No. 24- 20141<br>Chapter 11 |
| In re:<br><br>    BEST OF THE WEST<br>PRODUCTIONS, LLC | Case No. 24- 20142<br>Chapter 11 |

**CREDITOR JOHN A. MCCALL, JR.'S MOTION FOR AN ORDER TO SHOW CAUSE RE CONTEMPT AND TO COMPEL STRYK GROUP USA LLC AND YELLOWSTONE NATURAL HOLDINGS COMPANY TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENAS**

Pursuant to 11 U.S.C. § 105(a), Fed. R. Bank. P. 9016 and Fed. R. Civ. P. 45(g),

Creditor John A. McCall, Jr. ("Creditor" or "McCall") hereby moves the court for an order

directed to both Stryk Group USA LLC ("Stryk Group") and Yellowstone Natural Holdings Company ("Yellowstone") for an order to show cause why they should not be held in content for failing to produce any documents in response to subpoenas served on them, and for an order to compel production of the documents requested by the subpoenas. The grounds for this motion are as follows:

I. **Facts**

On September 12, 2025, the debtors filed an Amended Joint Chapter 11 Subchapter V Plan of Reorganization (the "Amended Joint Plan") in which debtors proposed, among other things, to equitably subordinate Creditor's entire claim, both first priority secured and unsecured, to a status below general allowed unsecured claims.. *See* ECF No. 483. On November 6, 2025, McCall filed his objections to the Amended Joint Plan. ECF No. 526. On November 21, 2025, McCall submitted supplemental objection to the Joint Amended Plan. *See* ECF No. 538. Relevant to the instant motion, McCall's objections to the Joint Amended Plan included debtors' unclean hands, failure to disclose compensation of the proposed management of the reorganized debtor, lack of good faith and a faulty liquidation analysis.

On February 18, 2025, debtors' COO Chase Myers testified under oath that debtor BOTW Holdings LLC paid $50,000.00 per month to Stryk Group because that amount was "the bare minimum Stryk Group USA needed to cover the costs of the folks that were working or were performing the tasks that were listed on, you know, Exhibit A [the contract between BOTW Holdings and Styrk Group]." Declaration of Clark Stith ("Stith Decl."),

2

Exh. A, at 25:23-25, 36:1-4 (transcript of February 18, 2025 hearing). Mr. Myers testified that he is not an employee of BOTW Holdings, LLC or its affiliates and receives no compensation from the debtors or their affiliates. Stith Decl., Exh. A, at 66:16-21, 67:17-22. Mr. Myers testified that he is compensated by Yellowstone Natural Holdings Company for his work for the debtors. *Id.* at 91:6-10. Specifically, the following colloquy took place:

> Q: You talked about all the people who don't pay your paycheck. Who does pay for your services? Or are you a complete volunteer for what you do?
>
> A: [By Mr. Myers]: Yellowstone Natural Holdings.

Stith Decl., Exh. A (transcript of February 18, 2025 hearing) at 91:6-10.

Mr. Myers testified that the services performed under the Stryk Group contract for debtor BOTW Holdings are performed by employees of Stryk Group's affiliate, Yellowstone Natural Holdings Company, because Stryk Group itself has no employees. Stith Decl., Exh. A. Transcript at 27:10-12, 32:8-14.

On November 18, 2025, McCall issued two subpoenas duces tecum, one to Stryk Group USA LLC ("Stryk Group Subpoena") and the other to Yellowstone Natural Holdings Company ("Yellowstone Subpoena"). *See* Declaration of Clark Stith ("Stith Decl."), Exh B (Stryk Group Subpoena), Exh. C (Yellowstone Subpoena). The subpoenas requested documents regarding payments between Stryk Group and Yellowstone, as well as payments by Yellowstone to debtor's COO Chase Myers and the Michaltezes, as well

3

as the "shareholder agreement(s), if any, among the shareholders of Yellowstone Natural Holdings Company." *Id*., Exh. B, at 3; id., Exh. C, at 3. Request No. 1 of the Stryk Group subpoena requested the following:

1. Any and all documents constituting or evidencing payments by Stryk Group USA, LLC to Yellowstone Natural Holdings Company during the period April 1, 2024 through the present.

Stith Decl., Exh. B, at 3.

Request No. 6 of the Stryk Group subpoena requested the following:

6. Any and all documents constituting, evidencing or relating to how the proceeds of the payments by BOTW Holdings, LLC to Stryk Group USA, LLC have been used during the period April 19, 2024 through the present.

Stith Decl., Exh. B, at 3.

Request No. 3 of the Yellowstone Natural Holdings subpoena requested the following:

3. Any and all documents constituting or evidencing payments by Yellowstone Natural Holdings Company to Charles "Chase" Myers during the period April 1, 2024 through the present.

Stith Decl., Exh. C, at 3.

Request 6 and 7 of the Yellowstone Subpoena requested the following:

6. Any and all documents constituting, evidencing or relating to how the proceeds of the payments by BOTW Holdings, LLC to Stryk Group USA, LLC, which were then paid, in whole or in part, to Yellowstone Natural Holdings Company, have been used during the period April 19, 2024 through the present.

7. Any and all documents constituting, evidencing or relating to payments from Stryk Group USA, LLC to Yellowstone Natural Holdings Company out of proceeds paid to Stryk Group USA LLC from BOTW Holdings, LLC that were not used to provide services to BOTW Holdings or any of its affiliates or subsidiaries.

Stith Decl., Exh. C, at 3.

4

By two letters dated December 1, 2026, counsel for Stryk Group and Yellowstone refused to produce any documents in response to the subpoenas. Stith Decl., Exh. D (letter from Parker Kilgore to Clark Stith dated December 1, 2025, regarding Stryk Group Subpoena); *id.,* Exh. E (letter dated December 1, 2025 regarding Yellowstone Subpoena). Both letters claim that the requests are "overly broad, unduly burdensome and irrelevant." *Id*. Counsel for McCall made several attempts to confer in good faith with counsel for Yellowstone and Stryk Group. *See* Stith Decl., ¶¶4-5, Exh. F (email dated December 5, 2025); id. Exh. G (email dated January 8, 2026). On January 12, 2026, counsel for Creditor met and conferred by phone with counsel for Stryk Group and Yellowstone. Stith Dec., ¶ 8. From the call, counsel for Creditor was under the impression that documents would be produced on or before January 20, 2026. *Id.* On January 20, 2026, counsel for Styrk Group and Yellowstone emailed counsel for Creditor saying "[m]y clients' bookkeeper is still in the process of pulling together the payment information we discussed in response to the subpoenas. We intend to make a production once the information is collected in response to the subpoenas (subject to the objections we discussed)." Stith Decl., Exh. H.

On January 26, 2026, counsel for Stryk Group and Yellowstone disclosed, contrary to Mr. Mers testimony, that "Stryk Group has not made any payments to Yellowstone Natural Holdings." Stith Decl., Exh. I (email dated January 26, 2026 from Parker Kilgore to Clark Stith). Counsel for Stryk Group and Yellowstone further stated, also contrary to Mr. Myers testimony, that Chase Myers has not received any payments from Yellowstone Natural Holdings Company. *Id.* Given the discrepancy between Mr. Myers' testimony

5

and the position of counsel for Stryk Group and Yellowstone, counsel for Creditor requested that Stryk Group produce its bank statements for the relevant period, which would be responsive to Request No 6, which requested "Any and all documents constituting, evidencing or relating to how the proceeds of the payments by BOTW Holdings, LLC to Stryk Group USA, LLC have been used during the period April 19, 2024 through the present." Stith Decl. Exh, J (email dated January 29, 2026 from Clark Stith to Parker Kilgore). Counsel for Stryk Group and Yellowstone refused. Stith Decl., Exh. K (email dated February 5, 2026 from Parker Kilgore to Clark Stith). Mr. Kilgore, counsel for Stryk Group and Yellowstone, stated that Mr. Myers is paid by yet a different, previously undisclosed company, "Hi-Country Snack Foods," a subsidiary of Yellowstone Natural Holdings Company. Stith Decl., Exh. K. reading between the lines, it appears that Mr. Kilgore is stating that much, if not all, of the more than $1 million of the debtors' estates' funds paid by BOTW Holdings were paid to an undisclosed snack food company.

As of today, Stryk Group and Yellowstone have produced no documents in response to the subpoenas. Stith Decl., ¶12.

II. **The Legal Standard**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases through Fed. R. Bankr. P. 9016, "a non-party witness may be compelled by the issuance of a subpoena to produce documents or appear and testify at a deposition." *SEC v. Am. Pension Servs.*, No. 2:14-cv-309-RJS-DBP, 2014 U.S. Dist. LEXIS 154892, at 5-6 (D. Utah Oct. 31, 2014); *Simon v. Taylor*, Civ. No. 12-0096

JB/WPL, 2014 U.S. Dist. LEXIS 164774, 2014 WL 6633917, at 14 (D.N.M. Nov. 18, 2014) ("Discovery of non-parties must be conducted by subpoena pursuant to Fed. R. Civ. P. 45."); *Nelson v. State Farm Fire & Cas. Co.*, No. 19-907 RB/KK, 2020 U.S. Dist. LEXIS 231193, at *5 (D.N.M. Dec. 9, 2020); Fed. R. Bankr. P. 9016; Fed. R. Civ P. 45(a)(1)(A)(iii). "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). In addition, Rule 45(g) allows the court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

II. **The Court Should Issue an Order Compelling Production of the Requested Documents and to Show Cause Why Stryk Group and Yellowstone Has Not Produced the Requested Documents**.

The court should issue an order compelling Stryk Group and Yellowstone to produce the documents requested in the Stryk Group subpoena and the Yellowstone subpoena. If Mr. Kilgore's statements are true, then debtors, Styrk Group and Yellowstone have misled Creditor and the court concerning the actual use of the debtors' estate funds, now totaling over $1 million. The documents are relevant to the issues of unclean hands, the compensation paid to debtor's management, which are issue presented by the Joint Amended Plan and Creditor's objections thereto.

Stryk Group's and Yellowstone's objections to producing the documents are not well founded. In the letters sent by counsel, Stryk Group and Yellowstone rely upon this

7

court's prior ruling that Stryk Group is not a "professional" within the meaning of 11 U.SD.C. § 327 and that the monthly payments made by BOTW Holdings LLC to Stryk Group were made in the ordinary course of business. *See* Stith Decl., Exhs. C, D; ECF No. 388, at 10, 12. Given that the court's prior order was predicated upon testimony of the debtor's COO that may turn out not to be true in material respects, the court should enter an order compelling Stryk Group and Yellowstone to produce documents within their possession, custody or control responsive to the subpoenas.

Debtors' apparent lack of candor to the tribunal is relevant to Creditor's unclean hands defense and the documents are relevant and either directly admissible or may lead to the discovery of admissible evidence. Because counsel for Yellowstone has indicated that the documents may be in possession of a subsidiary of Yellowstone (also under its control), the order should extend to responsive documents in the possession of the previously undisclosed "Hi-Country Snack Foods."

A proposed order is attached.

    DATED: February 11, 2026.

                  JOHN A. MCALL, JR.
                  Creditor


                  __/s/ Clark Stith_____
                  Clark Stith
                  505 Broadway
                  Rock Springs, WY 82901
                  clarkstith@wyolawyers.com
                  Phone: (307) 382-5565
                  Fax: (307) 382-5552
                  W.S.B. 6-3176
                  Attorney for Creditor John A. McCall, Jr.

CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)

I certify that, on February 11, 2026, I electronically filed the foregoing **CREDITOR JOHN A. MCCALL, JR.'S MOTION FOR AN ORDER TO SHOW CAUSE RE CONTEMPT OR TO COMPEL STRYK GROUP USA LLC AND YELLOWSTONE NATURAL HOLDINGS COMPANY  TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENAS** with the United States Bankruptcy Court for the District of Wyoming by using the CM/ECF system.  I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system:

| | |
|---|---|
| Bradley T. Hunsicker<br>Markus Williams Young & Hunsicker, LLC<br>2120 Carey Avenue, Suite 101<br>Cheyenne, WY 82001 | Daniel J. Morse<br>308 West 21st Street,<br>Room 203<br>Cheyenne, WY, 82001-3669 |
| Joli A. Loftstedt<br>PO BOX 270561<br>Louisville, CO 80027 | |

I further certify that, on February 11, 2026, I  served the foregoing CREDITOR JOHN A. MCCALL, JR.'S MOTION FOR AN ORDER TO SHOW CAUSE RE CONTEMPT OR TO COMPEL STRYK GROUP USA LLC AND YELLOWSTONE NATURAL HOLDINGS COMPANY  TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENAS by United States mail, postage prepaid and addressed to:

    C. Parker Kilgore

    Jones Walker LLP

    445 North Boulevard, Suite 800

    Baton Rouge, LA 70802


And by email to: Kilgore, Parker <pkilgore@joneswalker.com>

                                  /s/Clark D. Stith
                                  Clark D. Stith